**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. <u>20-cv-1153</u>

MELISSA YOUNG, individually and on behalf
of others similarly situated,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

---

<u>PLAINTIFF'S CLASS ACTION COMPLAINT & JURY DEMAND</u>

---

      Plaintiff Melissa Young ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of her counsel and upon information and belief, except as to Plaintiff's allegations regarding her own actions which are based on personal knowledge.

## <u>NATURE OF THE ACTION</u>

      1.     This is a class action lawsuit regarding Defendant Frontier Airlines, Inc.'s ("Frontier" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

      2.     Given the outbreak of the coronavirus, Defendant has cancelled a vast percentage of their international and United States flights.  However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

      3.     The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19)

1

public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier.  The obligation of airlines to provide refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[1]  Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[2]

4.      Frontier is a low-cost airline and among the largest airlines in the United States. In 2019, Frontier carried over 21 million passengers.[3]  Frontier's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.[4]

---

[1] DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Apr. 10, 2020) (hereinafter "DOT NOTICE") (emphasis added).

[2] *See id.*

[3] DEP'T OF TRANSP., FRONTIER AIRLINES TRANSPORTATION STATISTICS, https://www.transtats.bts.gov/carriers.asp?Carrier=F9 (last accessed Apr. 22, 2020).

[4] Susan Glaser, *Frontier Airlines Cuts 90% of Capacity, Flying Only to Orlando from Cleveland Hopkins in April*, CLEVELAND.COM, Apr. 1, 2020, https://www.cleveland.com/business/2020/04/frontier-airlines-cuts-90-of-capacity-flying-only-to-orlando-from-cleveland-hopkins-in-april.html (last accessed Apr. 22, 2020).

5.      Defendant Frontier announced in April 2020 that it is "cutting more than 90% of flight capacity nationwide in April" and expects to only "be in a position to gradually build flight capacity back up to as much as 35% in May."[5]

6.      Plaintiff, like many other travelers, was scheduled to fly with Frontier on a round-trip between Myrtle Beach, South Carolina, and New York, New York.

7.      Plaintiff's flight was cancelled by Frontier due to the coronavirus travel restrictions.

8.      After receiving the cancellation e-mail, Plaintiff immediately requested a cash refund from Frontier.  A Frontier customer service representative informed Plaintiff that she would receive said refund.  However, the refund never came.

9.      After waiting two weeks, Plaintiff called Frontier to check on the status of her refund.  A Frontier customer service representative told her that Plaintiff was never promised a cash refund and would only be receiving a travel voucher.

10.      Frontier was required by the DOT Enforcement Notice to provide Plaintiff a prompt refund when Frontier cancelled her flight.

11.      Frontier also represents in its Contract of Carriage that "In the occurrence of a force majeure event, Frontier may cancel, divert, or delay any flight without liability **except to provide a refund for the unused portion of the ticket**."[6]

---

[5] *Id.*

[6] FRONTIER CONTRACT OF CARRIAGE § 18.B, https://www.flyfrontier.com/legal/contract-of-carriage/ (last accessed Apr. 22, 2020) (emphasis added).

12.     Plaintiff requested a refund from Frontier, which never came.  Further, upon information and belief, Plaintiff would not have been able to get a cash refund, as Frontier is only offering credits.

13.     Frontier's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."[7]  The DOT Enforcement Notice applies to "U.S. and foreign airlines."[8]

14.     Frontier's consumers have excoriated Frontier's refusal or failure to provide its customers with refunds.  For instance, like Plaintiff, customers on the website tripadvisor.com have stated:

April 20, 2020 Review:[9]



April 17, 2020 Review:

[7] DOT Notice

[8] *Id.*

[9] Frontier Reviews, Tripadvisor, https://www.tripadvisor.com/Airline_Review-d8729213-Reviews-Frontier-Airlines.html#REVIEWS (last accessed April 22, 2020).



//

//

//

April 17, 2020 Review:[10]



April 16, 2020 Review:

---

[10] FRONTIER REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729213-Reviews-or5-Frontier-Airlines.html#REVIEWS (last accessed April 22, 2020).



**Cheri R** wrote a review Apr 16

📍 Golden, Colorado • 4 contributions • 2 helpful votes

🟢⚪⚪⚪⚪   Denver - Puerto Vallarta | Mexico | Basic Economy

**Useless points instead of a refund**

We planned to take our exchange student to Mexico for spring break, but then, Covid happened. I asked for a refund for the same portion we paid for our exchange student because he is not returning from Europe to fly Frontier in the next 90 days. No refund, but they offered 80,000 points that he cannot use in the next 90 days.

April 16, 2020 Review:



**Stephen K** wrote a review Apr 16

1 contribution • 1 helpful vote

**Jamie K** wrote a review Apr 16

📍 Swedesboro, New Jersey • 1 contribution • 1 helpful vote

🟢⚪⚪⚪⚪   Philadelphia - Fort Myers | Domestic | Economy

**Poor treatment of customers in this uncertain time**

I have received your "credit" to book through June or "miles" to use by September, but the country has no end in site of the travel bans. It doesn't seem very ethical that refunds would not be given. It is bad enough that my two Senior students are missing out on everything this year, but now my son is out of a vacation with no refund in site. It is very disappointing how you are blocking your customers in to lose their money when this is out of our control.

April 16, 2020 Review:

April 14, 2020 Review:[11]



**Morgan D** wrote a review Apr 14

1 contribution • 1 helpful vote

🟢⚪⚪⚪⚪   Burlington - Orlando | Domestic | Economy

**absolutely disgusting**

I had to cancel my flight due to the COVID- 19. I am pregnant, I have a 2 year old daughter that has gone through open heart surgery, so risking it to take the flight was not a question. I requested a refund, and was told no that I could just have 90 days to reschedule with them or my money would be lost! What kind of customer service is that! They have no respect for their customers at all or what they want. Absolutely terrible airline!!!!! Would never recommend.

Read less ▲

---

[11] Frontier Reviews, Tripadvisor, https://www.tripadvisor.com/Airline_Review-d8729213-Reviews-or10-Frontier-Airlines.html#REVIEWS (last accessed April 22, 2020).

### April 12, 2020 Review:



**AMuller** wrote a review Apr 12
1 contribution • 1 helpful vote

● ○ ○ ○ ○                    Atlanta - Raleigh   Domestic   Economy

**NEVER BOOK THIS AIRLINE**

Due to COVID-19 my daughter was unable to report back to college on the designated day so I asked for a reschedule and I rescheduled for a different day. When calling back to the airline to cancel I was told the reservations had already been cancelled by me. I did not cancel the reservations Frontier Airlines did. I asked the representative for a refund because I did not cancel the reservations. She said "NO" I can use it for a credit or miles within 90 days. I told her I did not cancel it initially so why am I not due a refund. I asked to speak to a manager she put me on hold and hung up the phone. I called back and spoke with another rep who then had me to explain my concerns before she would transfer me to a manager. She put me on hold and never came back to the phone. I called back and spoke with Maria who told me the airline has to survive to. I let her have it long story short. DO NOT BOOK/WILL NOT BOOK THIS AIRLINE EVER AGAIN.

Read less ▲

### April 11, 2020 Review:



**Jenn W** wrote a review Apr 11
📍 Levittown, Pennsylvania • **17** contributions • **24** helpful votes

● ○ ○ ○ ○                    Trenton - Fort Lauderdale   Domestic   Economy

**Awful**

We had a family vacation planned to go to Hollywood Beach, Florida April 14th. Due to COVID/shut downs had to cancel. I got an email from Frontier that my credit for the trip expires by June 19th. Or, I could convert to miles to use by Sept. 2020. I called Frontier and asked for a refund, not credit. According to their flight schedule, they no longer fly to Ft. Lauderdale after April 22nd. The rep told me I'd have to fly somewhere else or I can give my credit to someone. Those were my two options and a refund was "impossible," she said with her thick accent. Also, side note, my travel insurance thru Travel Guard was void because it's a pandemic and therefore a predictable cancellation.

<u>April 9, 2020 Review</u>:[12]



<u>April 7, 2020 Review</u>:



---

[12] FRONTIER REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729213-Reviews-or15-Frontier-Airlines.html#REVIEWS (last accessed April 22, 2020).

### April 5, 2020 Review:[13]



### March 2020 Review:[14]



Got an email from Frontier saying they changed my flight time to 8 hours later than the original flight. Gave me a number to call or the option to "accept" the change online. I called them and was on hold for 2 and a half hours when someone answered, told me they could not give me a full refund and my only option was to accept a credit for future travel that I had to book within 90 days. I told her I could not travel in the foreseeable future so she told me she would transfer me to a "specialist" that could help me. After another 90 minute hold, they HUNG UP ON ME. I have now been on hold again for 2 hours. Seeing how airlines are going to be receiving government bailouts, I don't know why Frontier is choosing to go this route of taking advantage of their customers by holding on to our money as much as they can. Even Spirit refunded my money for my outgoing flight! I would urge everyone with complaints to contact the complaint form on the Department of transportation website.

---

[13] FRONTIER REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729213-Reviews-or20-Frontier-Airlines.html#REVIEWS (last accessed April 22, 2020).

[14] FRONTIER REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729213-Reviews-or25-Frontier-Airlines.html#REVIEWS (last accessed April 22, 2020).

15.     Plaintiff brings this action on behalf of herself and the Class and Subclass for equitable relief and to recover damages and restitution for:  (i) unjust enrichment, (ii) conversion, (iii) fraud, (iv) breach of contract, (v) money had and received, (vi) violation of New York General Business Law ("GBL") § 349, and (vii) violation of New York GBL § 350.

## PARTIES

16.     Plaintiff Melissa Young is a citizen of the State of South Carolina and resides in Myrtle Beach, South Carolina.  In March 2020, Plaintiff purchased tickets directly from Frontier for a round-trip flight between Myrtle Beach, South Carolina, and Long Island, New York. Plaintiff was to depart for New York on May 19, 2020, and to return to South Carolina on May 24, 2020.  Plaintiff was to fly with her husband and son and paid a total price of approximately $254.00 for both flights.  However, the flight was cancelled by Frontier on March 19, 2020 due to the coronavirus, COVID-19.  In the cancellation e-mail to Plaintiff, Frontier did not give Plaintiff the option to request a cash refund.  Instead, Frontier only gave Plaintiff the option to change her flight or receive a travel voucher.  On March 19, 2020, Plaintiff called Frontier to request a cash refund, and was informed she would receive a cash refund.  However, the refund never came.  After two weeks, Plaintiff again called Frontier to check on the status of her refund. This time though, she was told she was never offered a cash refund, nor would she be offered a cash refund, and could only receive a travel voucher.

17.     At the time that Plaintiff purchased her tickets, she understood that she would be entitled to a refund from Frontier if her flight was cancelled.  However, Plaintiff was deceived by Frontier regarding her right to a refund.  Had Plaintiff been aware or had Defendant disclosed that she would not be entitled to a refund for cancelled flights, she would not have booked

through Frontier, and would have used a different airline and/or booking company, one that would have refunded money for cancelled flights.

18.     Defendant Frontier Airlines, Inc. is a corporation organized under the laws of the State of Colorado with a principal place of business at 4545 Airport Way, Denver, Colorado 80239.  Defendant Frontier conducts substantial business throughout the United States, including in the State of New York.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

20.     This Court has personal jurisdiction over this action because Defendant maintains its principal place of business in this District.

21.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the United States who purchased tickets for travel on a Frontier flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded.

23.     Plaintiff also seeks to represent a subclass of all members of the Class who purchased the relevant tickets and whose flight was destined for or departing from New York (the "Subclass").

24.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

25.     Specifically excluded from the Class and Subclass are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

26.     **Numerosity.**  The members of the proposed Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class and Subclass. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class and Subclass is known by Defendant.  Class and Subclass members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

27.     **Typicality.**  The claims of the representative Plaintiff are typical of the claims of the Class and Subclass in that the representative Plaintiff, like all members of the Class and

Subclass, paid for a Frontier flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight.  The representative Plaintiff, like all members of the Class and Subclass, has been damaged by Defendant's misconduct in the very same way as the members of the Class and Subclass.  Further, the factual bases of Defendant's misconduct are common to all members of the Class and Subclass and represent a common thread of misconduct resulting in injury to all members of the Class and Subclass.

28. **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual members of the Class and Subclass.  These common legal and factual questions include, but are not limited to, the following:

(a) Whether Frontier failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

(b) Whether Frontier falsely represented that customers whose flights were cancelled would receive a cash refund for cancelled flights;

(c) Whether Frontier violated Colorado and New York's consumer protection laws;

(d) Whether Frontier is liable to Plaintiff and the Class and Subclass for unjust enrichment;

(e) Whether Frontier unlawfully converted money from Plaintiff and members of the Class and Subclass; and

(f) Whether Plaintiff and the Class and Subclass are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

29.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Subclass.  Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Plaintiff has no interests that are antagonistic to those of the Class and Subclass.

30.     **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by members of the Class and Subclass is relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for members of the Class and Subclass, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if members of the Class and Subclass could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

31.     In the alternative, the Class and Subclass may also be certified because:

(a) the prosecution of separate actions by individual members of the Class and Subclass would create a risk of inconsistent or varying adjudication with respect to individual members of the Class and Subclass that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual members of the Class and Subclass would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class and Subclass not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class and Subclass as a whole.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment

32.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

33.     Plaintiff brings this claim on behalf of herself and members of the Class and Subclass.

34.     Plaintiff and the Class and Subclass conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to a significant schedule change by Frontier.

35.     Defendant has knowledge of these benefits.

36.     Defendant voluntarily accepted and retained this benefit.  Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as the customer having to cancel the return flight).

37.     Because this benefit was obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by Frontier, it would be unjust and inequitable for the Defendant to retain it without paying the value thereof.

**COUNT II**
**Conversion**

38.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

39.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

40.     Plaintiff and members of the Class and Subclass have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

41.     Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting therefrom.  Defendant has done so every time that Plaintiff and members of the Class and Subclass paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by Frontier.

42.     As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Class and Subclass suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a significant schedule change by Frontier, and in the amount of consequential damages resulting therefrom.

**COUNT III**
**Fraud**

43.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

44.     Plaintiff brings this claim on behalf of herself and members of the Class and Subclass.

45.     As discussed above, Defendant falsely misrepresented that costs paid for cancelled flights would be refunded.  Despite these representations, Defendant failed to refund moneys paid by Plaintiff and members of the Class and Subclass.

46.     Defendant knew they would not reimburse customers for cancelled flights, but nevertheless continued to make knowingly false representations about refunds.  In short, the false and misleading representations and omissions were made with knowledge of their falsehood.

47.     The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the Class and Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the Class and Subclass to purchase airline tickets from Defendant.

48.     The fraudulent actions of Defendant caused damage to Plaintiff and members of the Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

49.     As a result of Defendant's willful and malicious conduct, punitive damages are warranted.

## COUNT IV
### Breach of Contract

50.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

51.     Plaintiff brings this claim on behalf of herself and members of the Class and Subclass.

52.     Defendant entered into contracts with Plaintiff and members of the Class and Subclass to provide services in the form of flights in exchange for a set amount of money.

53.     Defendant has breached these contracts by retaining Plaintiff and Class and Subclass members' ticket prices while not providing flight services.

54.     Plaintiff and members of the Class and Subclass have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT V
## Money Had And Received

55.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

56.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

57.     Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Class and Subclass.

58.     Those airline ticket fees were not used for the benefit of Plaintiff and the Class and Subclass, and Defendant has not given back or refunded the wrongfully obtained money and airline ticket fees to Plaintiff and the Class and Subclass.

59.     Defendant obtained roughly money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Class and Subclass.  However, Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Class and Subclass were supposed to be passengers on.

60.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

## COUNT VI
### Violation Of New York General Business Law § 349
### (On Behalf Of The Subclass)

61.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

62.    Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

63.    New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

64.    In its sale of goods and services throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

65.    Plaintiff and members of the Subclass are consumers who purchased products from Defendant for their personal use.

66.    By the acts and conduct alleged herein, Defendant has engaged in deceptive, unfair, and misleading acts and practices, which include, without limitation, misrepresenting that Defendant would refund the price of a passenger's flight tickets if Defendant cancelled the passenger's flight.

67.    The foregoing deceptive acts and practices were directed at consumers.

68.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of Defendant's flight tickets to induce consumers to purchase the same.

69.     By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

70.     Defendant's actions are the direct, foreseeable, and proximate cause of the damages that Plaintiff and members of the Subclass have sustained from having paid for and used Defendant's products.

71.     As a result of Defendant's violations, Plaintiff and members of the Subclass have suffered damages because: (a) they would not have purchased the flight tickets on the same terms if they knew Defendant would not issue cash refunds upon cancelling the flights of Plaintiff and members of the Subclass; and (b) Defendant's flight tickets do not have the characteristics, uses, benefits, or qualities as promised.

72.     On behalf of herself and other members of the Subclass, Plaintiff seeks to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VII
## Violation Of New York General Business Law § 350
## (On Behalf Of The Subclass)

73.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.     Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

75.     New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

76.     Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect."

77.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of New York's General Business Law.

78.     Defendant's false, misleading, and deceptive statements and representations of fact were and are directed towards consumers.

79.     Defendant's false, misleading, and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

80.     Defendant's false, misleading, and deceptive statements and representations of fact have resulted in consumer injury or harm to the public interest.

81.     As a result of Defendant's false, misleading, and deceptive statements and representations of fact, Plaintiff and the Subclass have suffered and continue to suffer economic injury.

82.     As a result of Defendant's violations, Plaintiff and members of the Subclass have suffered damages due to said violations because: (a) they would not have purchased the flight tickets on the same terms if they knew Defendant would not issue cash refunds upon cancelling the flights of Plaintiff and members of the Subclass; and (b) Defendant's flight tickets do not have the characteristics, uses, benefits, or qualities as promised.

83.     On behalf of herself and other members of the Subclass, Plaintiff seeks to recover her actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class and Subclass, that the Court enter judgment in their favor and against Defendant as follows:

(a)     An Order certifying the proposed Class and Subclass and appointing Plaintiff and her Counsel to represent the Class and Subclass;

(b)     An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class and Subclass for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c)     An Order of disgorgement of wrongfully obtained profits;

(d)     An award of compensatory, statutory, and punitive damages, in an amount to be determined;

(e)     An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f)     Interest on all amounts awarded, as allowed by law; and

(g)     Such other and further relief as this Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: April 23, 2020

/s/ Scott A. Kamber
**Scott A. Kamber** (CO Bar # 51857)
**Michael Aschenbrener** (CO Bar #51687)
KamberLaw, LLC
201 Milwaukee Street, Suite 200
Denver, Colorado 80206
Telephone: (212) 920-3072
Email:  skamber@kamberlaw.com
          masch@kamberlaw.com

**Yeremey Krivoshey** (*Admission Forthcoming*)
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455 / Fax:  (925) 407-2700
Email: ykrivoshey@bursor.com

**Andrew J. Obergfell** (*Admission Forthcoming*)
**Max S. Roberts** (*Admission Forthcoming*)
Bursor & Fisher, P.A.
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email: aobergfell@bursor.com
          mroberts@bursor.com

*Attorneys for Plaintiff and the Putative Class*