IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RN-NRN; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re FRONTIER AIRLINES LITIGATION

**MOTION TO APPOINT TINA WOLFSON AS INTERIM LEAD CLASS COUNSEL BY PLAINTIFFS JAMIE SWEET AND STEPHANIE FAUST**

Plaintiffs Jamie Sweet and Stephanie Faust respectfully move this Court to appoint their counsel, Tina Wolfson, as Interim Lead Class Counsel or, in the alternative, as Interim Co-Lead Class Counsel for Plaintiffs in this consolidated litigation.

**I.   INTRODUCTION**

Ms. Wolfson is best suited to lead the case on behalf of the proposed class to a quick, efficient, and maximized relief. She thoroughly investigated and analyzed the merits of the case prior to filing and will work cooperatively with defense counsel to expeditiously resolve this case.

Ms. Wolfson and her partners at Ahdoot & Wolfson ("AW") have initiated numerous attempts to coordinate plaintiffs' counsel in this matter so as to avoid the

1

leadership contest and the appurtenant burden on the Court and to move the case forward on behalf of the class. Although those efforts were unsuccessful, Ms. Wolfson has worked with and is respected by all the other applicants, and she will build consensus among all plaintiffs' counsel to efficiently prosecute this class action.

As set forth below, Ms. Wolfson has over two decades of experience litigating class actions and the types of claims asserted in this action, and she has deep knowledge of the applicable law. She co-founded AW in 1998, a nationally recognized firm with the staying power and necessary resources to commit to this case. Her application also offers gender and life experience diversity to lead this consolidated case to a successful resolution on behalf of all the class members, consistent with guidelines for consolidated lead appointments.[1]

## II. ARGUMENT

A consideration of the factors enumerated in Federal Rule of Civil Procedure 23(g) supports Ms. Wolfson's application to serve as Interim Lead Class Counsel:

---

[1] *See* BOLCH JUDICIAL INSTITUTE, DUKE LAW SCHOOL, Guidelines and Best Practices for Large and Mass-Tort MDLs, Sept. 2018 (2d Ed.), at 37-38, *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf; *see also In re Robinhood Outage Litig.*, No. 3:20-cv-3218-JD (N.D. Cal.), July 14, 2020, ECF No. 17 at 3 ("The Court is concerned about a lack of diversity in the proposed lead counsel. For example, all four of the proposed lead counsel are men . . . the attorneys running this litigation should reflect the diversity of the proposed national class.").

      (i)      the work counsel has done in identifying or investigating potential claims in the action;
      (ii)     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
      (iii)    counsel's knowledge of the applicable law; and
      (iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

### A. Ms. Wolfson Has Been Investigating Claims Arising Out of Airlines' and Other Companies' Refusal to Provide Refunds in Spite of COVID-19-Related Cancellations and Will Continue to Dedicate the Necessary Resources to Maximize the Recovery for the Class.

While some of the other complaints in this consolidated proceeding present a kitchen sink approach, Ms. Wolfson took the time to research the facts and the law and alleged the most viable claim against Frontier: the airline's breach of contract regarding its cancellation and refund policy. This streamlined approach will get the most relief to the plaintiff class in the quickest way possible, which is particularly important during the pandemic when many class members are experiencing extreme financial hardship.

This case presents an initial issue—the enforceability of Frontier's purported class action waiver—which Ms. Wolfson and AW have briefed countless times. She

3

proposes that the parties address that issue at the outset of this consolidated litigation prior to proceeding with what is otherwise a straightforward breach of contract case. This is not a large MDL requiring a crowded plaintiffs' leadership slate. While she would dutifully serve in any leadership capacity, Ms. Wolfson proposes that her service as sole lead counsel, or as co-lead counsel with one other applicant, would best serve the plaintiff class. If appointed, Ms. Wolfson will designate work in an inclusive and efficient manner because she knows all firms involved and their respective talents, and she has collaborated successfully with them in other matters. She will make sure that all plaintiff firms have an opportunity to contribute, without duplication and not based on any pre-existing deals, if and when the case demands such contributions.

If appointed, Ms. Wolfson also would implement contemporaneous billing guidelines and efficiency protocols, similar to those implemented in other consolidated class actions, subject to the Court's approval. Ms. Wolfson proposes that monthly time and expense reporting will be required from all counsel authorized to work on the case, and that she will personally review all such billing and submit them for *in camera* review should the Court so desire. If necessary, Ms. Wolfson will counsel attorneys who fail to comply with the implemented billing and efficiency protocols. Ms. Wolfson will not charge the class for time expended in enforcing such protocols. All fee applications would comport with Tenth Circuit law.

Further, Ms. Wolfson and AW have already expended significant efforts developing this and numerous other class actions against not only airlines, but a variety of other online and retail vendors, arising from alleged refusals to refund purchases for events and reservations cancelled due to the COVID-19 pandemic. Through these pre-suit investigations, AW has researched various theories of liability throughout the nation and has interviewed, reviewed documents from, and been retained by dozens of consumer clients affected by these allegedly unlawful practices. Ms. Wolfson continues to closely follow developments in all ongoing COVID-19 refund cases and other related cases, whether or not she is actively involved in litigating those cases, in order to utilize the invaluable aggregate knowledge in this case.

With respect to Frontier specifically, Ms. Wolfson and AW have analyzed their client-specific investigations and culled and reviewed the airline's public representations with the assistance of an expert to develop the case. While Ms. Wolfson and her firm have expended considerable time, effort, and cost in developing this case, she is fully aware that the time expended prior to any leadership appointment will not be remunerated. Consequently, Ms. Wolfson is ideally poised to lead this litigation from the outset and is ready and willing to work with her competing applicants to successfully prosecute Frontier for its alleged wrongdoing. Ms. Wolfson is fully aware of the financial and human resources that will be required to bring this case to a successful

conclusion. In its 22 years of existence, AW has never used third party funding or failed to meet its assessment obligations in any case.

> **B. With Over Two Decades of Experience Leading Class Actions, Ms. Wolfson Possesses Both the Substantive Knowledge of Class Action Law, as Well as the Managerial Skills Required to Lead Other Counsel to Maximize the Recovery for the Class.**

As set forth in her *curriculum vitae*, attached as Exhibit 1, Ms. Wolfson has over two decades of experience leading major consumer class actions across the country, including in this District Court, to resolutions that get money into the hands of consumer victims, as well as change corporate behavior.

In *Gordon v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01415-CMA-MLC (D. Colo.) (Hon. Christine M. Arguello), a class action arising from a data breach that affected millions of consumers, Ms. Wolfson served as co-lead counsel and secured a settlement for a nationwide class that provided for up to $250 in claimed damages or $10,000 in extraordinary damages. From the outset of the *Chipotle* data breach class action, Ms. Wolfson successfully coordinated several competing cases in different forums with the respective plaintiffs' counsel, and all plaintiffs voluntarily proceeded on a single docket in this District with their counsel agreeing to a leadership structure. After over two years of hard-fought litigation, Ms. Wolfson and her co-lead counsel achieved an excellent class settlement, to which not a single class member objected or opted out. In approving

6

the settlement at the final fairness hearing, Judge Arguello noted the experience and class action expertise of Ms. Wolfson and her co-lead counsel.

In *Eck v. City of Los Angeles*, No. BC577028 (Cal. Super. Ct., Los Angeles Cty. ("LASC")) (Hon. Ann I. Jones), AW was appointed class counsel in a $295 million settlement arising from an 8% surcharge on Los Angeles electricity rates that plaintiffs alleged was an illegal tax. Final approval of the settlement was affirmed on appeal in October 2019.

Ms. Wolfson also is serving as a member of the plaintiffs' executive committee in the *Apple Inc. Device Performance Litigation*, No. 5:18-md-2827-EJD (N.D. Cal.) (Hon. Edward J. Davila), a class action challenging Apple's alleged practice of deploying software updates to iPhones that deliberately degraded the devices' performance and battery life. The Court preliminarily approved a class action settlement of up to $500 million, an excellent result achieved, in part, by Ms. Wolfson's work in that case.

As co-lead counsel in the *Experian Data Breach Litigation*, No. 8:15-cv-01592-AG-DFM (C.D. Cal.) (Hon. Andrew J. Guilford), which affected nearly 15 million class members, Ms. Wolfson achieved a settlement conservatively valued at over $150 million. Each class member was entitled to additional premium credit monitoring and ID theft insurance plus monetary relief. Experian also provided robust injunctive relief to reform its cybersecurity practices. Judge Guilford praised counsel's litigation efforts

7

and efficiency in achieving the settlement, commenting, "You folks have truly done a great job, both sides. I commend you."

In *Alvarez v. Sirius XM Radio Inc.*, No. 2:18-cv-08605-JVS-SS (C.D. Cal.) (Hon. James V. Selna), a class action arising out of defendant's alleged failure to honor lifetime subscriptions for satellite radio services, AW is serving as class counsel in a preliminarily approved settlement valued conservatively at $96 million. Sirius had allegedly failed to honor its lifetime subscription service by claiming "lifetime" referred to the life of the device, not the consumer. The Settlement extends the promised subscription for the lifetime of class members who have active accounts and provides the opportunity for class members with closed accounts to reactivate their accounts and enjoy a true lifetime subscription or recover $100. The district court had granted the motion to compel arbitration on an individual basis, and AW appealed. Ms. Wolfson reached the final deal points of the nationwide class action settlement literally minutes prior to oral argument in the Ninth Circuit.

In *Lavinsky v. City of Los Angeles*, No. BC542245 (LASC) (Hon. Ann I. Jones), a class action alleging the city unlawfully overcharged residents for utility taxes, AW certified the plaintiff class in litigation and then achieved a $51 million class settlement. As co-lead counsel in *Berman v. General Motors, LLC*, No. 2:18-cv-14371-RLR (S.D. Fla.)

8

(Hon. Robin L. Rosenberg), a vehicle oil consumption defect class action, AW achieved a $40 million settlement.

Ms. Wolfson's attached *curriculum vitae* lists many of her other recent achievements. Along with having an in-depth understanding of the relevant substantive law at issue in the instant litigation, Ms. Wolfson has extensive experience leading other lawyers both as a founding partner in her firm and in leadership roles in many other consumer class actions, in which she has worked with all of the applicant firms here.

### C. Ms. Wolfson's Appointment Would Comply With the Duke Guidelines on Diversity in Lead Counsel Appointments.

Ms. Wolfson was born in the former Soviet Union and her family escaped when she was 11 years old. Seven years after arriving as an indigent refugee who spoke no English, Ms. Wolfson attended Columbia College and then Harvard Law School, graduating both *cum laude*. The experience of growing up in a totalitarian regime without individual freedoms gives her a unique appreciation for the importance and fragility of those rights and defines her professional life, as does her strong immigrant work ethic.

Ms. Wolfson is also one of the few female founding partners of a national class action firm. Appointing her as lead counsel in this litigation would further diversity in leadership appointments for consolidated litigation.[2]

---

[2] *See supra* note 1.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs Jamie Sweet and Stephanie Faust respectfully request that the Court appoint Tina Wolfson as Interim Lead Class Counsel or, in the alternative, as Interim Co-Lead Class Counsel for Plaintiffs.

Respectfully submitted,

Dated: October 1, 2020

*/s/ Tina Wolfson*
Tina Wolfson
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: 310-474-9111
Fax: 310-474-8585
twolfson@ahdootwolfson.com

David R. Dubin
Nicholas A. Coulson
**LIDDLE & DUBIN, P.C.**
975 E. Jefferson Ave.
Detroit, Michigan 48207
Tel: 313-392-0015
Fax: 313-392-0025
ddubin@ldclassaction.com
ncoulson@ldclassaction.com

*Counsel for Plaintiffs Jamie Sweet, Stephanie Faust, and the Proposed Class*