# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RN-NRN; 20-cv-01518-NRN;
20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re FRONTIER AIRLINES LITIGATION

---

## [PROPOSED] ORDER GRANTING MOTION TO APPOINT TINA WOLFSON AS INTERIM LEAD CLASS COUNSEL

---

In this consolidated proposed class action, Plaintiffs allege that Frontier Airlines has failed or refused to provide refunds to Plaintiffs and other consumers whose flights were cancelled by Frontier due to the COVID-19 pandemic. The Court has received competing motions for appointment of interim lead class counsel and has taken the motions under submission.

Pursuant to Federal Rule of Civil Procedure 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Where "there are a number of overlapping, duplicative, or competing suits [that] may be consolidated, . . . designation of interim counsel clarifies responsibility for protecting the interests of the class . . . ." Manual for Complex Litigation (Fourth) § 21.11 (2004)). Although Rule 23(g)(3) does not provide a standard

1

for appointment of interim counsel, courts may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1). Under that section, courts considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Having reviewed all of the submissions and considered the factors set forth in Rule 23(g)(1)(A), the Court GRANTS the motion to appoint Tina Wolfson of Ahdoot & Wolfson, PC as Interim Lead Class Counsel. While all applicants would ably represent the putative class, the efforts already expended by Ahdoot & Wolfson to identify and investigate the claims and to coordinate these consolidated cases forward since filing, together with the firm's significant expertise in complex class actions, gives the Court confidence that Ms. Wolfson and her firm will efficiently and effectively represent the class. Further, appointment of Ms. Wolfson furthers the importance of diversity in consolidated leadership appointments in the numerous respects laid out in her motion. Accordingly, the Court appoints Ms. Wolfson as Interim Lead Class Counsel.

Interim Lead Class Counsel has complete authority to conduct all pretrial and trial work on behalf of the proposed class. Such work includes the crafting of pleadings, conducting discovery, negotiation of settlements, and all other pretrial and trial proceedings. Interim Lead Class Counsel is exclusively authorized and responsible for overseeing the following tasks:

1. Directing overall case strategy, scheduling, and case management for Plaintiffs and the proposed class;

2. Investigating claims on behalf of Plaintiffs and the proposed class;

3. Drafting any amended complaints, including identifying claims to be made in such complaints and selecting class representatives;

4. Coordinating and conducting all discovery;

5. Determining and presenting (in briefs, oral argument, or any such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and the proposed class on all matters;

6. Drafting and serving all pleadings and filings, including briefs, legal memoranda, and discovery requests either personally or by a designee;

7. Conducting arguments, court hearings, and appearances;

8.     Communicating with opposing counsel, governmental and regulatory authorities, and the Court;

9.     Hiring consultants, vendors, and other litigation professionals;

10.    Retaining experts and preparing reports;

11.    Assessing common litigation costs and collecting such assessments;

12.    Initiating and conducting settlement discussions with any opposing party;

13.    Making the allocation of any attorneys' fees awarded by the Court;

14.    Establishing attorney time and expense reporting protocols, subject to Court approval;

15.    Preparing and maintaining comprehensive, contemporaneous billing records and expense reports on behalf of all counsel submitting time and expenses in this matter, including recommendations to the Court as to what fees and expenses should be awarded in this matter; and

16.    Ensuring that work assignments are not given to any firm that has not promptly submitted its time and expense records or paid its assessments.

**IT IS SO ORDERED.**


Dated:                          _____
                                United States District / Magistrate Judge