IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RM-NRN; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re FRONTIER AIRLINES LITIGATION

PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL
UNDER RULE 23(G)

I.  INTRODUCTION

Plaintiffs Feliks Obertman and Melissa Young through their counsel respectfully seek appointment of Tycko & Zavareei LLP ("TZ") and Bursor and Fisher P.A. ("BF"), as interim co-lead counsel in this action, with KamberLaw, LLC ("KamberLaw") as liaison counsel. TZ and BF were the first to file actions challenging Defendant Frontier's refund process after it unilaterally cancelled the flights of its customers due to the COVID-19 Pandemic. Although the case is still in its early stages, TZ and BF have demonstrated through their actions in this litigation, and through their firm's previous successes, that they are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

TZ and BF have become subject matter experts on issues affecting consumers whose airline fares were not refunded following mass flight cancellations nationwide. Through their work in this action, as well as in similar actions that the firms have filed against other airlines nationwide, TZ and BF have become intimately familiar with the claims available to the putative class.[1] BF also has experience handling COVID-19 related refund litigation in this District,

---

[1] TZ and BF are also litigating similar refund claims against several other airlines. *See*, *e.g.*, *Bombin v. Southwest,* 5:20-cv-010883-JMG (E.D. Pa. 2020); *Dusko v. Delta*, 1:20-cv-01725-

1

having been appointed by Judge Raymond Moore as co-lead interim class counsel over four competing applications in the Alterra Ski Pass Litigation. *See Kramer v. Alterra Mountain Co. et al.*, Case No. 1:20-cv-01057-RM-SKC (July 31, 2020 D. Colo), Dkt. No. 64.

TZ and BF have shown leadership here by engaging with Frontier to streamline proceedings by agreeing to stay briefings on a motion to dismiss until the Court ruled on the Second Amended Motion to Consolidate.  Dkt. 33.  TZ also prioritized efficiency when they consented to transfer of the *Obertman* action to this District, rather than engaging in needless motion practice under Section 1404.  TZ and BF then worked together to coordinate the *Young* and *Obertman* actions—the two earliest filed actions—rather than duplicating work or spending time competing with each other.

Importantly, the lawyers leading this action at TZ and BF provide a strong combination of attorneys who will bring both their extensive experience in complex class action litigation, and a diversity of backgrounds.  *See gen*. Exs. 1-3 (firm resumes).[2]  Duke Law's Bolch Judicial Institute, a leader in developing complex litigation standards, emphasizes that, in appointing lead counsel, "a balanced team, with a diversity of skills, expertise, prior casework and role, and demographics should be sought." BOLCH JUDICIAL INSTITUTE, *Guidelines and Best Practices for Large and Mass-Tort MDLs*, at 37 (2nd Ed.), https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf.  BF and TZ along with KamberLaw provide this well-balanced team from the standpoint of gender, age, geography,

---

ELR (N.D. Ga. 2020); *Bratcher v. Allegiant Travel Co.*, 2:20-cv-00767-APG-BNW (D. Nev. 2020); *Sholopa v. Turkish Airlines, Inc. a/k/a Turk Hava Yollari*, 1:20-cv-03294-ALC (S.D.N.Y. 2020).

[2] The firm resume of Tycko & Zavareei LLP is attached hereto as Exhibit 1, the firm resume of Bursor & Fisher P.A. is attached hereto as Exhibit 2, and the firm resume of KamberLaw, LLC is attached hereto as Exhibit 3.

background, and experience. Specifically, the lawyers leading this action at TZ and BF include an LGBTQ identified female who is under 40 and an immigrant from Belarus who is also under 40. In addition, the inclusion of KamberLaw – a national law firm based in Denver with extensive experience as lead counsel in multidistrict litigations – as liaison counsel means that the team will also benefit from KamberLaw's familiarity with this District and its procedures. This wide array of backgrounds and experiences will serve the plaintiffs well given the diversity of consumers impacted in the class.

For these reasons, and the reasons below, pursuant to Federal Rules of Civil Procedure 23(g)(3), Plaintiffs Obertman and Young respectfully submit that the Court (1) appoint TZ and BF as co-lead interim class counsel and (2) appoint KamberLaw, LLC as interim liaison counsel.

## II.   BACKGROUND OF THE CONSOLIDATED ACTIONS

On April 21, 2020 Plaintiff Feliks Obertman filed the first putative class action in the nation against Defendant Frontier Airlines, Inc. ("Defendant" or "Frontier"), *Obertman v. Frontier Airlines Inc.,* No. 2:20-at-00395 in the Eastern District of California. On April 23, 2020, Plaintiff Melissa Young filed the second putative class action in the nation against Frontier, *Young v. Frontier Airlines,* 1:20-cv-01153-PAB-KLM, in the District of Colorado where Defendant maintains its principal place of business. *See* Dkt. 27, *Young* First Amended Compl., ¶¶ 21-22. Mr. Obertman and Ms. Young specifically allege that Frontier breached its Contract of Carriage by failing to provide refunds in the original method of payment when it cancelled flights due to COVID-19. *See* Dkt. 27, *Young* FAC, ¶¶ 1-3, 13-16. Frontier's Contract of Carriage specifically states "[i]n the occurrence of a force majeure event, Frontier may cancel, divert, or delay any flight without liability except to provide a refund for the unused portion of the ticket." *Id.*, Ex. A § 18. Despite its contractual and legal obligations to provide customers

3

refunds for cancelled flights, Frontier has failed to provide cash refunds to putative class members for flights Frontier cancelled.

Between several weeks to *two months* after Mr. Obertman and Ms. Young filed their complaints, several substantially similar complaints were filed in the District of Colorado.[3] These actions are all rooted in the same harm: Frontier's failure to refund fares for cancelled flights that are due and owing by virtue of Frontier's Contract of Carriage. On July 21, 2020, the Court consolidated each of these related cases. *See* Dkt. 35, Order.

### III. LEGAL STANDARD

In appointing interim class counsel, "[c]ourts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Ehler v. IPEX, Inc.*, 2009 WL 1382075, at * 2 (D. Colo. May 15, 2009) (internal quotations omitted). Specifically, the court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv)  the resources that counsel will commit to representing the class

Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Further, "[w]here consideration of other relevant factors does not tilt heavily in

---

[3] Plaintiffs Jamie Sweet and Stephanie Faust filed *Sweet v. Frontier,* 1:20-cv-01340-RM-NRN against Frontier airlines (D.Colo. May 12, 2020). Subsequently, plaintiffs Nelcy Rivere-De Leon, Piotr Tchorzewski, and Stephanie Muters, filed *Rivera-De Leon et al v. Frontier Airlines,* Civ. Act. No 1:20-cv-01518-NRN (D. Colo. May 28, 2020). In June, Plaintiff Shirley Johnson filed *Johnson v. Frontier Airlines, Inc.,* 1:20-cv-01751-MEH (D. Colo. June 15, 2020) and Lakinya Bess filed *Bess v. Frontier Airlines, Inc.,* 1:20-cv-01837-SKC (D. Colo. June 22, 2020).

4

either direction and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint." *Easton v. Bailey*, 2013 WL 12323847, at *2 (C.D. Cal. Jan. 4, 2013); *Kramer v. Alterra Mountain Co.*, 2020 WL 4429386, at *2 (D. Colo. July 31, 2020) (appointing BF as interim co-lead based in large part on their first-filed status).

IV. ARGUMENT

    A. The Court Should Appoint TZ And BF As Co-Lead Interim Class Counsel

The Rule 23(g) factors strongly favor the appointment of TZ and BF as Interim Class Counsel. Counsel is eager and well-equipped to vigorously prosecute the present claims.

    *i. TZ And BF Have Done Significant Work Identifying And Investigating The Claims Against Frontier Airlines.*

TZ and BF's work identifying and investigating the claims in this matter demonstrates that they will continue to fairly and adequately represent putative class members. Thus far, counsel has:

(a) Communicated with dozens of class members to determine whether Frontier offered refunds to its customers for flights Frontier cancelled;

(b) Assessed the adequacy of the named plaintiffs;

(c) Conducted an extensive investigation of the potential consumer claims arising from Frontier's failure to provide refunds for flights it cancelled;

(d) Gathered and reviewed Frontier's Contract of Carriage and related Customer Service plan and Frequently Asked Questions to determine Frontier's refund policies;

(e) Researched Frontier's corporate structure;

(f) Researched the complex legal issues involved in airline ticket litigation, specifically the scope of Airline Deregulation Act preemption;

(g) Reviewed the airline refund DOT Notices, and the regulations underlying them; and

5

    (h)    Engaged in discussions with Frontier's counsel in attempts to secure refunds for class members without the delay anticipated by protracted litigation.

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshalled to identify, develop, and demonstrate the claims alleged in the *Obertman* and *Young* complaints. Moreover, these are precisely the measures that courts consider when appointing interim class counsel. This substantial work supports the approval of TZ and BF as Interim Class Counsel.

    ii.    *TZ And BF Have A Wealth Of Experience And Knowledge Litigating Consumer Protection And Breach Of Contract Class Actions*

TZ and BF are well qualified to lead this litigation. Both firms have served as lead or co-lead counsel on numerous consumer class actions in both federal and state courts. *See* Exs. 1, 2. These firms possess extensive experience litigating complex consumer class actions and are knowledgeable about the specific laws applicable here and to complex actions generally. *See id*. For instance, as co-lead counsel in *Farell v. Bank of America,* 327 F.R.D. 422, 432 (S.D. Cal. 2018), TZ secured a class action settlement valued at $66.6 million along with injunctive relief – a result the court described as a "remarkable" accomplishment achieved through "tenacity and great skill." *Id.* at 432. Likewise, courts have recognized BF's "extensive experience handling class actions and complex litigation, including products liability and consumer protection cases[.]" *In re Welspun Litigation* No. 16-cv-6792 (RJS), Dkt 58 at 2 (S.D.N.Y. Jan 26, 2017). *See also Ebin v. Kangadis Food Inc.,* 297 F.R.D. 561, 566 (S.D.N.Y. 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims … The firm has been appointed class counsel in dozens of cases in both federal and state courts and has won

6

multi-million dollar verdicts in five[4] class action jury trials since 2008."). And, as discussed above, BF was recently appointed co-lead counsel in this District in a case involving a ski resort company's failure to issue refunds after operations were suspended due to COVID-19. *See Kramer*, 2020 WL 4429386, at *2.

Further, class actions are rarely brought to trial. However, BF served as trial counsel for class action plaintiffs in six jury trials since 2008 and has won all six. *See* Ex. 2. Most recently in May 2019, BF secured a $267 million judgment in a class action tried before a jury in the Northern District of California. *See Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal. Sep. 9, 2019) (final judgment entered for $267 million); *Perez v. Rash Curtis & Associates*, 2020 WL 1904533, at *21 (N.D. Cal. Apr. 17, 2020) (upholding $267 million award and noting "the general quality of the representation and the complexity and novelty of the issues" and that "[t]he benefit obtained for the class is an extraordinary result"). The lead counsel for BF here – Yeremey Krivoshey – was one of the lead trial attorneys in the *Perez* action and litigated the case from inception.

The qualifications, experience, and knowledge of applicable law weigh in favor of TZ and BF's appointment as interim class counsel in this action. *See* Exs. 1, 2.

       iii.       *TZ and BF Have Extensive Knowledge Of The Applicable Law*

As described above and in the attached firm resumes, TZ and BF are knowledgeable about both the specific laws applicable in this matter and complex consumer actions generally. The attorneys of both firms have demonstrated their knowledge through their experience successfully litigating other nationwide class actions. Counsel are also familiar with this Court's rules and procedures. Further, counsel has partnered with KamberLaw, a national firm based in

---

[4] Bursor & Fisher has since won an additional class jury verdict in *Perez v. Rash Curtis & Associates,* Case No. 4:16-cv-03396-YGR (N.D. Cal.), as discussed below.

Denver that is intimately familiar with this District's procedures and applicable rules, who also has significant experience as lead class counsel in numerous Multidistrict litigations.

        *iv.*      *TZ and BF Have Significantly Invested, And Will Continue To Devote, The Resources Necessary To Pursue This Litigation*

Both TZ and BF have the resources necessary to litigate on behalf of the putative class. As demonstrated in Plaintiff's counsel's firm resumes, both firms are well-established, successful law firms that have the financial resources necessary to pursue a case of this magnitude. *See* Exs. 1, 2. Counsel's resources, however, extend beyond financial provision. The firms also have the personnel and expertise necessary to litigate this case. In addition to their own professionals, TZ and BF partnered with KamberLaw, who maintains an office conveniently located within this District. The strategic partnership with KamberLaw allows TZ and BF to fully utilize their resources and knowledge of local practice while minimizing attorneys' fees and costs, including for travel. Together, TZ and BF have gathered an efficient team that is best-equipped to prosecute this case.

        *v.*      *Appointing TZ and BF As Interim Class Counsel Will Promote Efficiency and Expedite the litigation.*

In appointing interim lead counsel, courts additionally consider whether the proposed leadership will "act fairly, efficiently, and economically in the interest of all parties and parties' counsel." MANUAL FOR COMPLEX LITIGATION (Fourth) § 10.22 (2004). "Prompted designation of capable counsel now who are able to proceed forcefully and promptly to help protect the prospective class, with the possibility of additional counsel from the plaintiffs' bar to be appointed subsequently to serve as a committee, will expedite this litigation and help ensure protection of the putative class." *In re Joint Eastern & Southern Districts Asbestos Litig.*, 132 F.R.D. 332, 333-34 (E.D.N.Y. 1990). As discussed above, TZ and BF have already demonstrated that they are well suited to litigate this action in an efficient manner in the best

8

interest of the class. BF, which filed the first case against Frontier in this District, and TZ, which filed the first case in the nation, have agreed to coordinate efforts to benefit the putative class named in the consolidated action. For efficiency, TZ agreed to transfer of the first-filed *Obertman* action to this District where Frontier is based. And, despite being first-filed, have avoided needless discovery and motion practice at this early juncture prior to the appointment of interim lead counsel.

     vi.  The First-Filed Rule Supports The Appointment Of TZ And BF

  "Where consideration of other relevant factors does not tilt heavily in either direction and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint." *Easton*, 2013 WL 12323847, at *2; *Kramer*, 2020 WL 4429386, at *2 ("[T]he Court appoints Bursor & Fisher and Dovel & Luner as Interim Co-Lead Class Counsel … [T]hese law firms were the first and second to file. Thus, where the question is a close one, this method serves as an objective basis for choosing among highly qualified counsel and their law firms."); *Richey v. Ells*, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action.").

  Here, even if the experience of counsel in each of the consolidated actions is comparable, the first-filed rule warrants that TZ and BF be appointed. TZ filed the first class action in the nation against Frontier, and BF filed the second class action, and the first in Frontier's home district. These two actions were weeks, even months, ahead of the others. Accordingly, the first-filed rule tilts the scale in favor of appointing TZ and BF as interim class counsel.

    **B.**  **The Court Should Appoint Kamberlaw As Interim Liaison Counsel**

  Counsel intends to work with KamberLaw, experienced local attorneys with complimentary skill sets, as interim liaison counsel. If appointed, KamberLaw will have

particular responsibilities of: (a) communicating with the Court concerning scheduling and other administrative matters; (b) maintaining an up-to-date service list to streamline communications with non-appointed counsel; (c) receiving and distributing, as appropriate, communications with the Court that are not electronically filed; and (d) providing guidance regarding this Court's practices and procedures. The use of interim liaison counsel is common practice. *See*, *e.g.*, MANUAL FOR COMPLEX LITIGATION (Fourth) § 10.221 (2002); *See Ehler*, 2009 WL 1392075, at *2 (appointing interim liaison counsel); *Dorn v. Mueller,* 2010 WL 2232418, at *1-2 (D. Colo. May 28, 2010) (same).

KamberLaw is more than qualified to serve as interim liaison counsel in this action. KamberLaw has been appointed lead or co-lead interim class counsel in numerous nationwide class cases. *See*, *e.g.*, *In re: Hill's Pet Nutrition, Inc., Dog Food Prod. Liab. Litig.,* 19-md-2887-JAR-TJJ (D. Kan. 2019) (appointed KamberLaw as co-lead class counsel pursuant to 23(g)); *In re McCormick & Co., Inc. Pepper Products Marketing and Sales Practices Litig*., MDL No. 2665 (D.D.C. 2015) (appointed KamberLaw as co-lead class counsel pursuant to 23(g) in case that resulted in multistate settlement); *In re Blue Buffalo Co. LTD*., MDL No.2562 (E.D. Mo 2014) (appointed sole lead counsel in nationwide case that resulted in $32 million settlement); *Lane v. Facebook, Inc.*, 2010 WL 901305, at *3 (N.D. Cal. Mar. 17, 2010) (appointed KamberLaw Class counsel that resulted in one of the most significant internet privacy settlements at that time, where court noted that KamberLaw "fairly and adequately protected the interests of the settlement class").

**V.    CONCLUSION**

For the reasons set forth above, Plaintiffs Obertman and Young respectfully request that the Court appoint TZ and BF as interim class counsel and KamberLaw as liaison counsel.

| | |
|---|---|
| Dated: October 1, 2020 | By:   /s/ Yeremey O. Krivoshey |

Yeremey O. Krivoshey
**BURSOR & FISHER, P.A.**
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ykrivoshey@bursor.com

Andrew J. Obergfell (*Admission Forthcoming*)
Max S. Roberts
**BURSOR & FISHER, P.A.**
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  aobergfell@bursor.com
            mroberts@bursor.com

*Attorneys for Plaintiff Melissa Young*

Annick M. Persinger
**TYCKO & ZAVAREEI, LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone No.: 510-254-6808
Facsimile No.: 202-973-0950
apersinger@tzlegal.com

Hassan A. Zavareei
**TYCKO & ZAVAREEI, LLP**
1828 L Street, N.W. Suite 1000
Washington, DC 20036
Telephone No.: 202-973-0900
Facsimile No.: 202-973-0950
hzavareei@tzlegal.com

*Attorneys for Plaintiff Feliks Obertman*

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served upon all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 1st day of October, 2020.

                  By:  */s/ Yeremey O. Krivoshey*
                         Yeremey O. Krivoshey