**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 20-cv-01153-PAB-KLM

(Consolidated with Civil Action Nos. 20-cv-01340-RM-NRN; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

---

### MOTION TO APPOINT INTERIM CO-LEAD COUNSEL AND LIAISON COUNSEL

---

Plaintiffs Shirley Johnson, Nelcy Alexa Rivera-De Leon, Piotr Tchorzewski, and Stephanie Muters who are plaintiffs in two of the six consolidated cases ("Plaintiffs"), respectfully request that the Court appoint Bryan L. Clobes of Cafferty Clobes Meriwether & Sprengel LLP ("Cafferty Clobes") and Shanon J. Carson of Berger Montague PC ("Berger Montague") as Interim Co-Lead Counsel, and Kathryn J. Stimson and Jamie Hubbard of Stimson Stancil LaBranche Hubbard, LLC ("SSLH") as Liaison Counsel (collectively, the "Cafferty Clobes/Berger Montague Team"). This team has the support of all the undersigned counsel.

As detailed below, the Cafferty Clobes/Berger Montague Team is eminently qualified to serve as Interim Lead Class Counsel under Rule 23(g) and will aggressively protect the interests of plaintiffs and the proposed class members. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). They are well versed in the facts and claims asserted, and performed an extensive, independent investigation and analysis of this matter. The firms have a reputation for professional integrity and success, and a track record of maximizing recovery for their clients. For example, Berger Montague, one of the nation's oldest and most respected class action law firms, successfully obtained *the largest trial verdict in Colorado history* (discussed below). Also, the undersigned attorneys coordinated and

initiated the drafting, filing and Court's consideration of a joint proposed scheduling order and its entry of an Order providing for the present lead counsel motions, both critical steps in advancing this litigation.  And most importantly, the undersigned counsel are well known and respected for working cooperatively and collegially with other law firms and defense counsel, and will do so here as well.

## I.     RELEVANT BACKGROUND

Six class action complaints have been filed against Frontier Airlines, Inc. ("Frontier") asserting claims on behalf of those who recently purchased tickets for Frontier flights that were subsequently cancelled or significantly delayed, and who were not provided a refund. *See* No. 20-cv-01518, ECF No. 1, ¶ 83; No. 20-cv-01751, ECF No. 1, ¶ 40. On Frontier's motion, the Court consolidated the six actions by Order dated July 21, 2020. ECF No. 35.

The Cafferty Clobes/Berger Montague Team spearheaded efforts to organize Plaintiffs' counsel and took the lead in preparing and filing the proposed scheduling order in this matter. ECF No. 27. On September 23, 2020, on their own accord and unopposed by Frontier after meeting and conferring, the Cafferty Clobes/Berger Montague Team filed a Motion for a Briefing Schedule for the Appointment of Interim Counsel Pursuant to Rule 23(g). ECF Nos. 39, 40. The following day, on September 24, 2020, the Court granted the motion and directed that applications for the appointment of Interim Lead and Liaison counsel be submitted by October 1, 2020. ECF No. 41.

## II.    ARGUMENT

Courts routinely appoint interim lead counsel. *See Ehler v. IPEX, Inc.*, No. 08-cv-02220, 2009 WL 1392075, at *1-2 (D. Colo. May 15, 2019) (appointing interim lead counsel and liaison counsel prior to class certification). Doing so clarifies roles and empowers the appointed attorneys

to act on behalf of the class. *Roe v. Arch Coal, Inc.*, No. 15-cv-910, 2015 WL 6702288, at *2 (E.D. Mo. Nov. 2, 2015) (quoting Manual for Complex Litigation, Fourth ("MCL") § 211.11). This is important as in any class action there are numerous issues that plaintiffs need to address with a single voice. Here, plaintiffs in six actions have asserted varying claims with respect to Frontier's conduct, including claims brought under multiple state laws, and any determination of the claims should await this Court's appointment of lead counsel, who will be entrusted with those decisions.

The undersigned counsel respectfully propose that a leadership structure with two co-lead counsel from national firms – Bryan L. Clobes of Cafferty Clobes Meriwether & Sprengel LLP and Shanon J. Carson of Berger Montague PC, and liaison (local) counsel, Kathryn J. Stimson and Jamie Hubbard of Stimson Stancil LaBranche Hubbard, LLC, who are located near the court and familiar with the local bench and bar, will best and most efficiently serve the needs of the case.

### A.     The Cafferty Clobes/Berger Montague Team Should be Appointed to Protect the Interests of the Proposed Class

When appointing interim class counsel, courts consider the following factors set forth in Rule 23(g) of the Federal Rules of Civil Procedure:

(i)     the work counsel has done in identifying or investigating potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A)(i)-(iv). Rule 23(g)(1)(B) also allows a court to "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class" when appointing class counsel, as well as "order [pursuant to Rule 23(g)(1)(C)] potential class

counsel to provide information on any subject pertinent to the appointment….” And, “[i]f more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.” FED. R. CIV. P. 23(g)(2).

Here, the Cafferty Clobes/Berger Montague Team satisfy these criteria and are best equipped to serve as co-lead and liaison counsel. Messrs. Clobes, Carson and their firms are well-qualified to serve as Interim Co-Lead Counsel and have demonstrated that they have and will continue to advocate for and protect the best interests of the class members. Their appointment comports with the purpose of Rule 23(g)(3). Appointing Messrs. Clobes and Carson will “clarif[y] responsibility for protecting the interests of the class[] during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.” MCL § 21.11. Furthermore, Messrs. Clobes and Carson are the attorneys best able to represent the interests of the class.

1. **The Cafferty Clobes/Berger Montague Team Conducted an Extensive Investigation Regarding the Facts of this Case**

Satisfying the first factor of the Rule 23(g) analysis, the Cafferty Clobes/Berger Montague Team represent plaintiffs who filed two of the six consolidated cases, and conducted an extensive investigation with respect to both cases, which included a due diligence review of Frontier's background, practices at issue, and client information. In addition, the undersigned law firms have communicated with (and continue to communicate with) many potential class members across the country and thoroughly reviewed Frontier's conduct, contracts, statements, and claims. They also researched the law concerning the preemption of claims against airlines and analyzed numerous potential causes of action before ultimately filing their detailed pleadings. Recognizing the fluid nature of the various reactions of businesses to the disruptions caused by the Pandemic, the

Cafferty Clobes/Berger Montague Team also waited before filing to see how Frontier would ultimately decide to address flights cancelled due to COVID-19. When it became clear that Frontier was breaching its contractual obligations, the Cafferty Clobes/Berger Montague Team made the decision to file on behalf of their clients and class members.

> **2.**   **The Cafferty Clobes/Berger Montague Team Consists of Law Firms with Substantial Consumer Class Action Experience**

The Cafferty Clobes/Berger Montague Team also easily satisfy the second prong of the Rule 23(g) analysis. First, Bryan Clobes is a named partner and principal of Cafferty Clobes, a national leader in litigating complex class actions that has recovered billions of dollars for consumers since its founding in 1992. Mr. Clobes' and the firm's experience and leadership, which are set forth in detail in the firm resume attached as Exhibit A, uniquely positions them to serve as co-lead counsel in this case.

Mr. Clobes is well qualified to lead this litigation. After clerking in the federal district and circuit courts, he served for almost four years as Trial Counsel to the Commodity Futures Trading Commission in Washington, D.C.  Since then, he has served as lead counsel in scores of class cases, is an expert in class action litigation, has led cases producing billions of dollars in recoveries by consumers, and has been a SuperLawyer and Martindale Hubbell AV plus rated lawyer for the past two decades.  A few examples of his work and leadership experience in national class actions include:

- ***In re Insurance Brokerage Antitrust Litig.***, MDL No. 1663 (D.N.J.). Cafferty Clobes was appointed Co-Lead Counsel in this class case led by Mr. Clobes against scores of national insurers and brokers  alleging that insurance brokers and insurers conspired in a complicated scheme to maximize their own profits at the expense of class members. After a successful appeal to the Third Circuit challenging a dispositive ruling and a finally approved partial settlement, eventual settlements exceeded $300 million.

- ***In re: General Motors Corp. Air Conditioning Marketing and Sales Practices Litigation***, No. 18-md-02818 (E.D. Mich.). Mr. Clobes serves as Co-Lead Counsel in this class action brought on behalf of millions of consumers who purchased vehicles with defective air conditioners which cost consumers upwards of $1,500 per vehicle to repair.

- ***Squires, et al., v. Toyota Motor Corp., et al.,*** No. 18-cv-00138 (E.D. Tex.). Cafferty Clobes investigated, originated and filed the first and only consumer class action led by Mr. Clobes on behalf of hundreds of thousands of owners of Toyota Prius vehicles that suffer from a defect that causes windshields to crack and fail in ordinary driving conditions.

- ***Kamakahi v. American Society for Reproductive Medicine***, No. 3:11-cv-01781 (N.D. Cal.). Mr. Clobes led this cutting edge case challenging the legality of ethical guidelines promulgated by two professional associations that limited the compensation for women providing donor services for in-vitro fertilization. Cafferty Clobes achieved a groundbreaking settlement that required defendants to eliminate the compensation caps.

Moreover, Mr. Clobes and Cafferty Clobes have filed and are leading a number of similar COVID-19 cases arising from similar refusals to issue refunds to consumers, which will provide valuable relevant experience in this case. *See Compo v. United Airlines, Inc., et al.*, No. 1:20-cv-02166 (N.D. Ill.); *Menzel v. StubHub, Inc.*, No. CGC-20-584382 (Cal. Sup. Ct. San Fran. Co.); *Bromley, et al. v. SXSW, LLC, et al.*, No. 1:20-cv-00439 (W.D. Tex.); *Cahill, et al. v. Turnkey Vacation Rentals, Inc.*, No. 1:20-cv-00441 (W.D. Tex.); *Hernandez v. Ultra Enterprises, Inc.*, No. 1:20-cv-22185 (S.D. Fla.).

Turning next to Berger Montague, successfully leading complex class actions is the firm's stock-in-trade over its 50-year history. Since 1970, Berger Montague has been appointed to leadership positions in hundreds of class cases and dozens of MDLs and obtained well over $30 billion for its clients and the classes they have represented. *See, e.g.*, *State of Conn. v. Philip Morris, Sup. Ct., Jud. Dist. of Waterbury*, No. X02 CV960148414S (Conn.) (co-counsel to the State of Connecticut, which received the fifth largest award from the 50 State Strategic

Contribution Fund); *Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-01720-JG-JO (E.D.N.Y.) (Brody, J.) (co-lead counsel and obtained settlement with Visa and Mastercard requiring payments between $5.54 billion and $6.24 billion to the class in the largest-ever class action antitrust settlement in U.S. history); *Cook v. Rockwell Int'l Corp.*, No. 90-cv-00181-JLK (D. Colo.) (Kane, J.) (lead counsel in landmark litigation for homeowners affected by nuclear waste at the Rocky Flats facility; tried to the largest verdict in Colorado history; involved multiple appeals, and resulted in $375 million settlement).[1] The firm's resume is attached as Exhibit B. The National Law Journal, which recognizes a select group of law firms each year that have done "exemplary, cutting-edge work on the plaintiffs' side," has selected Berger Montague for its "Hot List" of top plaintiff-oriented litigation firms in the United States in 12 out of the last 14 years and for its "Elite Trial Lawyers" list from 2018 to 2020.

Mr. Carson is a Managing Shareholder and member of the Executive Committee at Berger Montague. He is qualified to serve as Interim Lead Class Counsel based on his history of successfully prosecuting many complex consumer class actions and his involvement in this matter. Below are just a few examples of consumer cases in which Mr. Carson has been appointed as lead or co-lead class counsel:[2]

- *Allergan BIOCELL Textured Breast Implant Products Liability Litigation*, No. 2:19-md-02921, MDL No. 2921 (D.N.J.). Mr. Carson is currently serving as Co-Lead Counsel in this MDL class action/mass tort hybrid litigation on behalf of over 200,000 women implanted with textured breast implants.

- *Beckett v. Aetna, Inc.,* No. 17-cv-03864 (E.D. Pa.). Mr. Carson served as Co-Lead Counsel in this case involving the public disclosure of patient HIV information.

---

[1] In ruling for the plaintiffs on appeal, then-Judge (now Supreme Court Justice) Neil Gorsuch praised Class Counsel's "judicial jiu jitsu" in litigating the case through the second appeal.
[2] *See* Shanon J. Carson Bio, available at https://bergermontague.com/attorneys/shanon-j-carson/ for additional information regarding Mr. Carson's class action experience.

The case settled in 2018 within only a few months after it was filed, resulting in a non-reversionary $17 million cash fund plus significant non-monetary relief.

- *In re CertainTeed Fiber Cement Siding Litigation*, MDL No. 2270 (E.D. Pa.). Mr. Carson served as one of two Co-Lead Counsel and obtained a non-reversionary cash settlement of over $103 million in this MDL product liability class action on behalf of consumers who suffered damages from defective fiber cement siding.

- *Citibank Force-Placed Insurance Litigation*, Nos. 5:12-cv-00820, 1:13-cv-353 (N.D.N.Y.). Mr. Carson served as one of two Co-Lead Counsel and obtained a settlement valued at $110 million in this consolidated class action on behalf of nationwide classes of borrowers whose mortgage loans were serviced by Citibank or CitiMortgage and who were force-placed with hazard, flood, or wind insurance.

Additionally, Berger Montague is particularly skilled in handling electronic discovery. Berger Montague employs several attorneys that dedicate their practice to e-discovery and related issues, which will provide a critical resource in the prosecution of this consumer class action.

Mr. Clobes and Mr. Carson will also work closely with local counsel Kathryn Stimson and Jamie Hubbard, who are excellent Colorado trial lawyers. For the past three years, Ms. Stimson has served as Chair of the Criminal Justice Act Panel Attorneys, and over the past 15 years has taken more than 70 cases to trial in state and federal court in Colorado. Ms. Stimson will be assisted by her partner Jamie Hubbard, a respected Colorado trial lawyer who began her career as a civil litigation associate at a top national firm and then spent nearly a decade working in the federal courts, including as a career law clerk for U.S. District Court Judge William J. Martinez. The depth and breadth of Ms. Stimson and Ms. Hubbard's local litigation experience will be invaluable and will help ensure this matter is effectively litigated.

### 3. Mr. Clobes, Mr. Carson and their Firms are Well Versed in the Relevant Law

"Experience and knowledge of the law is of the utmost importance when determining lead counsel." *Outten v. Wilmington Tr. Corp.,* 281 F.R.D. 193, 200 (D. Del. 2012); *see also In re*

*Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). Here, as illustrated by the attached resumes, Mr. Clobes, Mr. Carson and their firms have practiced class action law for decades and handled complex matters and pressed claims successfully through class certification and to settlement. They have deep knowledge of the relevant law, including, without limitation, both the law governing the consumer claims (including in similar cases involving airlines), as well as class action law.

    **4.**  **The Cafferty Clobes/Berger Montague Team have the Resources to Properly Prosecute this Case in a Timely Manner**

    Finally, with respect to the fourth Rule 23(g) factor, the undersigned counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of plaintiffs' and the class members' claims. They have a lengthy record of success leading complex consumer class action cases against some of the largest and richest corporations in the world. Cafferty Clobes and Berger Montague are top-tier national plaintiffs' class action law firms. The Cafferty Clobes/Berger Montague Team have already committed significant research, writing, and organizational resources to this case, and will continue to devote the required resources to advance the interests of plaintiffs and the class. These firms' lengthy record of success, as illustrated by their respective resumes attached as Exhibit A and B, leading complex consumer class action cases against many large companies, fully demonstrates this commitment.

    **5.**  **Active Leadership and Ability to Work Cooperatively with Others**

    In addition to the criteria in Rule 23(g)(1)(A), courts may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R.

CIV. P. 23(g)(1)(B). Here, the undersigned attorneys coordinated and initiated the drafting, filing and Court's consideration of a joint proposed scheduling order and its entry of an Order providing for the present lead counsel motions, both critical steps in advancing this litigation.  In addition, the Cafferty Clobes/Berger Montague Team has collectively developed and maintained close, cooperative, and productive working relationships with most of the lawyers and firms who have filed the six consolidated cases. If appointed, Cafferty Clobes and Berger Montague will continue their collaborative approach to leading this case, and will draw on the skill and experience of the other plaintiffs' lawyers in the case as they deem necessary and appropriate. They, moreover, would work well together with any other counsel the Court may appoint to a leadership role should the court believe appointment of additional counsel is necessary.

Last, to further ensure efficiency and avoid duplication, the undersigned will submit a time and expense protocol for court approval within seven days of any order appointing interim class counsel.

IV.    **CONCLUSION**

For the many reasons detailed above, the Cafferty Clobes/Berger Montague Team are exceptionally qualified and best able to represent the proposed class members in this consolidated litigation. Accordingly, Plaintiffs respectfully request that the Court appoint Bryan Clobes of Cafferty Clobes Meriwether & Sprengel LLP and Shanon J. Carson of Berger Montague PC as Interim Co-Lead Counsel and Kathryn J. Stimson and Jamie Hubbard of Stimson Stancil LaBranche Hubbard, LLC as Liaison Counsel.

Dated: October 1, 2020

Respectfully submitted,

*s/ Kathryn J. Stimson*
Kathryn J. Stimson
Jamie Hubbard
**STIMSON STANCIL LABRANCHE HUBBARD, LLC**
1652 Downing Street
Denver, CO 80218
Telephone: (720) 689-8909
Email: stimson@sslhlaw.com
       hubbard@sslhlaw.com

***Proposed Interim Liaison Counsel***

Bryan L. Clobes
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe St.
Media, PA 19063
Telephone: (215) 864-2800
Email: bclobes@caffertyclobes.com

Daniel O. Herrera
Christopher P.T. Tourek
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
150 S. Wacker, Suite 3000
Chicago, IL 60606
Telephone: (312) 782-4880
Email: dherrera@caffertyclobes.com
       ctourek@caffertyclobes.com

***Attorneys for Plaintiff Nelcy Alexa Rivera-De Leon
and Proposed Interim Co-Lead Counsel***

Shanon J. Carson
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net

John G. Albanese
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5997
Email: jalbanese@bm.net

***Attorneys for Plaintiff Shirley Johnson and Proposed Interim Co-Lead Counsel***

Joseph G. Sauder
Joseph B. Kenney
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
Email: jgs@sstriallawyers.com
        jbk@sstriallawyers.com

Adam E. Polk
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: apolk@girardsharp.com

***Additional Plaintiffs' Counsel***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2020, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system, which will send notification of such

filing to all CM/ECF registrant(s) who have entered an appearance in this case.


           *s/ Brenda Rodriguez*
           Brenda Rodriguez