IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RN-NRN; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re FRONTIER AIRLINES LITIGATION

**GIBBS LAW GROUP'S MOTION FOR
APPOINTMENT AS INTERIM CLASS COUNSEL**

When COVID-19 began to spread throughout the United States earlier this year, Frontier Airlines canceled a large number of its scheduled flights. This litigation raises a simple question: is Frontier allowed to keep the money consumers paid for those canceled flights?

Although numerous consumers filed class actions, answering this question will not require a large team of law firms. Because federal law preempts many potential claims, the case will boil down to whether Frontier breached the express terms of its uniform contract with its customers. One or at most two experienced class action firms can efficiently prosecute this breach of contract claim. To that end, Plaintiff Lakinya Bess respectfully requests that the Court appoint Gibbs Law Group, led by Karen Barth Menzies and Michael Schrag, to serve as interim class counsel. Gibbs Law Group is willing to serve as sole-appointed interim class counsel, or alongside any of the other well-qualified applicants.

Gibbs Law Group is a nationally renowned law firm and was recently recognized as one of the top four Plaintiff-side class action practice groups in the country by *Law360*. The firm has a strong track record in consumer litigation, often obtaining advantageous settlements that benefit both the class and the interests of judicial economy, and has demonstrated the skill and resources needed to effectively litigate this breach of contract class action. Gibbs Law Group would welcome the opportunity to represent Frontier customers in their quest for refunds and respectfully asks that the Court appoint it as interim class counsel.

1

# ARGUMENT

## I. Federal Rule 23(g) empowers the Court to appoint interim class counsel before the class-certification stage

When a proposed class action advances to the certification stage, Rule 23 requires the appointment of counsel to represent the class. Fed. R. Civ. P. 23(g)(1). The same rule recognizes that before certification, appointing counsel is often appropriate. Fed. R. Civ. P. 23(g)(3). This appointment of "interim" class counsel empowers courts to designate "counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Dorn v. Mueller*, No. 10-cv-925, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010) (quoting Fed. R. Civ. P. 23(g)(3)).

In litigation like this, where various law firms represent members of overlapping proposed classes, the appointment of interim class counsel provides case-management benefits such as clarifying attorneys' roles and responsibilities, and empowering interim counsel to speak and act on behalf of the proposed class. It also assures defense counsel they are dealing with the correct representatives when discussing issues relating to discovery or settlement. *See* Manual for Complex Litig. §§ 10.221, 21.11, 40.22.

This litigation, where numerous Plaintiffs filed class actions in the same court, presents the prototypical situation in which courts appoint interim class counsel. Doing so here will clarify responsibilities, streamline the litigation, and protect the interests of the proposed class members.

## II. Gibbs Law Group is best able to represent the class's interests

When faced with competing applications for interim class counsel, courts typically consider (a) the applicants' experience in handling class actions and the types of claims asserted in the action; (b) the applicants' knowledge of the applicable law; (c) the resources the applicants can devote to representing the class; and (d) the work each applicant has done identifying or investigating potential claims. Fed. R. Civ. P. 23(g)(1)(A).

If multiple applicants are capable of adequately representing the proposed class's interests, the Court should "appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2)(B).

### A. Gibbs Law Group's experience handling this type of class action

Gibbs Law Group has handled dozens of consumer class actions like this one and has recovered hundreds of millions of dollars for class members. Gibbs Law Group lawyers have earned a national reputation for their innovative strategies and relentless efforts to advance consumer rights through class litigation. In the last year, the firm was named a *Law360* Class Action Group of the Year and *Daily Journal* Top Boutique Law Firm in California; its attorneys won two California Lawyer Attorney of the Year (CLAY) Awards; its founding partner was recognized as a *Law360* Titan of the Plaintiffs Bar and one of *Lawdragon's* 500 Leading Plaintiff Consumer Lawyers; and senior partners Michael Schrag and Karen Barth Menzies were each recognized by *Best Lawyers in America 2020-2021*, Mr. Schrag for his work in class actions and Ms. Menzies for her work in personal injury. Gibbs Law Group attorneys have also drawn praise from courts across the country:

- ➢ "Throughout this litigation, Class Counsel has consistently demonstrated superb candor, diligence, organization, and aptitude." *In re: Vizio, Inc. Consumer Privacy Litigation*, No. 16-ml-02963 (C.D. Cal. July 31, 2019) (Staton, J.), ECF No. 337 at 14

- ➢ "[T]his is an extraordinarily complex case and an extraordinarily creative solution. … I wanna thank you and compliment you gentlemen. It's been a real pleasure to work with you." *Glenn v. Hyundia Motor Am.*, 8:15-cv-2052, ECF No. 275 at 14-15 (C.D. Cal., Feb. 25, 2019) (Carter, J.)

- ➢ "You made it very easy to deal with this case and clearly your years of expertise have carried the day here. Nice work. Thank you." *In re American Honda Motor Co., Inc., CR-V Vibration Litig.*, No. 2:15-md-2661, ECF No. 108 at 27 (S.D. Ohio Dec. 7, 2018) (Watson, J.)

- ➢ "This [$51.15 million] settlement could not have been achieved without the skill and experience that Class Counsel applied in the face of legal hurdles at every turn." *Beaver v. Tarsadia Hotels*, 11-cv-1842–GPC, ECF No. 314 at 23 (S.D. Cal. Sept. 28, 2017) (Curiel, J.)

Michael Schrag and Gibbs Law Group are currently part of the four-firm team representing over 200 plaintiffs in a complex litigation in this district before Judge Brimmer, where they recently defeated a large corporate defendant's motion for partial summary judgment. *RCHFU, LLC v. Marriott Vacations Worldwide Corporation*, 16-cv-01301-PAB-GPG, ECF No. 563 (D. Colo. Mar. 20, 2020) (Brimmer, J.). That case is set for trial in January 2021. Karen Barth Menzies is currently serving as co-lead counsel in

the *In re Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740 (E.D. La), where she is fighting for 12,000 plaintiffs who allege the drug Taxotere caused them permanent hair loss. She is also a member of Gibbs Law Group's team seeking to prevent insurance companies from denying business interruption coverage to businesses affected by COVID-19, where she brings to bear her wealth of experience with general liability discovery, ESI protocols and related matters. Other recent examples where Gibbs Law Group has successfully represented plaintiffs in class litigation include *In re Anthem, Inc. Data Breach Litig.*, MDL No. 2617, No. 15-md-02617-LHK, where Gibbs Law Group was part of the four-firm leadership team that obtained a $115 million cash settlement for victims of the largest healthcare data breach in history; *Barnett v. Facebook,* No. 16-cv-06232-JSW, where Gibbs Law Group worked with two other firms to negotiate a $40 million cash settlement for video advertisers after Facebook misreported the average time the ads were being watched; and *Hernandez v. Wells Fargo*, No. 18-cv-07354-WHA, where Gibbs Law Group and co-counsel recently negotiated an $18.5 million cash settlement to compensate 510 class members who lost their homes in foreclosure after Wells Fargo erroneously failed to offer them a government-mandated mortgage modification (settlement awaiting final approval).

While the firm endeavors to position cases for efficient and meaningful settlements whenever possible, Gibbs Law Group attorneys have also demonstrated their capability to take those cases through trial when necessary. For example, Mr. Schrag has helped try three class or multi-plaintiff actions—including one breach of contract class action—to a successful verdict or mid-trial settlement, including *Asokan v. American General Insurance Company*, No. 6:15-cv-02048 (M.D. Fla.); *Ammari v. Pacific Bell Directory*, No. RG05198014 (Cal. Super. Ct. Alameda Cty); and *Schwartz v. Visa*, No. 822404-4 (Cal. Super. Ct. Alameda Cty). Ms. Menzies served as lead trial counsel in bellwether pharmaceutical cases against Merck in the Fosamax coordinated cases in New Jersey (Atlantic County) and California (Orange County) state courts; she was part of the bellwether trial team in the Paxil birth defects coordinated actions filed against GlaxoSmithKline in Philadelphia, and most recently on the trial team for the first bellwether trial in the *Taxotere* MDL. Additional examples of Gibbs Law Group attorneys'

experience with class actions and complex litigation are detailed in Gibbs Law Group's firm resume, a copy of which has been submitted herewith. (Schrag Decl., Ex. 1.)

### B. Gibbs Law Group's knowledge of applicable law

Gibbs Law Group has an excellent track record in breach of contract class actions. In January, for example, Mr. Schrag and his team certified a nationwide breach of contract class in *Hernandez, supra*, and then promptly achieved a favorable settlement for the class. In June 2020, the firm secured settlement approval in a case involving a unique contract claim: for breach of the implied contractual duty to act with reasonable care. *See, generally LLE One, LLC et al. v. Facebook, Inc.*, No. 4:16-cv-6232 (N.D. Cal.). There, Gibbs Law Group delivered a $40 million cash settlement for the class, and the court complimented the firm's diligence and work in achieving the settlement. Previously, Gibbs Law Group represented consumers in a multidistrict litigation where the sole surviving claim was breach of the implied contractual duty of good faith and fair dealing. *See In re Chase Bank U.S.A., N.A."Check Loan" Contract Litig.*, No. 09-md-2032 (N.D. Cal.). The result was a $100 million cash settlement for the class. And before he joined Gibbs Law Group, Mr. Schrag was co-lead counsel in *Ammari, supra*, where he and his team certified a breach of contract class and obtained a $27 million judgment after a class trial and two appeals.

Gibbs Law Group attorneys also have experience in litigation where—like here—there was an informal credit offered by the defendant to class members before the litigation progressed, but where not all class members were satisfied. *See In re Hyundai & Kia*, No. 2:13-md-2424. In that case, a settlement was announced at the initial case management conference, and the court then appointed Eric Gibbs as liaison counsel to work with the settling and non-settling plaintiffs to manage confirmatory discovery and participate in further settlement negotiations. Those efforts led to a revised settlement after which the Court recognized that Gibbs Law Group "efficiently managed the requests from well over 20 different law firms and effectively represented [their] interests" in helping to generate an improved settlement for the class. Among the lawyers working on that litigation was Brian Clobes (counsel for plaintiff in *Rivera-De Leon* here), who was among the 20 non-settling firms and someone with whom

Gibbs Law Group regularly communicated.

If Plaintiffs prevail on the question of liability, they will also need to address damages. A full refund would be a good start, but part of what has so outraged consumers is that they have lost the use of money that rightly belongs to them at a time when it is needed most. Gibbs Law Group attorneys have confronted this sort of issue before in *In re Chase Bank, supra*, where Chase raised the minimum payments required on low-interest loans at a time when class members needed that credit most—during the Great Recession. Chase argued that class members were actually better off because they would pay less interest over the long run, but Gibbs Law Group and its co-counsel worked with damages experts to develop a model that appropriately valued class members' loss and ultimately achieved a $100 million cash settlement for the class. A similar approach will be important in this case to maximize class members' damages and recovery.

### C. The resources Gibbs Law Group will commit to the case

Gibbs Law Group attorneys pride themselves on their ability to match the resource-commitment of much larger firms, no matter how intense and long-lasting the litigation. In *Skold v. Intel*, No. 1-05-cv-039231 (Cal. Super. Ct. Santa Clara Cty.), for example, Gibbs Law Group spent a decade and over $2 million before reaching a settlement on the eve of trial. At the conclusion, Judge Peter H. Kirwan wrote that it was "abundantly clear that Class Counsel invested an incredible amount of time and costs … with no guarantee that they would prevail…. Simply put, Class Counsel earned their fees in this case."

This case is not likely to last as long or require the same outlay of capital, but if appointed to serve as interim class counsel, the Court can rest assured that Gibbs Law Group will devote whatever resources are required to ensure that class members are well-represented throughout the litigation. If appointed, Gibbs Law Group will staff the case with three attorneys who are fully capable of driving this litigation to resolution:

- Karen Barth Menzies, a senior partner at the firm, is a resident of Colorado and member of the District of Colorado bar. She is a nationally recognized attorney and has been appointed to serve as Lead and Liaison Counsel in a variety of complex cases around the country.

- Michael Schrag, also senior partner at the firm, has been recently recognized by *Best Lawyers in America 2020-2021* for his work in class actions and has certified two breach of contract classes.
- Joshua Bloomfield, an associate at the firm, has years of experience litigating complex antitrust and consumer-protection cases.

These three attorneys' experience and biographies are detailed further in the concurrently submitted firm resume.

While Gibbs Law Group is prepared to lead this litigation alone, they would also be happy to work alongside others if the Court determines that a multi-firm leadership structure would benefit the class. Gibbs Law Group attorneys have cooperated successfully in other cases with at least one of the firms in each of the five other consolidated cases and Mr. Schrag has conferred with several of them about this action.

  **D.**  **Work identifying and investigating potential claims**

Finally, Gibbs Law Group has already done the work necessary to investigate and initiate well-pleaded proceedings on behalf of their client. That work included (i) reviewing scores of consumer complaints about Frontier's refusal to provide refunds; (ii) interviewing many affected consumers to understand the typical class member experience and assess potential class representatives; (iii) researching the marketing of Frontier airline tickets as well as the Contract of Carriage and other related documents; (iv) researching Frontier's response to COVID-19 and the subsequent changes to its Contract of Carriage; (v) researching and evaluating Frontier's credit offers and consumers' rejections of those offers; (vi) identifying and developing legal claims, ultimately selecting the one that fit the case; and (vii) evaluating Frontier's likely defenses, including its public statements about the flights it canceled.

And just as important as what the firm has already done, Gibbs Law Group has also avoided spending time and energy on unnecessary work—including not alleging causes of action preempted by federal law and focusing on the breach of contract claim.

7

## CONCLUSION

Karen Barth Menzies, Michael Schrag, and Joshua Bloomfield of Gibbs Law Group stand ready and are "best able" to serve as interim class counsel in this litigation. If the Court is inclined to appoint an additional firm, Gibbs Law Group will work cooperatively, efficiently, and productively with any of the other firms seeking appointment.

Dated:  October 1, 2020

Respectfully submitted,

**GIBBS LAW GROUP LLP**

By: */s/ Karen Barth Menzies*

Karen Barth Menzies
Michael L. Schrag
Joshua J. Bloomfield
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
kbm@classlawgroup.com
mls@classlawgroup.com
jjb@classlawgroup.com

*Attorneys for Plaintiff Lakinya Bess
and the Proposed Class*