IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RN-NRN; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re FRONTIER AIRLINES LITIGATION
_____

**ORDER**
_____

This matter is before the Court on the following four motions: (1) the **Motion to Appoint Tina Wolfson as Interim Lead Class Counsel by Plaintiffs Jamie Sweet and Stephanie Faust** [#42] ("Motion to Appoint Wolfson"); (2) **Plaintiffs' Motion to Appoint Interim Class Counsel Under Rule 23(g)** [#44] filed by Plaintiffs Feliks Obertman and Melissa Young seeking to appoint Tycko & Zavareei LLP ("TZ") and Bursor and Fisher P.A. ("BF"), as interim co-lead counsel in this action, with KamberLaw, LLC ("KamberLaw") as liaison counsel ("Motion to Appoint TZ"); (3) **Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel** [#45] filed by Plaintiffs Shirley Johnson, Nelcy Alexa Rivera-De Leon, Piotr Tchorzewski, and Stephanie Muters seeking to appoint Bryan L. Clobes of Cafferty Clobes Meriwether & Sprengel LLP and Shanon J. Carson of Berger Montague PC as Interim Co-Lead Counsel, and Kathryn J. Stimson and Jamie Hubbard of Stimson Stancil LaBranche Hubbard, LLC as Liaison Counsel("Motion to Appoint the Cafferty Clobes/Berger Montague Team"); and (4) **Gibbs Law Group's Motion for Appointment as Interim Class Counsel** [#46] ("Motion to Appoint Gibbs Law Group") (collectively "the Motions").  A hearing was held on the Motions on December 10, 2020.

-1-

The Court has reviewed the Motions, the entire case file, and the applicable law, considered the arguments at the hearing, and is sufficiently advised in the premises. For the reasons set forth below, the Court **grants** the Motion to Appoint the Cafferty Clobes/Berger Montague Team [#45] as interim lead counsel and liaison counsel. Accordingly, the other Motions [#42, #44, #46] are **denied**.

## I. Background

Six class action complaints have been filed against Frontier Airlines, Inc. ("Frontier") asserting claims on behalf of those who recently purchased tickets for Frontier flights that were subsequently cancelled or significantly delayed because of COVID-19, and who were not provided a refund. Each case asserts a putative class of persons in the United States who purchased such airline tickets from Frontier Airlines. On Frontier's motion [#28], the Court consolidated the six actions by Order dated July 21, 2020 [#85].

By Minute Order [#41] of September 24, 2020, the Court granted a Motion for Briefing Scheduling for the Appointment of Interim Counsel Pursuant to Fed. R. Civ. P. 23(g) [#39]. The instant Motions were then filed in accordance with the schedule stated in the Minute Order [#41].

## II. Analysis

Fed. R. Civ. P. 23(g) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In litigation like this, where various law firms represent members of overlapping proposed classes, the appointment of interim class counsel "may be helpful in 'clarify[ing] responsibility for protecting the interests of the case during precertification issues, such as

making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Roe v. Arch Coal, Inc.*, No. 4:15-CV-919 (CEJ, 4:15-CV-1026 (SNLJ), 2015 WL 5702288, at *2 (E.D. Mo. Nov. 2, 2015) (quoting Federal Judicial Center, Manual for Complex Litigation § 211.11 (4th ed. 2004)).

In appointing interim counsel, courts generally consider the factors stated in Fed. R. Civ. P. 23(g): (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

"If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Further, "[w]here consideration of other relevant factors does not tilt heavily in either direction and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint." *Easton v. Bailey*, 2013 WL 12323847, at *2 (C.D. Cal. Jan. 4, 2013); *Kramer v. Alterra Mountain Co.*, 2020 WL 4429386, at *2 (D. Colo. July 31, 2020) (appointing BF as interim co-lead based in large part on their first-filed status).

Having considered the Motions, the Court finds that appointment of interim counsel and liaison counsel is appropriate in these consolidated cases against Frontier. The Court further finds that all counsel who have been sought to be appointed are eminently qualified, and that the putative class would be well-served by any of the counsel as they have each demonstrated that they would fairly and adequately represent the interests of the putative

class. This is thus a difficult decision for the Court. However, after considering the criteria, the Motions and attached resumes, and the oral argument, the Court finds that the appointment of the Cafferty Clobes/Berger Montague Team best represents the interests of the putative class in this consolidated action.

First, as to the work counsel has done in identifying or investigating potential claims in the action, the Cafferty Clobes/Berger Montague Team represents Plaintiffs who filed two of the six consolidated cases, and has been in communication with many other potential class members across the country. *See Motion* [#45] at 4. The Team represents that it conducted an extensive investigation with respect to both cases, which included a due diligence review of Frontier's background, practices at issue, and client information, as well as Frontier's conduct, contracts, statements, and claims. *Id.* The Cafferty Clobes/Berger Montague Team also researched the law concerning the preemption of claims against airlines and analyzed numerous potential causes of action before ultimately filing their detailed pleadings. *Id.*

As to the second factor, the Court finds that the Cafferty Clobes/Berger Montague Team has substantial experience in handling class actions throughout the country. Bryan Clobes is a named partner and principal of Cafferty Clobes, a leader in litigating complex class actions that has recovered billions of dollars for consumers since its founding in 1992. *See Motion* [#45] at 5. Mr. Clobes has served as lead counsel in scores of class cases, and has filed and is leading a number of COVID-19 cases arising from similar refusals to issue refunds to consumers. *Id.* at 5-6. This will provide valuable relevant experience to the claims in this case.

Shanon J. Carson, a Managing Shareholder and member of the Executive Committee at Berger Montague, and that firm, also have substantial experience in leading and successfully prosecuting complex class actions as outlined in the Motion [#45] at 6-8, and Berger Montague is purportedly particularly skilled in handling electronic discovery. *Id.* at 8. Given the depth of experience of Mr. Clobes, Mr. Carson, and their national firms in handling complex class litigation as indicated by the Motion [#45] and their attached resumes, the Court finds that they are well versed in the relevant law and have the resources to vigorously and timely prosecute this case, the final two factors to consider.

Additionally in considering "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[,]" Fed. R. Civ. P. 23(g)(1)(B), the Court notes that the Clobes/Berger Montague Team took the lead in organizing counsel and preparing the proposed scheduling order [#37] in this matter. *See Motion* [#45] at 2, 10. Also, on their own accord and unopposed by Frontier, the Team filed the Motion for a Briefing Schedule for the Appointment of Interim Counsel Pursuant to Rule 23(g) [#39]. *Id.* Both were substantial steps in advancing this litigation.

The Cafferty Clobes/Berger Montague Team also represents that it has collectively developed and maintained close, cooperative, and productive working relationships with most of the lawyers and firms who have filed the six consolidated cases. *Motion* [#55] at 9. If appointed, the Court anticipates that this Team will continue their collaborative approach to leading this case, and will draw on the skill and experience of the other Plaintiffs' lawyers in the case as they deem necessary and appropriate. Additionally, the Cafferty Clobes/Berger Montague Team states that to further ensure efficiency and avoid duplication, it will submit a time and expense protocol for court approval within seven days

of the order appointing interim class counsel. *Motion* [#45] at 10. Accordingly, the Court finds after a review of the relevant factors that the Cafferty Clobes/Berger Montague Team should be appointed as co-lead interim counsel.

Finally, the Court finds that the appointment of local counsel Kathryn J. Stimson and Jamie Hubbard of Stimson Stancil LaBranche Hubbard, LLC as liaison counsel to assist lead co-counsel is appropriate. Ms. Stimson and Ms. Hubbard are experienced litigators whose office is located near the court and who are familiar with the local bench and bar. Mr. Clobes and Mr. Carson assert that they will work closely with liaison counsel, and liaison counsel can also assist in administrative matters related to the putative class action.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion to Appoint the Cafferty Clobes/Berger Montague Team [#45] is **GRANTED**. Bryan L. Clobes of Cafferty Clobes Meriwether & Sprengel LLP and Shanon J. Carson of Berger Montague PC are **appointed** as Interim Co-Lead Counsel, and Kathryn J. Stimson and Jamie Hubbard of Stimson Stancil LaBranche Hubbard, LLC are **appointed** as Liaison Counsel.

IT IS FURTHER **ORDERED** that the Motion to Appoint Wolfson [#42], the Motion to Appoint TZ [#44], and the Motion to Appoint Gibbs Law Group [#46] are thus **denied**.

Dated: December 16, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

-6-