## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM

(Consolidated with Civil Action Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

---

### BILLING AND TIMEKEEPING PROTOCOL

---

The following Billing and Timekeeping Protocol shall be followed by all counsel for Plaintiffs in the above-captioned actions (the "Consolidated Actions") pending before Judge Philip A. Brimmer and Magistrate Judge Kristen L. Mix in the United States District Court for the District of Colorado:

1. Interim Co-Lead Counsel's responsibilities include assigning all work to be performed on behalf of Plaintiffs, and monitoring all time and expenses accrued by Plaintiffs' counsel in these Consolidated Actions. Accordingly, all time spent and expenses incurred in connection with this litigation must be recorded on a daily basis, and must be reasonable. Time is to be reported in intervals of tenths of an hour and must describe in detail the work performed. All work undertaken in this litigation must be expressly authorized by Interim Co-Lead Counsel. To facilitate the monitoring of time and expenses, each firm that is requested to perform any work on behalf of Plaintiffs must submit detailed monthly time and expenses to Interim Co-Lead Counsel, as directed. All time should be reported at the firm's regular billing rates in effect during the particular month(s) for which the firm is reporting.

1

2. Reports for the preceding month will be due on the 15th day of the next month (or next business day if the 15th day is a weekend or holiday) and should be sent via email to Bryan Clobes at bclobes@caffertyclobes.com and Daniel Herrera at dherrera@caffertyclobes.com. The first report will be due on January 15, 2021 and should include all time and expenses from inception of the case through December 31, 2020. Time and expenses incurred prior to the appointment of Interim Co-Lead Counsel may not ultimately be considered.

3. Each firm must submit its time and expenses in the proper format and on time. Time and expenses must be submitted in Microsoft Excel. Time and expenses sent in the wrong format will be sent back. Time and expenses that are not timely submitted may be rejected.

4. Interim Co-Lead Counsel reserves the right to not assign work to firms that are not current in their monthly time and expense reports, or that submit time or expenses that have not been authorized by Interim Co-Lead Counsel.

5. Work performed in this case without the express, specific authorization of Interim Co-Lead Counsel will not be compensable. This includes unauthorized reading and reviewing of correspondence and pleadings, appearances at hearings or depositions, and travel time and expenses related to such appearances.

6. To the extent practical and time allowing, all billings may be audited and billings that Interim Co-Lead Counsel do not believe are appropriate or redundant may be disallowed before the time is submitted to the Court or at any time thereafter. Because it may not be efficient for Interim Co-Lead Counsel to conduct audits on a monthly basis, the fact that time is allowed at one point in time does not mean that all or any of the time that is not disallowed will be either compensable or submitted to the court in support of a fee application. Co-Lead Counsel will

examine -- and re-examine -- all time in a comprehensive way before any fee application is submitted to determine, based upon a complete picture of how the case was prosecuted, how each firm's time should be treated, and to ensure that the Court does not receive time that was not necessary or redundant.

7. To be considered in the proper format, all billing entries must include fulsome, clear descriptions of every time entry made by counsel.

8. Plaintiffs' group calls should not be staffed with more than one lawyer from any firm other than Interim Co-Lead Counsel.

9. Interim Co-Lead Counsel shall be mindful regarding the use of contract lawyers, including for document review purposes. Any use of contract lawyers by any firm must be expressly approved in writing by Interim Co-Lead Counsel in advance.

10. Interim Co-Lead Counsel may establish an account from which common expenses will be paid. Common expenses include such matters as filing and service costs related to the consolidated actions; deposition and court reporter fees; the cost of creating and operating a document depository; administrative expenses, such as the expenses associated with meetings and conference calls; expert and consultant fees and expenses; fees for electronic discovery, copying, and coding (done outside of a particular firm); witness expenses; fees for independent investigators; bank charges; and such other common expenses approved by Interim Co-Lead Counsel. No one other than Interim Co-Lead Counsel may incur common expenses without approval from Interim Co-Lead Counsel. Bills for approved common expenses should be sent for payment to Interim Co-Lead Counsel along with the monthly fee reporting detailed above. Any common expense will require advance approval from Interim Co-Lead Counsel before the expense

is paid. No costs or bills will be repaid until and unless there is a recovery in this case, unless otherwise approved by Interim Co-Lead Counsel.

11. All firms should report on a monthly basis all non-common expenses for which they may seek reimbursement. Non-common expenses should be reported at cost without any markups. If a fee is earned in this case, the allocation of the fee between the participating firms will be made by Interim Co-Lead Counsel when the fee has been earned.

**IT IS SO ORDERED.**

Date:

_____
Magistrate Judge Kristen L. Mix.