## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

---

### MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

---

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Frontier Airlines, Inc. ("Frontier") moves to dismiss Plaintiffs' Consolidated Class Action Complaint ("Complaint").[1]

### PRELIMINARY STATEMENT

The contract between the parties, Frontier's Contract of Carriage ("Contract"), expressly prohibits Plaintiffs from pursuing class action claims in the Complaint, and for this reason alone this Court should dismiss the class claims and this action under Rule 12(b)(6). Even if the Contract did not contain this prohibition, Plaintiffs, who seek refunds for air travel with Frontier canceled during the COVID-19 pandemic, fail to bring a viable breach of contract cause of action (their lone claim) because Frontier did not breach the Contract, and they lack damages. Plaintiffs cannot

---

[1] In the Joint Status Report filed on January 4, 2021, ECF No. 57, the parties agreed that "2. Plaintiffs shall file a Consolidated Class Action Complaint on or before January 29, 2021, which shall supersede any other pending complaints in the Consolidated Actions." Plaintiffs filed on January 29, 2021, ECF No. 62. Accordingly, this Court should issue an order dismissing all complaints filed in any of the consolidated actions, given the parties' agreement these complaints are all now superseded. *See also In re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 278, 282 (E.D. Pa. 2012) (noting that "[t]he allegations of the consolidated complaint superseded or replaced all of the previously-filed individual and consolidated complaints"). In a December 28, 2020 notice, former plaintiff Feliks Obertman dismissed his claims, brought in Case No. 20-cv-01689-STV. ECF No. 56. Frontier also notes that some plaintiffs in the consolidated actions are no longer active plaintiffs because they are not named as plaintiffs in the Consolidated Class Action Complaint. This includes Jamie Sweet and Stephanie Faust in Case No. 20-cv-01340-RM-RNR, Piotr Tchorzewski in Case No. 20-cv-01518-NRN, Lakinya Bess in Case No. 20-cv-01837-SKC, and Melissa Young in this case, Case No. 20-cv-01153-PAB-KLM.

incorporate federal law into their breach of contract claim to attempt to render the claim viable, and if they could, the claim would be preempted. The Contract and Colorado law also prohibit Plaintiffs from seeking any damages other than compensatory damages, including punitive damages. Further, Plaintiffs lack Constitutional standing under Rule 12(b)(1) to pursue injunctive relief because they do not allege that they plan future purchases of Frontier flights. Finally, the newly added Plaintiffs in the Complaint who had not previously filed complaints (Jeffrey Bone, ChaCha Powell, Danielle Porreca, David Dickstein, and Kelli Capra) must be dismissed because Plaintiffs did not ask, nor obtain permission from, this Court to add new plaintiffs to the Complaint.

## FACTUAL BACKGROUND

The COVID-19 pandemic forced air carriers like Frontier to significantly reduce their flights due to drastically lower consumer demand. Compl. ¶ 1. When passengers book travel aboard Frontier, they become bound by its Contract, which outlines the airline's obligations to its passengers in a variety of situations. *Id.* ¶ 117. The Contract specifies that when Frontier cancels a flight, it must attempt to reaccommodate the passenger on another Frontier flight, and if it is unable to do so and the passenger makes a specific request, refund the unused portion of the fare to the passenger. *Id.* ¶ 70. If a passenger does not specifically request a refund or cancels their travel *before* Frontier cancels that flight, the passenger is *not* entitled to a refund. *Id.*

Eight named Plaintiffs bring this lawsuit. Plaintiffs purchased tickets from Frontier and voluntarily cancelled their air travel *prior* to Frontier operating or cancelling their flights, or elected a travel credit upon notice by Frontier that their flight had been cancelled. *Id.* ¶¶ 17-19, 24-25, 28, 31, 34, 37, 40-41, 44. Certain Plaintiffs received e-mails from Frontier advising them of the option to cancel their flights in exchange for a future travel credit in the full amount of their airfare as well as a $50 future travel voucher per passenger. *Id.* ¶ 88. Plaintiffs allege they sought

a refund from Frontier, but Frontier would only provide a future travel credit. *Id.* ¶¶ 18, 25, 28, 31, 34, 37, 41, 44. Plaintiffs allege Frontier deceived them into voluntarily canceling their travel before Frontier did to avoid being required to provide them with refunds. *Id.* ¶ 129. Plaintiffs allege that Frontier breached its Contract by failing to provide them refunds. *Id.* ¶ 120. Plaintiffs bring one cause of action, breach of contract, on behalf of themselves and a putative nationwide class of Frontier passengers. *Id.* ¶¶ 104-130. Plaintiffs seek various damages, including punitive damages, injunctive relief and recovery of their attorney's fees. *Id.*, Prayer for Relief. Plaintiffs' recovery is barred on the four corners of the Complaint, and the Complaint should be dismissed.

## ARGUMENT

### I.  The Contract's Class Action Bar Precludes Plaintiffs' Class Action Claims

The Contract contains a valid and enforceable class action bar. Section 22.H provides:

> No Class Action – Any case brought pursuant to this Contract of Carriage, Frontier's Tarmac Delay Plan, or Frontier's Customer Service Plan may be brought in a party's individual capacity and not as a plaintiff or class member in any purported class or representative proceeding.

Compl. Exs. 1, 2 § 22.H. Since Plaintiffs bring this lawsuit pursuant to the Contract, they are barred from bringing this case as a putative class action and their class claims must be dismissed. Indisputably, the Contract governs the parties' relationship in this case. Plaintiffs do not challenge the applicability of the Contract or allege that *any* of its terms, *including the class action bar*, are ambiguous, inconspicuous, or unenforceable. Rather, Plaintiffs' sole cause of action, breach of contract, relies on and is brought pursuant to the Contract. To pursue their claim, Plaintiffs must prove the existence of a contract. *Marquardt v. Perry*, 200 P.3d 1126, 1129 (Colo. Ct. App. 2008). *See also Copper Oaks Master Home Owners Ass'n v. Am. Family Mut. Ins. Co.*, 416 F. Supp. 3d 1115, 1122 (D. Colo. 2019) ("Under Colorado law, a party bringing a breach of contract claim must show: (i) the existence of a legally-binding contract…").

Plaintiffs even attach two versions of the Contract as exhibits to the Complaint (with mirror § 22.H provisions) and rely on its provisions in asserting their claim. Compl. ¶¶ 68-77, 106-115, Exs. 1, 2. To the extent that their allegations conflict with the Contract's plain language, the Contract controls. *Wood v. Houghton Mifflin Harcourt Publ'g Co.*, 569 F. Supp. 2d 1135, 1139 (D. Colo. 2008) (noting that "if there is any dispute between the allegations in the complaint and the attached exhibits, the exhibits control").

Pursuant to the Contract, Colorado law governs this dispute. Compl. Exs. 1, 2 § 22.J ("This Contract of Carriage will be governed by and construed in accordance with the laws of the United States of America and the State of Colorado without regard to conflict of law principles or law"). Under Colorado law, contract interpretation is a question of law for a court to decide. *Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Invs. II, LLC*, 887 F.3d 1003, 1017 (10th Cir. 2018). "The primary goal of contract interpretation is to determine and effectuate the intent and reasonable expectations of the parties." *Id.* at 1018. "To determine the intent of the parties, the court should give effect to the plain and generally accepted meaning of the contractual language." *Id.* A court "should be wary of 'viewing clauses or phrases in isolation' . . . instead reading them in the context of the entire contract, 'seeking to harmonize and to give effect to all provisions so that none will be rendered meaningless.'" *Id.* (citations omitted). "On a motion to dismiss, allegations in a complaint 'do not overcome contradictory statements in the text of a contract attached to the complaint.'" *Id.* (citation omitted). Under Colorado law, the Contract's class action bar is enforceable. *See Bonanno v. Quizno's Franchise Co.*, LLC, 2009 U.S. Dist. LEXIS 37702, *56 (D. Colo. Apr. 20, 2009) (enforcing contract class action bar). When applying Colorado law, courts begin with the presumption that a contract provision is enforceable. *Allen v. Pacheco*, 71 P.3d 375, 378 (Colo. 2003) ("We will enforce the agreement as written unless there is an ambiguity in the

4

language"); *Thurmon v. Skipton*, 403 P.2d 211, 214 (Colo. 1965) ("Courts will enforce a contract as made, regardless of whether it is an improvident one from the standpoint of one of the parties.").

The Contract's class action bar is permissible under Federal Aviation Regulations ("FARs"). 14 C.F.R. § 253.2 provides that an airline's contract of carriage "applies to all scheduled direct air carrier operations" in interstate air transportation, and "applies to all contracts with passengers, for those operations." The contract commences upon the purchase of air transportation. 14 C.F.R. § 399.88(a). Airlines are permitted to incorporate contracts of carriage into passengers' tickets or other written instruments, 14 C.F.R. § 4(a), and the incorporated terms may include "[c]laims restrictions." 14 C.F.R. § 253.5(b)(2). The FARs do not prohibit class action bars in airlines' contracts of carriage. 14 C.F.R. § 1.1, *et seq.* Further, "it is well established that parties can agree to class action waivers." *Deluca v. Royal Caribbean Cruises, LTD*, 244 F. Supp. 3d 1342, 1346 (S.D. Fla. 2017) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)).

Courts enforce class action waivers in airlines' contracts of carriage to dismiss class action claims. *Román v. Spirit Airlines, Inc.*, 2020 U.S. Dist. LEXIS 182174 (S.D. Fla. Aug. 31, 2020). In *Román*, Spirit Airlines moved to dismiss consolidated putative class action cases, which related to Spirit's "Shortcut Security Program," in which passengers were offered the ability to skip the standard airport security line for an additional fee. *Id.* at *2. Plaintiffs, who had purchased the Shortcut Security Program, sued for breach of contract alleging that they never received the benefit of their bargain. *Id.* Spirit argued that its contract of carriage contained a class action waiver that barred the suit. *Id.* at *2-3. The court agreed, finding that the class action waiver provisions must be enforced because the contract of carriage governed the plaintiffs' rights and remedies and because the FARs permit contracts of carriage to incorporate claims restrictions. *Id.* at *19-21.

Likewise, Plaintiffs allege that they were parties to Frontier's Contract, which governs this

action. Compl. ¶¶ 68-77, 106-115. The class action bar precludes Plaintiffs from bringing class claims. *Id.,* Exs. 1, 2 § 22.H. It does not leave Plaintiffs or putative class members without remedies, or affect their substantive rights to bring an individual claim against Frontier. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) ("the Rules Enabling Act forbids interpreting Rule 23 to abridge, enlarge or modify any substantive right"); *Deluca*, 244 F. Supp. 3d at 1348 ("The Rule 23 class mechanism is procedural in nature, and as the Supreme Court noted in *Dukes*, does not affect substantive liability or rights"). Plaintiffs' class claims and this case should be dismissed.

## II.  The Complaint Fails to State a Claim for Breach of Contract

Plaintiffs fail to sufficiently plead a breach of contract claim because Frontier performed under the contract and they sustained no damages. The elements of a breach of contract claim are (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *Horton v. Bischof & Coffman Constr., LLC*, 217 P.3d 1262, 1271 (Colo. Ct. App. 2009). Plaintiffs' factual allegations show that Frontier met its obligations under the Contract by providing them with a credit for future air travel when they cancelled their travel before departure. Further, since Frontier also provided Plaintiffs with a $50 future travel voucher, Plaintiffs are unable to show that they sustained any damages as a result of any alleged non-performance by Frontier. Additionally, Plaintiffs' reliance on United States Department of Transportation ("DOT") regulations or enforcement notices to prove their breach of contract claim is flawed as federal regulations or guidelines are not incorporated into the terms of the Contract.

### A.  Frontier Performed Under the Contract

#### 1.  Frontier Had No Obligation to Refund Plaintiffs Who Canceled Their Flights

Plaintiffs Nelcy Alexa Rivera-De Leon, Stephanie Muters, Shirley Johnson, Danielle

Porreca and Kelli Capra allege they cancelled their own flights and received a credit for future travel from Frontier. Compl. ¶¶ 17-18, 24-25, 28, 34, 41, 44. Hence, they are not entitled to a refund under the plain language of the Contract. *See also Rudolph v. United Airlines Holdings*, 2021 U.S. Dist. LEXIS 27795, *22 (N.D. Ill. Feb. 12, 2021) ("Mr. Rudolph's claim fails in full, because, according to the complaint, Mr. Rudolph cancelled his flight before United did."). Under the Contract, "[i]f a passenger cancels a ticket before the scheduled flight departure time, the value of the ticket less a service fee will be retained for 90 days from the date of cancellation of the ticket in the form of an electronic credit." Compl. Exs. 1, 2 § 9.A.1. The breach of contract claim fails because Frontier performed under the Contract when it provided Plaintiffs with a future travel credit good for 90 days from voluntary cancellation. Frontier provided certain Plaintiffs with more than what they were entitled to under the Contract by also providing them with a $50 future travel voucher when they cancelled their travel. *See e.g.,* Compl. ¶ 23.

### 2.   Frontier Performed Under the Contract with Respect to the Other Plaintiffs

Section 18 of the Contract governs situations where there is a failure to operate on schedule or a failure to carry, and has three relevant subsections as to Plaintiffs' allegations: A – Liability Limited, C – Delay, Misconnection, or Cancellation, and E – Schedule Change Prior to Day of Travel. Compl. Exs 1, 2 § 18. These subsections address Frontier's obligations in the event of a cancellation or schedule change and demonstrate that Frontier complied with the Contract.

Plaintiff Jeffrey Bone's allegations are vague and do not raise a valid breach of contract claim. Mr. Bone alleges that Frontier cancelled his flight and refused to provide him a refund, claiming that he had accepted a schedule change. Compl. ¶ 31. He further alleges that Frontier offered him a travel credit and a $50 travel voucher. *Id.* Mr. Bone provides no further details as to why his flight was allegedly cancelled, the import of the schedule change, or whether he had

250747775v.1

accepted the change. The Contract allows Frontier to cancel flights and not provide full refunds under certain circumstances. Compl. Exs. 1, 2 § 18. For example, § 18.C allows Frontier to rebook passengers on later flights in the event of a cancellation and a refund is not required in that circumstance. *Id.* at § 18.C. Under § 18.E, refunds due to schedule changes are not required unless Frontier determines that the schedule change was significant.[2] *Id.* at § 18.E. Mr. Bone does not allege that Frontier could not or otherwise refused to rebook him or that Frontier had determined that the schedule change was significant. Without specific allegations that demonstrate an actual breach of contract under the terms of the Contract, Mr. Bone does not plead facts sufficient to allege a breach of contract.

Plaintiff ChaCha Powell's allegations are vague and fail to sufficiently plead a breach. She alleges that (1) she "booked a few trips through Frontier's website"; (2) Frontier sent her emails encouraging her to cancel her reservations; (3) Frontier cancelled at least one of her flights; and (4) she requested a refund, but Frontier refused, claiming she accepted a 90-day travel credit. Compl. ¶¶ 36-37. She does not allege under what circumstances Frontier cancelled "at least one of her flights" and there are no facts otherwise pled with respect to her to indicate that she was entitled to a refund under the Contract. As stated above, Frontier is permitted to cancel flights and rebook passengers in lieu of a refund. *Id.* at Exs. 1, 2 § 18. Only under certain circumstances is a refund required under the Contract, none of which are pled here by Ms. Powell. And to the extent that Ms. Powell cancelled her own flights, she is not entitled to a refund. *Id.* at Exs. 1, 2 § 9.A.1.

Plaintiff David Dickstein fails to adequately allege a breach of contract. He alleges that

---

[2] Any allegation in the Complaint that subsequent clarifying changes to the language in § 18.E between the two versions attached to the Complaint demonstrates the earlier version violated federal law, Compl. ¶¶ 71-72, is without merit. Plaintiffs point to no law that was violated and the changed language simply clarified that Frontier had the discretion to determine if a schedule change is significant, consistent with both the intent of the text and Frontier's practice, not that Frontier had the discretion to refuse to provide a refund when the Contract required it to do so.

Frontier rebooked him on a flight and he canceled that flight. Compl. ¶¶ 39-41. He does not contest that § 18.C allowed Frontier to rebook him in lieu of a refund, or allege that Frontier determined that his schedule change was significant, requiring a refund under § 18.E. *Id.* at Exs. 1, 2 § 18. Without such allegations, he does not plead facts sufficient to allege a breach of the Contract.

### B.  Plaintiffs Did Not Sustain Any Damages

In addition to their failure to show that Frontier failed to perform under the Contract, Plaintiffs' breach of contract claim fails because they do not adequately allege that they sustained damages. Plaintiffs concede that Frontier provided them a credit for future flights in the full amount of their original airfare, and in some instances, a supplemental $50 future travel voucher, Compl. ¶¶ 17-18, 24-25, 28, 31, 34, 37, 41, 44, precluding them from sustaining actionable damages.

"In general, contract law espouses three distinct, yet equally important, theories of damages to remedy a breach of contract: expectation damages, reliance damages, and restitution damages." *Spring Creek Exploration & Prod. Co., LLC*, 2018 U.S. App. LEXIS 9803, *44 (10th Cir. Apr. 10, 2018). "The root purpose of a contract remedy is to place the plaintiff-promisee in as good a position as it would have occupied had the defendant-promisor not breached the contract." *Id.* (internal quotations and brackets omitted). "In an action for breach of contract, expectation damages are the norm." *Id.* (citing *Smith v. Farmers Ins. Exch.*, 9 P.3d 335, 337 (Colo. 2000) (In a breach of contract action, "a plaintiff may recover the amount of damages necessary to place him in the same position he would have occupied had the breach not occurred.")).

Plaintiffs were provided with a credit in the full amount of the airfare they paid as well as a $50 travel voucher in some cases. Compl. ¶¶ 17-18, 24-25, 28, 34, 41, 44. This compensation meets the requirements of the bargained for exchange, *i.e.* air travel in exchange for payment. That Plaintiffs did not travel on their originally scheduled flight is of no consequence because, pursuant

250747775v.1

to the Contract's terms, the "published schedules, flight times . . . and similar details set forth in the ticket or Frontier's published schedules are not guaranteed and form no part of this Contract of Carriage." *Id.* at Exs. 1, 2 § 18.A. Plaintiffs' failure to use their voucher and credit within the contractually allotted time is similarly of no consequence. Their breach of contract claim fails.

### C. Plaintiffs' Allegations Concerning the DOT Notices and Regulations Have No Bearing on their Breach of Contract Claim

The Complaint repeatedly references DOT notices and DOT-related regulations in connection with Plaintiffs' allegation that Frontier was required to provide refunds for cancelled flights, Compl. ¶¶ 4-6, 8, 78-83, 90, 113, notwithstanding the terms of the Contract. The language in the Contract that Plaintiffs point to, Compl. ¶ 75 (quoting § 20.A.1 that refunds "will be subject to government laws, rules, regulations…"), does not incorporate any of these notices or laws.

In several recent decisions, which also involved breach of contract claims arising out of airlines' alleged failure to issue refunds for flight cancellations due to the COVID-19 pandemic, courts have found that contracts of carriage did not incorporate DOT notices and regulations. *See Daversa-Evdyriadis v. Norwegian Air Shuttle ASA,* 2020 U.S. Dist. LEXIS 173854, *7 (C.D. Cal. Sep. 17, 2020) ("Multiple federal courts have addressed whether similar language in airfare contracts incorporates federal regulations; nearly all have answered the question in the negative."); *Maree v. Deutsche Lufthansa Ag*, 2020 U.S. Dist. LEXIS 190145, *12 (C.D. Cal. Oct. 7, 2020) (agreeing with airline that DOT regulations relied upon by plaintiff are not incorporated into the contract of carriage); *Bugarin v. All Nippon Airways Co., Ltd.*, 2021 U.S. Dist. LEXIS 10647, *37 (N.D. Cal. Jan. 19, 2021) (finding that plaintiff cannot rely on DOT enforcement notice because "boilerplate contractual language guaranteeing compliance with international or domestic aviation laws does not incorporate extraneous law into the terms of an airfare contract"); *Rudolph*, 2021 U.S. Dist. LEXIS 27795, *24-25 (same). *See also Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233

(1995) (holding that courts are confined "in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement"). Plaintiffs also did not allege that the Contract is ambiguous to permit the consideration of extrinsic evidence. *Fort Lyon Canal Co. v. High Plains A&M, LLC*, 167 P.3d 726, 729 (Colo. 2007).

The DOT notices that Plaintiffs reference are dated after their purchases, not before, Compl. ¶¶ 4, 79, so purely from a timing perspective they could not have been part of the Contract. Even if the notices had been issued earlier, DOT notices are non-binding industry guidance, not a "law, rule, regulation, or order." *Gonnella v. SEC*, 954 F.3d 536, 546–47 (2d Cir. 2020) (holding that the Administrative Procedures Act requires the opportunity for public notice and comment before a lawfully binding agency rule may be created). Moreover, DOT guidance is not enforceable in a private action. *Rudolph*, 2021 U.S. Dist. LEXIS 27795, *25 n.7 ("Nor does the 2011 DOT Regulation create a private right of action"); *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 36-37 (1st Cir. 2007) ("The plaintiffs have not directed us to a single case holding that a federal regulation incapable of spawning an implied private right of action may be enforced between private parties as an implicit contractual term."); *Statland v. Am. Airlines, Inc.*, 998 F.2d 539, 541 (7th Cir. 1993) ("DOT, not private parties, will enforce consumer protection rules against the airlines."); *Kalick v. Northwest Airlines Corp.*, 372 F. App'x 317, 320 (3d Cir. 2010) (no private right of action to enforce airline's violation of DOT regulations about compensating impacted passengers).[3]

### D.  Plaintiffs' Claim is Preempted by the Airline Deregulation Act of 1978

To avoid preemption of their breach of contract claim under the Airline Deregulation Act

---

[3] Indeed, the DOT issued a subsequent May 12, 2020 notice clarifying that the DOT's guidance "does not have the force and effect of law and is not meant to bind the regulated entities in any way." U.S. Dep't of Transp., Frequently Asked Questions Regarding Airline Ticket Refunds Given the Unprecedented Impact of the COVID-19 Public Health Emergency on Air Travel (*available at* transportation.gov/airconsumer/FAQ_refunds_may_12_2020).

of 1978 ("ADA"), Plaintiffs must show that their claim seeks to recover "solely for the airline's alleged breach of its own, self-imposed undertakings." *Wolens*, 513 U.S. at 227-28. Where a plaintiff attempts to use laws or policies external to the parties' contract to enlarge or enhance the parties' bargain, the *Wolens* exception to ADA preemption does *not* apply and the breach of contract claim is barred from proceeding. *Id.* at 233 (courts are confined, "in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement"). *See Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 289 (2014) (holding ADA preemption applies where plaintiff uses an external law to enlarge his rights under a contract). When a breach of contract claim cannot be adjudicated without resort to external law or policies, the claim is preempted by the ADA. *Smith v. Comair, Inc.*, 134 F.3d 254, 257 (4th Cir. 1998) (dismissing claim on ADA preemption grounds).

Plaintiffs' Complaint repeatedly references DOT notices and DOT-related regulations. Compl. ¶¶ 4-6, 8, 78-83, 90, 113. Plaintiffs are attempting to enlarge the obligations voluntarily undertaken by the parties through the Contract by introducing external documents. Therefore, their breach of contract claim is preempted. *A.I.B. Express v. FedEx Corp.*, 358 F. Supp. 2d 239, 253 (S.D.N.Y. 2004*)* (preempting claims enlarging defendant's contractual obligations based on policies external to agreement and relating to prices).

Plaintiffs' breach of contract claim is also preempted by their inclusion of allegations that go beyond a breach of contract claim. They allege that Frontier attempted to "trick" its customers into cancelling their flights before Frontier cancelled the flights in order to avoid being required to refund the passengers' airfare. Compl. ¶ 87. Plaintiffs also allege that Frontier had a "ploy" and a "scheme" to avoid issuing cash refunds and that it "deceived" its customers, "coercing" them to voluntarily cancel their flights before Frontier did. *Id.* ¶¶ 10-11, 89, 123, 129.

250747775v.1

These allegations sound in fraud or consumer protection claims, not breach of contract. Courts find that the ADA preempts such causes of action. *See Morales*, 504 U.S. at 378 (consumer protection claim); *Wolens*, 513 U.S. 219, 227-28 (1995) (same); *Weber v. US Airways, Inc.*, 11 Fed. Appx. 56, 57-58 (4th Cir. 2001) (fraud claim); *Delta Air Lines, Inc. v. Black*, 116 S.W.3d 745, 756-757 (Tx. 2005) (same); *Lehman v. USAIR Group*, 930 F. Supp. 912, 915-916 (S.D.N.Y. 1996) (unjust enrichment and conversion claims). Despite Plaintiffs' styling their claim as "breach of contract," they plead beyond that claim, implicating ADA preemption. *See, e.g.*, *Schnebefrger v. Air Evac EMS, Inc.*, 749 F. App'x 670, 674 (10th Cir. 2018) (finding preemption because the breach of contract claim sought to do more than simply "enforce a specific term of the contract" and therefore was merely "masquerading" as a breach of contract claim).

## III. Plaintiffs Lack Standing to Pursue Injunctive Relief Because They Do Not Allege Any Risk of Future Injury

Plaintiffs cannot pursue injunctive relief because they lack standing. The "requirement that a plaintiff allege a risk of future injury in order to obtain injunctive relief is a constitutional requirement that all plaintiffs must satisfy." *Atik v. Welch Foods, Inc.*, 2016 U.S. Dist. LEXIS 136056, *6 (E.D.N.Y. Sept. 30, 2016). To "satisfy the threshold requirement imposed by Article III" a party seeking injunctive relief must demonstrate a likelihood of future injury. *Los Angeles v. Lyons*, 461 U.S. 95, 108 (1988). The "fact of past injury does not confer standing to seek prospective injunctive relief without some credible threat of future injury." *Id.*; *Winsness v. Yocum*, 433 F.3d 727, 735 (10th Cir. 2006). To have standing to pursue injunctive relief, a plaintiff must demonstrate "a sufficient likelihood" of encountering some future harm. *Lyons*, 461 U.S. at 111.

Here, Plaintiffs' Complaint contains one vague allegation that due to a "lack of airline options, Plaintiffs and the Class may need to fly Frontier again." Compl. ¶ 130. This allegation is mere speculation. *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228,

1234 (10th Cir. 2020) ("factual allegations must be enough to raise a right to relief above the speculative level"). Even if this allegation did not consist of pure speculation, Plaintiffs' allegation that there are a limited number of airlines and they "may need to fly Frontier again" does not create any "sufficient likelihood" of Plaintiffs flying again to satisfy a credible threat of encountering future injury. *Lyons*, 461 U.S. at 109, 111. Plaintiffs fail to plead that they *will* again travel on Frontier, that their future flights *will* be cancelled due to COVID-19, or that they *will* be denied refunds for those future flights if properly sought. As a result, Plaintiffs lack standing to seek injunctive relief, and all requests for injunctive relief in the Complaint must be dismissed.

## IV. Plaintiffs' Are Precluded from Seeking Any Damages Except Compensatory Damages

Plaintiffs seek actual, general, special, incidental, statutory, punitive, and consequential damages. Compl. Prayer for Relief. Under Colorado law, Plaintiffs may not recover punitive damages in a breach of contract lawsuit. *Strey v. Hunt International Resources Corp.*, 749 F.2d 1437, 1441 (10th Cir. 1984) ("There exists under Colorado law, which makes a clear distinction between tort and contract claims, no basis for an award of punitive damages in a contract action absent the most egregious circumstances."). Further, under the Contract, Plaintiffs may not recover "any indirect, special or consequential damages arising out of or resulting from transportation provided, delay in transportation, or any failure to provide transportation." Compl. Exs. 1, 2 § 16(a). The Contract also provides that if Frontier should provide a refund, the refund "shall be the limit of Frontier's liability" for a cancellation, delay, or misconnection. *Id.* at Exs. 1, 2 § 18(c). Plaintiffs may therefore only seek to recover their proven compensatory damages, and their request for all other damages should be dismissed.

## V. Newly Added Plaintiffs Should be Dismissed as Improperly Included in the Complaint

Five of the eight Plaintiffs, Jeffrey Bone, ChaCha Powell, Danielle Porreca, David

Dickstein, and Kelli Capra, did not previously file complaints against Frontier, so they were not part of the consolidated actions. These five must be dismissed because Plaintiffs did not seek leave from this Court to add these new plaintiffs in the Complaint. Neither this Court's Order granting consolidation, ECF No. 35, nor any other order permits Plaintiffs to introduce new plaintiffs in a consolidated complaint, warranting dismissal of these five. *See Mack v. LLR, Inc.*, 2018 U.S. Dist. LEXIS 229666, *11-12 (C.D. Cal. Jan. 31, 2018) ("This Order consolidates the cases and orders Plaintiffs to file a consolidated complaint; it does not grant leave to amend. If Plaintiffs in fact do assert new or different claims, or add new parties, Defendants may file a motion to dismiss or motion to strike on that basis, as did the parties in the above referenced cases.").

## CONCLUSION

Frontier's Contract contains a class action bar that prohibits Plaintiffs from pursuing this putative class action, requiring dismissal of all class claims in the Complaint and warranting dismissal of this action. Even if the prohibition did not exist, the other reasons discussed above demonstrate the deficiencies in Plaintiffs' case, including their failure to bring a viable breach of contract claim. This Court should accordingly grant Frontier's motion to dismiss.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/ Jason D. Melichar

| | | |
|---|---|---|
| Jason D. Melichar, Esq. | William J. Katt, Esq. | Kathryn A. Grace, Esq. |
| R. Joseph Isert, Esq. | william.katt@wilsonelser.com | kathryn.grace@wilsonelser.com |
| 1225 17th Street | (414) 292-3018 | (703) 852-7869 |
| Suite 2750 | | |
| Denver, CO 80202 | David M. Ross, Esq. | Patrick J. Kearns, Esq. |
| (303) 572-5300 | david.ross@wilsonelser.com | patrick.kearns@wilsonelser.com |
| (303) 573-5301 (fax) | (202) 626-7687 | (619) 881-3335 |
| joe.isert@wilsonelser.com | | |
| jason.melichar@wilsonelser.com | | |

*Attorneys for Defendant Frontier Airlines, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of Defendant's Motion to Dismiss and Proposed

Order was served on all counsel of record via ECF this 22nd of February 2021.

/s/ <u>*Jason D. Melichar, Esq.*</u>
Jason D. Melichar, Esq.
