IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

The dismissal grounds that Frontier Airlines, Inc. raised in its opening brief remain unrefuted by Plaintiffs' opposition. Plaintiffs are precluded by the class action bar in Frontier's Contract of Carriage ("Contract") from pursuing this case as a class action. On that basis alone, Frontier's motion can be granted and the Consolidated Class Action Complaint ("CAC") dismissed because jurisdiction no longer exists.

To the extent this Court needs to address the other grounds raised in Frontier's motion, Plaintiffs do not plead a viable breach of contract claim because Frontier acted consistently with the Contract, which controls over Plaintiffs' allegations. Plaintiffs do not plead an actionable breach or damages, and caselaw is clear that DOT regulations are not incorporated into the Contract to require refunds where the Contract does not contain this explicit requirement. Plaintiffs' allegations implicate preemption to the extent DOT regulations are placed at issue. Plaintiffs do not have standing to seek injunctive relief because a vague allegation that they may fly Frontier again is not an allegation of specific future harm. To the extent Plaintiffs' claim survives dismissal, they are limited to seeking compensatory damages because the Contract contains such a limitation. Finally, the newly added Plaintiffs did not obtain leave to be added.[1]

---

[1] Plaintiffs argue in a footnote that Frontier's motion is improper and was submitted without conferring. Opp. at 1. The parties conferred and submitted a status report weeks before Frontier's motion filing that

1

### I. Three reasons establish that this lawsuit is precluded by the Contract's class action bar

First, Plaintiffs cannot argue that the class action bar is unenforceable because they do not challenge this provision in the CAC. Unlike Plaintiffs here, the plaintiffs in *Bonanno v. Quiznos Franchise LLC*, challenged the enforceability of the class action bar at issue in their complaint. The *Bonanno* plaintiffs alleged in the complaint that provisions in Quiznos' franchise agreements "are unenforceable," including the "No class action" provision, for which plaintiffs asked that it "be declared void and unenforceable" or "in the alternative the Court shall strike" that provision. Ex. A, complaint filed in *Bonanno*, No. 06-cv-2358-CMA-KLM (D. Colo.), ECF No. 25-1 (filed Nov. 24, 2006), at ¶¶ 156-158. Plaintiffs here chose not to challenge the enforceability of this provision in the CAC, and they cannot do so now in an opposition to a motion to dismiss.[2] *Wilson v. Jenks*, 2014 U.S. Dist. LEXIS 162541, *11 (D. Colo. Nov. 20, 2014); *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995).

Second, while Plaintiffs repeatedly cite to *Bonanno*, 2009 U.S. Dist. LEXIS 37702 (D. Colo. Apr. 20, 2009), that court recognized a "class action bar as akin to other types of dispute resolution clauses, which require targeted allegations of fraud to be rendered unenforceable." *Id.* at *72. Plaintiffs include no such targeted fraud allegations in the CAC.

Third, even if Plaintiffs had challenged this provision in the CAC, Frontier would be entitled to enforce it here, as the court did in *Bonanno*. *Id.* at *56. *See also Román v. Spirit Airlines, Inc.*, 2020 U.S. Dist. LEXIS 182174, *19-21 (S.D. Fla. Aug. 31, 2020) (enforcing airline

---

included a proposed briefing schedule for the motion. Frontier's motion is proper as it included in its opening brief a specific outlining of the deficiencies in the CAC, as this Court requires.

[2] Plaintiffs cannot allege surprise or ask for amendment of the CAC, because the CAC is their amended complaint and they were on notice of Frontier's class action bar argument for months. Frontier raised this as its first argument in a motion Frontier filed in the consolidated *Obertman* case in seeking to strike class allegations. Ex. B, Case No. 20-cv-01689-STV, ECF. No. 22 (filed June 17, 2020). Frontier also raised this as its first argument in a motion to dismiss Frontier filed in this case before consolidation. Ex. C, ECF No. 30 (filed July 10, 2020). Plaintiffs filed the CAC on January 29, 2021, 226 days after Frontier raised this argument in *Obertman* and 204 days after Frontier raised this argument in this case.

class action waiver). Plaintiffs ignore that courts begin with an enforceability presumption. *Allen v. Pacheco*, 71 P.3d 375, 378 (Colo. 2003). A contract that favors one party more than another does not eliminate the presumption. *Thurmon v. Skipton*, 403 P.2d 211, 214 (Colo. 1965). Plaintiffs bear, and do not meet, their burden of showing unconscionability. *Bonanno*, 2009 U.S. Dist. LEXIS 37702, *56. As a court noted, "[f]or a contract to be substantively unconscionable it must be of a type so egregious that no man in his senses and not under delusion would make on the one hand, and no honest and fair man would accept on the other." *Ellenwood v. World Triathlon Corp.*, 2021 U.S. Dist. LEXIS 2719, *8-9 (M.D. Fla. Jan. 7, 2021).

In *Bonanno*, the court applied the Colorado Supreme Court's non-exclusive seven-factor test to determine unconscionability to enforce a class action bar, despite plaintiffs alleging that Quiznos misled them into signing franchise agreements. 2009 U.S. Dist. LEXIS 37702, *4, 58-77.[3] Contrary to Plaintiffs' contention here, Opp. at 2-5, these factors support enforcement:

**1. Form contract**: The Contract is a standard form, but as the *Bonanno* court found, a take-it-or-leave-it contract does not automatically render the agreement unconscionable. *Id.* at *60 (citing *Batterman v. Wells Fargo Ag. Credit Corp.*, 802 P.2d 1112, 1116 (Colo. Ct. App. 1990)). As in *Bonanno*, Plaintiffs here could have purchased elsewhere. *Id.* at *61.

**2. Opportunity to Read**: As in *Bonanno,* Plaintiffs here do not allege in the CAC that they had no opportunity to read the Contract, favoring enforcement. *Id.* at *62-63.

**3. Fine Print**: As in *Bonanno*, the Contract's class action bar uses the same typeface and font as

---

[3] These factors are: (1) Is the agreement a standardized/form agreement made by parties with unequal bargaining power; (2) Did the parties have an opportunity to read and become familiar with the document before signing it; (3) Did the document bury the provision in fine print; (4) Is the provision commercially reasonable; (5) Is the provision substantively unfair; (6) What is the relationship between the parties, and was there notice or surprise; and (7) What are the remaining circumstances surrounding the formation of the contract, including its commercial setting, purpose and effect. Id. at *58 (quoting *Davis v. M.L.G. Corp.*, 712 P.2d 985, 991 (Colo. 1986)).

the rest of the contract, and its location near the end of the contract does not make it any more difficult to see and read than any earlier provision, favoring enforcement. *Id.* at *63-64.

**4. Commercially Reasonable**: As in *Bonanno*, a class action bar discourages litigation and reduces dispute resolution costs, serving a commercial purpose, favoring enforcement. *Id.* at *65.

**5. Substantive Fairness**: As in *Bonanno*, the benefit of the class action bar to Frontier is not enough to render it substantively unfair, as Colorado does not require bilaterality for a contract to be enforceable, and Plaintiffs cannot show the bar would preclude them from obtaining legal redress, such as through small claims courts. *Id.* at *68-69.

**6. Parties Relationship**: Even if Frontier, as Quiznos in *Bonanno*, had greater bargaining power than any consumer, this does not render the class action bar unconscionable. *Id.* at *69-71.

**7. Remaining Circumstances Surrounding the Contract Formation**: As noted above, Plaintiffs do not allege that Frontier engaged in fraud surrounding the Contract, or attempted to hide the class action bar in the Contract by using smaller text than the rest of the Contract. Plaintiffs do not even challenge the class action bar in the CAC. They further cannot allege that the bar leaves them without redress. These factors support enforcement of the class action bar.

In sum, the seven *Davis* factors that the *Bonanno* court applied demonstrate that this Court should enforce Frontier's class action bar, and reject Plaintiffs' unconscionability argument, first raised in their opposition. As in *Bonanno*, the most important factors, substantive fairness and commercial purpose, favor enforcement of the class action bar here. *Id.* at *73.

## II. Plaintiffs fail to plead a viable breach of contract cause of action

### A. The Contract controls and Frontier acted consistently with it, precluding Plaintiffs' rescission and restitution request, interference argument, and request for novation

Plaintiffs argue that they pled breach of contract because the Contract required Frontier to provide them with refunds. Opp. at 5-9. They argue they adequately pleaded an entitlement to

rescission and restitution, Frontier's interference with their contractual rights, and novation of a new contract requiring refunds. Opp. at 5-9. Their arguments are foreclosed and contradicted by the terms of the Contract, which they cannot refute that Frontier followed. Plaintiffs chose to attach the Contract to the CAC, and its terms control over their allegations in the CAC and arguments in their opposition. *Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Invs. II, LLC*, 887 F.3d 1003, 1018 (10th Cir. 2018). Courts "are not permitted to rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain," and the "'no refund' provisions at issue here are valid and enforceable and the failure to provide refunds in the factual scenario alleged here does not constitute a breach of the parties' agreements." *Ellenwood*, 2021 U.S. Dist. LEXIS 2719, at *7.

Plaintiffs concede that Plaintiffs Rivera-De Leon, Muters, Johnson, Porreca, and Capra canceled their own flights. Opp. at 5-6. Under the Contract, these Plaintiffs are not entitled to a refund. Compl. Exs. 1, 2 § 9.A.1 ("If a passenger cancels a ticket before the scheduled flight departure time, the value of the ticket less a service fee will be retained for 90 days from the date of cancellation of the ticket in the form of an electronic credit."). Plaintiffs argue for rescission and restitution contending the impacts of COVID-19 were "supervening events" that "frustrated" the Contract's "underlying purpose" or rendered "performance impossible." Opp. at 5-6. Plaintiffs' cancellation did not frustrate the Contract's underlying purpose or render performance under the Contract impossible. Flight cancellations have always been part of the airline travel industry, and, unsurprisingly, the Contract specifically addresses what transpires when a customer cancels. Plaintiffs do not cite any court that has found that COVID-19 is a "supervening event" that overrides provisions that a plaintiff wants to ignore in an airline's

5

contract of carriage, when that contract specifically addresses flight cancellations. Moreover, finding in favor of Plaintiffs would require Frontier to surmise why customers are canceling their flight and ignore the Contract's provisions addressing flight cancellations. Plaintiffs do not cite any court, in Colorado or elsewhere, endorsing such a contract-eradicating obligation.

Plaintiffs do not adequately allege that Frontier interfered with their right to exercise their contractual rights. Opp. at 7-8. They do not cite any case finding a defendant interfered with plaintiffs' contractual rights by sending a communication inviting plaintiffs to exercise their contractual rights. While Plaintiffs strain to distinguish the *Rudolph* case, that case is instructive because plaintiff Rudolph raised the airline's offering of a rebooking or travel credit, but the court still dismissed his claim because he canceled his flight before the airline did. *Rudolph v. United Airlines Holdings*, 2021 U.S. Dist. LEXIS 27795, *7, 22 (N.D. Ill. Feb. 12, 2021).

Plaintiffs' request for the court to ignore the Contract and manufacture a new one under "novation" is baseless. Opp. at 8-9. The Contract, publicly available for all consumers, states the time period for use of travel credits. Compl. Exs. 1, 2 § 9.A.1. Plaintiffs do not cite any court that has endorsed that an email from an airline advising consumers of their rights to cancel a flight had to include every aspect of the travel credit when the airline's contract of carriage already did, much less that such an email warrants a court judicially crafting a new contract that replaces the airline's contract of carriage that expressly addresses travel credits.[4]

### B. Under the Contract, Plaintiffs cannot allege a viable breach of contract claim without an allegation that Frontier made a significant modification determination

Plaintiffs do not refute that Plaintiffs Bone, Powell, and Dickstein fail to allege that

---

[4] Plaintiffs cite *Dowding v. Nationwide Mut. Ins. Co.*, 2020 WL 5800728, *3 (N.D. Ill. Sept. 29, 2020), but even that court noted that a 90-day travel voucher had value, which the court did not quantify. A contract of carriage was not an issue in that case, and that court did not state that such a voucher would warrant novation of a contract of carriage.

6

Frontier determined their rescheduled flights constituted a significant modification, which would then entitle them to a refund. Opp. at 9-10. Plaintiffs argue they can simply omit from the CAC any reference to Frontier's contractual right to rebook each of them unless Frontier determined the new flight constituted a significant modification. Plaintiffs overlook that they had to include that allegation to show that Frontier breached the Contract, a necessary element to bring a breach of contract cause of action. *Horton v. Bischof & Coffman Constr., LLC*, 217 P.3d 1262, 1271 (Colo. Ct. App. 2009) (elements of a breach of contract include failure to perform the contract by the defendant). Without such an allegation, Plaintiffs cannot show an actionable breach by Frontier, because the Contract is clear that Frontier had no refund obligation unless Frontier determined a rebooking constituted a significant modification. Compl. Exs. 1, 2 § 18.C, E. Plaintiffs do not cite any court that has allowed a plaintiff to ignore a necessary pleading element to bring an actionable cause of action under the auspices that a plaintiff does not need to plead a negative.

For Plaintiff Dickstein, Plaintiffs argue that the flight Frontier booked Dickstein on was a significant modification. Opp. at 10. Plaintiffs ignore that under the Contract only Frontier, not they, has the discretion to make a significant modification, and they cannot argue that Frontier made any such determination. Compl. Exs. 1, 2 § 18.C, E. Caselaw is clear that a contract attached to the complaint controls over contrary allegations, and the Contract renders Plaintiffs' breach of contract invalid. *Spring Creek Exploration & Prod. Co., LLC*, 887 F.3d at 1018; *Wood v. Houghton Mifflin Harcourt Publ'g Co.*, 569 F. Supp. 2d 1135, 1139 (D. Colo. 2008).

**C. The breach of contract claim also fails due to a lack of actionable Contract damages**

Plaintiffs argue they allege breach of contract damages because travel credits do not have the same value as refunds. Opp. at 10-11. They overlook that they do not plead actionable damages because Frontier offered the relief set forth in the Contract, namely, travel credits. Compl. Exs. 1, 2 § 9.A. To prevail on their claim, Plaintiffs must allege damages resulting from Frontier's breach

7

of the Contract, and because they cannot, "they fail to allege the necessary elements of their claim." *Horton*, 217 P.3d at 1271. Once again, the Contract prevails over Plaintiffs' contrary allegations and arguments. *Spring Creek Exploration & Prod. Co., LLC*, 887 F.3d at 1018.

### D. The Contract did not incorporate DOT notices and regulations, and Plaintiffs' assertion that it does implicates ADA preemption

While Plaintiffs recognize the breach of contract exception for Airline Deregulation Act ("ADA") preemption, they essentially concede that they are attempting to enlarge the parties' obligations through DOT notices and regulations external to the Contract, implicating preemption. Opp. at 11-13. Plaintiffs argue the Contract internalizes the DOT notices and regulations, which are plainly external and not expressly incorporated, consistent with the findings of the numerous authorities that Frontier cited in its opening brief. Mot. at 10-14.

DOT notices and regulations are not incorporated into the Contract because the Contract uses boilerplate language about compliance with federal laws, which does not function to incorporate those laws. *Daversa-Evdyriadis v. Norwegian Air*, 2020 U.S. Dist. LEXIS 173854, *9 (C.D. Cal. Sep. 17, 2020) ("boilerplate contractual language guaranteeing compliance with international or domestic aviation laws does not incorporate extraneous law into the terms of an airfare contract. Instead, only language explicit enough to reflect an intent to be affirmatively bound by a specific aviation law or regulation is sufficient to result in incorporation"). Plus, as a practical matter, the DOT notice Plaintiffs reference is not incorporated into the Contract because it did not exist at the time the parties contracted. Finally, the DOT notice is not incorporated into the Contract because the Contract states that refunds will be given in accordance with "government laws, rules, regulations, or orders," and the DOT notice is none of those things. *Gonnella v. SEC*, 954 F.3d 536, 546–47 (2d Cir. 2020) (the Administrative Procedures Act requires the opportunity for public notice and comment before a lawfully binding agency rule

8

251337747v.1

may be created). "[O]nly language explicit enough to reflect an intent to be affirmatively bound by a specific aviation law or regulation is sufficient to result in incorporation." *Bugarin v. All Nippon Airways Co., Ltd.*, 2021 U.S. Dist. LEXIS 10647, *37 (N.D. Cal. Jan. 19, 2021). Plaintiffs' reference to the Contract's "laws pertaining to refunds" language is irrelevant, as the text merely provides that refunds "will be subject to government laws, rules, regulations, or orders of the country in which the ticket was originally purchased." Compl. Exs. 1, 2 § 20(A)(1). No specific law or regulation is identified in the Contract.

**III. Plaintiffs lack Constitutional standing to pursue injunctive relief**

Plaintiffs argue they properly plead a request for injunctive relief based upon the risk of future injury, citing their allegation in CAC ¶ 130 that they "may" need to fly on Frontier again in the future. Opp. at 14. This allegation is purely speculative as it does not definitively state that Plaintiffs "will" fly on Frontier again in the future, and, therefore, is insufficient to sustain a request for injunctive relief. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) ("plaintiffs must allege an injury that is actual and imminent, not conjectural or hypothetical"); *Winsness v. Yocum*, 433 F.3d 727, 735 (10th Cir. 2006) ("past injury does not confer standing to seek prospective injunctive relief without some credible threat of future injury"). Even if Plaintiffs had alleged that they will fly on Frontier again in the future, such an allegation would still be insufficient to state a request for injunctive relief. To obtain injunctive relief, Plaintiffs must demonstrate that they are likely to be harmed again in the future in a similar way. *Ramsay v. Frontier, Inc.*, 2020 U.S. Dist. LEXIS 151176, *52 (D. Colo. July 30, 2020). Here, Plaintiffs have not alleged that they will fly on Frontier again, that Frontier will cancel their flights due to COVID-19, or that they will be denied refunds for those future flights if properly sought.

**IV. Plaintiffs are limited to compensatory damages**

Plaintiffs incorrectly argue that they can seek punitive damages because such "damages are available for breach of contract once a plaintiff proves they are entitled to compensatory damages." Opp. at 14. Plaintiffs cite one case in support, which they fail to note was reversed. *Nunn v. Mid-Century Ins. Co.*, 215 P.3d 1196 (Colo. Ct. App. 2008), reversed, 244 P.3d 116 (Colo. 2010). Yet that decision only notes that in the context of an insurer's bad faith breach of an insurance contract, punitive damages are not available in the absence of compensatory damages. *Id.* at 1200. Frontier demonstrated that punitive damages are unavailable in a contract action "absent the most egregious circumstances." *Strey v. Hunt Int'l Resources Corp.*, 749 F.2d 1437, 1441 (10th Cir. 1984). The Contract is clear that Plaintiffs are limited to compensatory damages, and Plaintiffs assert "unconscionability" without any showing to override the Contract.

**V.  Newly added Plaintiffs did not have leave to be added as plaintiffs**

Plaintiffs argue that the newly added plaintiffs are properly included because the CAC replaces all earlier filed complaints. Opp. at 15. Frontier agrees that all prior complaints are superseded. Plaintiffs cannot refute that the newly added Plaintiffs did not have the required leave from the court to be added as plaintiffs. *Mack v. LLR, Inc*., 2018 U.S. Dist. LEXIS 229666, *11-12 (C.D. Cal. Jan. 31, 2018).

Respectfully submitted,                              WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By: /s/ Jason D. Melichar

| William J. Katt, Esq. | Patrick J. Kearns, Esq. | David M. Ross, Esq. | Jason D. Melichar, Esq. |
|---|---|---|---|
| 740 N. Plankinton Avenue | 401 West A Street | 1500 K Street, NW | 1225 17th Street |
| Suite 600 | Suite 1900 | Suite 330 | Suite 2750 |
| Milwaukee, WI 53203 | San Diego, CA 92101 | Washington, DC 20005 | Denver, CO 80202 |
| (414) 276-8816 | (619) 321-6200 | (202) 626-7660 | (303) 572-5300 |
| (414) 276-8819 (fax) | (619) 321-6201 (fax) | (202) 626-3606 (fax) | (303) 573-5301 (fax) |
| KattW@wilsonelser.com | KearnsP@wilsonelser.com | RossD@wilsonelser.com | MelicharJ@wilsonelser.com |

*Attorneys for Defendant Frontier Airlines, Inc.*

251337747v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendant's Reply in Support of Motion to Dismiss was served on all counsel of record via ECF this 30th of March 2021.

/s/ *Jason D. Melichar, Esq.*
Jason D. Melichar, Esq.

251337747v.1