IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Frontier Airlines, Inc. responds to Plaintiffs' Notice of Supplemental Authority, filed March 31, 2021. ECF No. 70. Plaintiffs attach two decisions. Plaintiffs describe the first, *Ide v. British Airways PLC,* as a Southern District of New York judge "den[ying] in large part Defendant British Airways' motion to dismiss in a case alleging that British Airways failed to provide refunds as required by its contract of carriage after cancelling flights due to the COVID-19 pandemic." Plaintiffs describe the second, *Bombin v. Southwest Airlines Co.*, as an Eastern District of Pennsylvania judge "den[ying] Southwest's motion to dismiss finding that the plaintiffs had stated plausible claims for breach of contract for Southwest's failure to provide refunds for pandemic-related cancellations."

Frontier does not object to Plaintiffs providing these two decisions to this Court.[1] As shown below, the *Ide* and *Bombin* decisions do not refute, and indeed support, the decisions that Frontier cited in its Motion to Dismiss ("Motion") briefing. These decisions, and the clarity of the provisions in Frontier's Contract of Carriage ("Contract"), support this Court granting Frontier's Motion.

---

[1] For ease of reference for this Court, Frontier attaches the LEXIS version of these two decisions.

1

***Ide v. British Airways PLC*, 2021 U.S. Dist. LEXIS 58192 (S.D.N.Y. Mar. 26, 2021):**

- The *Ide* court noted that the plaintiff who purchased through Expedia did not dispute that an arbitration provision that required proceeding on an individual basis applied to his claims. 2021 U.S. Dist. LEXIS 58192, at *8-9. This supports enforcement of Frontier's class action bar, which all Plaintiffs agreed to by purchasing their tickets from Frontier, and Plaintiffs even attach Frontier's Contract, which contains the class action bar, to the Consolidated Class Action Complaint ("CAC"). Like the plaintiff in *Ide,* Plaintiffs here must proceed with their claim on an individual basis, as demonstrated in Frontier's Motion. Motion, ECF No. 63 (filed Feb. 22, 2021) at 3-6; Reply, ECF No. 69 (filed March 30, 2021) at 2-4.

- The *Ide* court determined that plaintiffs alleged a plausible breach of contract claim against British Airways because that airline's contract of carriage expressly allowed plaintiffs to choose from one of three options upon a flight cancellation, which included a refund, but not a travel voucher. 2021 U.S. Dist. LEXIS 58192, at *14. In contrast, as Frontier demonstrated in its Motion, Frontier's Contract expressly provided for the provision of a travel credit when a customer cancelled a flight, whereas if Frontier cancelled a flight, a refund was not required unless Frontier determined that a rebooking constituted a significant modification, which Plaintiffs did not allege. Motion at 6-9; Reply at 4-7. Unlike the *Ide* court's rejection of British Airways' contention that the airline could substitute a contractual right to a refund with a non-contractual travel voucher, 2021 U.S. Dist. LEXIS 58192, at *13, Frontier established that it provided Plaintiffs with the contractual consideration set forth in Frontier's Contract, Motion at 6-10; Reply at 4-7.

- The *Ide* court found that plaintiffs plausibly alleged that British Airways interfered with their ability to satisfy a condition precedent to the contract by removing a refund claim form

2

from its website and other conduct. 2021 U.S. Dist. LEXIS 58192, at *15-16. Here, as Frontier explained in its Motion, the condition precedent to a refund in Frontier's Contract was Frontier's cancellation of a flight and Frontier's determination that a rebooking constituted a significant modification, which Plaintiffs did not allege. Motion at 6-9; Reply at 4-7.

- The *Ide* court limited plaintiffs to seeking compensatory damages, finding that punitive or exemplary damages are preempted, and that these types of damages and injunctive relief are unavailable in a breach of contract action. 2021 U.S. Dist. LEXIS 58192, at *24-25. As Frontier demonstrated in its Motion, Plaintiffs here are similarly constrained because Frontier's Contract limits remedies to compensatory damages, and because they have only filed one cause of action, for breach of contract. Motion at 14; Reply at 10.

***Bombin v. Southwest Airlines Co.*, 2021 U.S. Dist. LEXIS 58862 (E.D. Pa. Mar. 29, 2021):**

- The *Bombin* court decided not to consider Southwest's class action waiver because Southwest placed the waiver on its website, and the court could not determine on a motion to dismiss whether plaintiffs had agreed to the terms and conditions on Southwest's website. 2021 U.S. Dist. LEXIS 58862, at *7-11. In contrast, Frontier's class action bar is contained in Frontier's Contract. Plaintiffs do not dispute that they agreed to the Contract, and even attach the Contract to the CAC and base their lone cause of action on it, making it appropriate for this Court to enforce Frontier's class action bar by granting Frontier's Motion, as Frontier demonstrated in its Motion. Motion at 3-6; Reply at 2-4.

- In *Bombin*, the court found that Southwest cancelled plaintiffs' flights prior to their cancelling their own travel, which required a refund under Southwest's contract of carriage; a contract that also contained and incorporated ambiguous and contradictory provisions. 2021 U.S. Dist. LEXIS 58862, at *3-5. Plaintiffs here do not contend that Frontier's Contract is ambiguous

3

or contradictory, and the Contact provided that if Frontier cancelled a flight, a refund was not required unless Frontier determined that a rebooking constituted a significant modification, which Plaintiffs did not allege, as Frontier demonstrated in its Motion. Motion at 6-9; Reply at 4-7.

  *  *  *  *  *  *  *  *  *  *  *

The *Ide* and *Bombin* decisions further support the grounds for this Court granting Frontier's Motion to Dismiss.

Respectfully submitted,       WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

                       By: /s/ Jason D. Melichar

| William J. Katt, Esq. | Patrick J. Kearns, Esq. | David M. Ross, Esq. | Jason D. Melichar, Esq. |
|---|---|---|---|
| 740 N. Plankinton Avenue | 401 West A Street | 1500 K Street, NW | 1225 17th Street |
| Suite 600 | Suite 1900 | Suite 330 | Suite 2750 |
| Milwaukee, WI 53203 | San Diego, CA 92101 | Washington, DC 20005 | Denver, CO 80202 |
| (414) 276-8816 | (619) 321-6200 | (202) 626-7660 | (303) 572-5300 |
| (414) 276-8819 (fax) | (619) 321-6201 (fax) | (202) 626-3606 (fax) | (303) 573-5301 (fax) |
| KattW@wilsonelser.com | KearnsP@wilsonelser.com | RossD@wilsonelser.com | MelicharJ@wilsonelser.com |

*Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendant's Response to Plaintiffs' Notice of Supplemental Authority was served on all counsel of record via ECF this 1st of April 2021.

                /s/ *Jason D. Melichar, Esq.*
                Jason D. Melichar, Esq.

4

251506497v.1