IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

**RESPONSE TO PLAINTIFFS' MOTION TO SET SCHEDULING CONFERENCE**

Frontier Airlines, Inc. ("Frontier") responds to Plaintiffs' Motion to Set Scheduling Conference ("Motion"), filed April 20, 2021. ECF No. 76. Plaintiffs' Motion should be denied because caselaw is clear that a stay is appropriate when a motion to dismiss is pending for decision that could end the entirety of the case, which indisputably is the situation presented by Frontier's fully briefed motion to dismiss.

**A. The cases Plaintiffs cite support denial of their Motion given Frontier's pending motion.**

In their Motion, Plaintiffs contend that "the filing of a motion to dismiss does not stay holding an initial scheduling conference or allowing discovery." Motion at 2, citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Plaintiffs further argue that "delaying the scheduling conference until after the motion to dismiss is resolved would effectively and indefinitely stay all discovery, which is disfavored in this district." *Id.*, citing *Wason Ranch Corp. v. Hecla Mining Co.*, 1:07-cv-267-EWN, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007). Plaintiffs neglect to recognize that even the two cases that they cite support this Court deciding Frontier's motion to dismiss before issuing any order for a scheduling conference or allowing discovery.

On page 2 of their Motion, Plaintiffs include the following quote from *String Cheese Incident*, "The Federal Rules of Civil Procedure do not expressly provide for a stay of

1

proceedings." *Id.*, 2006 U.S. Dist. LEXIS 97388, at *4. The *String Cheese Incident* court, however, immediately proceeded to find that "Rule 26(c) does however, permit the court to 'make any order which justice requires to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense.' See Fed.R.Civ.P. 26(c)(2005). I find that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *Id.* The plaintiff in *String Cheese Incident,* recognized that "a discovery stay would only be appropriate if the case were fully concluded as a result of ruling on the motion to dismiss, relying upon *Greeley Publishing Co. v. Hergert*, 233 F.R.D. 607, 20006 WL 305510 (D. Colo. 2006)."[1] *Id.* The plaintiff contended that "the case will not be concluded by a ruling on these defendants' motion to dismiss because even if they are dismissed, plaintiff will continue its claims against the other defendants." *Id.*

Plaintiffs do not dispute that Frontier's motion to dismiss, if granted, would dispose of the entire case. *See, e.g.,* Frontier's Reply in Support of its Motion to Dismiss, filed March 30, 2021, ECF No. 69, at 1 ("Plaintiffs are precluded by the class action bar in Frontier's Contract of Carriage ("Contract") from pursuing this case as a class action. On that basis alone, Frontier's motion can be granted and the Consolidated Class Action Complaint ("CAC") dismissed because jurisdiction no longer exists."). There are no other defendants in this case.

Plaintiffs' second cited case, *Wason Ranch Corp.*, 2007 U.S. Dist. LEXIS 41174, further supports denial of their Motion. That court recognized that "a stay may be appropriate if

---

[1] The *Greeley Publishing* court cited a case "holding that a protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." *Id.*, 233 F.R.D. at 612 (citing *Tilley v. United States*, 270 F. Supp.2d 731, 734 (M.D.N.C. 2003)).

251337747v.1

resolution of a preliminary motion may dispose of the entire action." *Id.* at *3 (quoting *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003)). However, in that case defendants' motions to dismiss were "based solely on the jurisdictional issue of pre-suit notice, which can be cured, rather than the merits of Plaintiff's claims," and therefore "dismissal of this lawsuit on the basis Defendants have requested will not preclude future litigation." *Id.* at *3, 5-6. That court therefore distinguished the "case from *Namoko v. Milgard Mfg., Inc.,* No. 06-2031, 2007 U.S. Dist. LEXIS 25880 (D. Colo. Apr. 6, 2007)." *Id.* at *6.

In *Namoko*, that court also recognized that "a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Id.*, 2007 U.S. Dist. LEXIS 25880, at *3 (quoting *Nankivil*). The court added that "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Id.* The court found that defendant's motion to dismiss "if granted, would resolve the case in its entirety," and "Plaintiff will not be unduly prejudiced by this stay. Although Plaintiff argues that he has waited over 23 months to seek recovery, this stay will not hinder Plaintiff's future ability to fully engage in discovery, in the event that the Motion to Dismiss is denied." *Id.* at *4. Again, Frontier's motion to dismiss raises case dispositive arguments (i.e., (1) Frontier's class action bar and (2) Plaintiffs do not bring a valid claim for their lone cause of action in this case). *See* Frontier's Motion to Dismiss and Reply in Support of Motion to Dismiss, filed February 22, 2021 and March 30, 2021, ECF Nos. 63 and 69. Plaintiffs do not argue that denial of their Motion will "hinder" their "ability to fully engage in discovery" if Frontier's motion to dismiss is denied.

**B. District of Colorado caselaw is settled that discovery stays are appropriate when a case dispositive motion is pending.**

The above cases do not stand in isolation. It is well-established in the District of Colorado

3

that "a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Round v. USDA*, 2021 U.S. Dist. LEXIS 32941, *5 (D. Colo. Feb. 23, 2021); *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, 2020 U.S. Dist. LEXIS 208708, *9 (D. Colo. Nov. 9, 2020). In fact, an April 22, 2021 LEXIS search of this phrase shows that courts in the District of Colorado have recognized this principle in at least *303 cases*, which includes at least *118 cases* decided by The Honorable Kristin L. Mix. *See, e.g., Morales v. Roxbox Containers, LLC*, 2020 U.S. Dist. LEXIS 220860, *2 (D. Colo. Nov. 3, 2020); *Safeco Ins. Co. of Am. v. Grabow*, 2020 U.S. Dist. LEXIS 169461, *2 (D. Colo. Mar. 16, 2020). "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Morales*, 2020 U.S. Dist. LEXIS 220860, at *2 (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005)). "It is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Id.* at *3-4.

**C.   The *String Cheese Incident* factors support denial of Plaintiffs' Motion.**

The *String Cheese Incident* factors overwhelmingly favor denial of Plaintiffs' Motion, to continue to defer discovery until this Court decides Frontier's motion to dismiss. In their Motion, Plaintiffs do not contend that the discovery they seek is needed for Frontier's motion to dismiss, or that any prejudice would occur other than the passage of time if discovery continues to be deferred until this Court decides Frontier's motion to dismiss. *See also Wells v. Smith*, 2014 U.S. Dist. LEXIS 170086, *11 (D. Colo. Dec. 8, 2014) (noting that "delay in the recovery of monetary damages, without more, is not prejudice"). Clearly, proceeding with discovery could be wasteful and burdensome to Frontier if this Court grants Frontier's motion to dismiss, particularly given that this case is brought as a putative class action. It is certainly more

4

convenient for this Court to continue to defer discovery until it is clear that the case will proceed. In their Motion, Plaintiffs identify no nonparties with significant particularized interests in this case, and even if they had referenced putative class members, it is unclear what interests putative class members would have in proceeding that Plaintiffs themselves would not have. Further, Frontier's motion to dismiss challenges whether this case can proceed as a putative class action. Finally, Plaintiffs' Motion does not reference any public interest in this case, but even if they had referenced an efficient and just resolution, avoiding wasteful efforts by this Court (such as allowing discovery to proceed when the case may be dismissed in total) serves this interest.

Frontier respectfully submits that this Court should deny Plaintiffs' Motion.

Respectfully submitted,   WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By: /s/ Jason D. Melichar

| William J. Katt, Esq. | Patrick J. Kearns, Esq. | David M. Ross, Esq. | Jason D. Melichar, Esq. |
| --- | --- | --- | --- |
| 740 N. Plankinton Avenue | 401 West A Street | 1500 K Street, NW | 1225 17th Street |
| Suite 600 | Suite 1900 | Suite 330 | Suite 2750 |
| Milwaukee, WI 53203 | San Diego, CA 92101 | Washington, DC 20005 | Denver, CO 80202 |
| (414) 276-8816 | (619) 321-6200 | (202) 626-7660 | (303) 572-5300 |
| (414) 276-8819 (fax) | (619) 321-6201 (fax) | (202) 626-3606 (fax) | (303) 573-5301 (fax) |
| KattW@wilsonelser.com | KearnsP@wilsonelser.com | RossD@wilsonelser.com | MelicharJ@wilsonelser.com |

*Attorneys for Defendant Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of Defendant's Response to Plaintiffs' Motion to Set Scheduling Conference was served on all counsel of record via ECF this 22nd of April 2021.

/s/ *Jason D. Melichar, Esq.*
Jason D. Melichar, Esq.