IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

## MOTION TO STAY PENDING RESOLUTION OF MOTION TO DISMISS

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Frontier Airlines, Inc. ("Frontier") moves this Court to stay discovery (including any disclosure obligations) until this Court decides Frontier's motion to dismiss. Caselaw is clear that a stay is appropriate when a motion to dismiss is pending for decision that could end the entirety of the case.

## I. Introduction

On February 22, 2021, Frontier filed its Motion to Dismiss, ECF No. 63, and on March 30, 2021, filed its Reply in Support of its Motion to Dismiss, ECF No. 69. Frontier's motion to dismiss raises case dispositive arguments that include: (1) Frontier's class action bar; and (2) that Plaintiffs do not bring a valid claim for their lone cause of action (breach of contract) in this case. *Id. See, e.g.,* ECF No. 69, at 1 ("Plaintiffs are precluded by the class action bar in Frontier's Contract of Carriage ("Contract") from pursuing this case as a class action. On that basis alone, Frontier's motion can be granted and the Consolidated Class Action Complaint ("CAC") dismissed because jurisdiction no longer exists.").

## II. Argument

### A. District of Colorado caselaw is settled that discovery stays are appropriate when a case dispositive motion is pending.

Rule 26(c) permits courts "to make any order which justice requires to protect a party …

1

from annoyance, embarrassment, oppression, or undue burden or expense." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, *4 (D. Colo. Mar. 30, 2006). Thus, applying Rule 26(c), courts "find that subjecting a party to discovery when a motion to dismiss" that raises case dispositive arguments is pending may subject the party "to undue burden or expense, particularly if the motion to dismiss is later granted." *Id.* A "protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." *Greeley Publishing Co. v. Hergert*, 233 F.R.D. 607, 612 (D. Colo. 2006) (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003)).

It is well-established in the District of Colorado that "a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Round v. USDA*, 2021 U.S. Dist. LEXIS 32941, *5 (D. Colo. Feb. 23, 2021); *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, 2020 U.S. Dist. LEXIS 208708, *9 (D. Colo. Nov. 9, 2020). In fact, an April 22, 2021 LEXIS search of this phrase shows that courts in the District of Colorado have recognized this principle in at least *303 cases*. *See, e.g., Morales v. Roxbox Containers, LLC*, 2020 U.S. Dist. LEXIS 220860, *2 (D. Colo. Nov. 3, 2020); *Safeco Ins. Co. of Am. v. Grabow*, 2020 U.S. Dist. LEXIS 169461, *2 (D. Colo. Mar. 16, 2020). "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Morales*, 2020 U.S. Dist. LEXIS 220860, at *2 (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005)). "It is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Id.* at *3-4.

251337747v.1

### B. The *String Cheese Incident* factors support a stay.

The factors enunciated in *String Cheese Incident* overwhelmingly favor granting a stay pending resolution of Frontier's motion to dismiss.

- Plaintiffs have never represented to this Court that they needed any discovery for Frontier's motion to dismiss, or that any prejudice would occur other than the passage of time if discovery is stayed until this Court decides Frontier's motion to dismiss. *See also Wells v. Smith*, 2014 U.S. Dist. LEXIS 170086, *11 (D. Colo. Dec. 8, 2014) (noting that "delay in the recovery of monetary damages, without more, is not prejudice").

- Clearly, proceeding with discovery could be wasteful and burdensome to Frontier if this Court grants Frontier's motion to dismiss, particularly given that this case is brought as a putative class action.

- It is certainly more convenient for this Court to issue a stay until it is clear that the case will proceed.

- There are no nonparties at issue in this action with significant particularized interests in this case. While Plaintiffs could reference putative class members, it is unclear what interests putative class members would have in proceeding that Plaintiffs themselves would not have. Further, Frontier's motion to dismiss challenges whether this case can proceed as a putative class action.

- Finally, there is no separate public interest in this case, aside from a generalized desire for an efficient and just resolution. Avoiding wasteful efforts by this Court, such as allowing discovery to proceed when the case may be dismissed in total, serves this interest.

WHEREFORE, Frontier respectfully requests that this Court grant this Motion to Stay Pending Resolution of Motion to Dismiss and stay all discovery (including disclosures), pending

4

this Court deciding Frontier's motion to dismiss.

Respectfully submitted,  WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By: /s/ Jason D. Melichar

| William J. Katt, Esq. | Patrick J. Kearns, Esq. | David M. Ross, Esq. | Jason D. Melichar, Esq. |
|---|---|---|---|
| 740 N. Plankinton Avenue | 401 West A Street | 1500 K Street, NW | 1225 17th Street |
| Suite 600 | Suite 1900 | Suite 330 | Suite 2750 |
| Milwaukee, WI 53203 | San Diego, CA 92101 | Washington, DC 20005 | Denver, CO 80202 |
| (414) 276-8816 | (619) 321-6200 | (202) 626-7660 | (303) 572-5300 |
| (414) 276-8819 (fax) | (619) 321-6201 (fax) | (202) 626-3606 (fax) | (303) 573-5301 (fax) |
| KattW@wilsonelser.com | KearnsP@wilsonelser.com | RossD@wilsonelser.com | MelicharJ@wilsonelser.com |

*Attorneys for Defendant Frontier Airlines, Inc.*

4

251337747v.1

**CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that, pursuant to D.C.COLO.LCivR 7.1(a), counsel for Frontier conferred with Plaintiffs' counsel on April 23, 2021 regarding the relief Frontier requests in this Motion to Stay Pending Resolution of Motion to Dismiss. Plaintiffs oppose Frontier's requested relief.

/s/ *Jason D. Melichar, Esq.*
Jason D. Melichar, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of Defendant's Motion to Stay Pending Resolution of Motion to Dismiss was served on all counsel of record via ECF this 23rd of April 2021.

/s/ *Jason D. Melichar, Esq.*
Jason D. Melichar, Esq.

251337747v.1