UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM

(Consolidated with Civil Actions Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

**Plaintiffs' Opposition to Motion to Stay Pending Resolution of Motion to Dismiss**

Plaintiffs Nelcy Alexa Rivera-De Leon, Stephanie Muters, Shirley Johnson, Jeffrey Bone, ChaCha Powell, Danielle Porreca, David Dickstein, and Kelli Capra (collectively, "Plaintiffs"), individually and on behalf of the proposed class, submit this opposition to Defendant Frontier Airline's, Inc.'s ("Defendant") Motion to Stay Pending Resolution of Motion to Dismiss. (ECF No. 80.).

As this Court is well aware, this class action arises from Defendant's refusal to refund Plaintiffs and the putative Class for cancelled flights in violation of its Contract of Carriage. Instead of honoring its contractual obligations, Defendant engaged in a number of schemes to evade its obligations and issued worthless 90-day travel credits in lieu of refunds. Plaintiffs seek to recover the refunds to which they and the Class are entitled, as well as related injunctive and declaratory relief.

Defendant's motion to stay is premised almost entirely on its pending Motion to Dismiss. But neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide for an automatic stay of discovery pending a motion to dismiss. To the contrary, as this Court has noted,

"[s]tays of all proceedings in a case are . . . generally disfavored in this District and are considered to be the exception rather than the rule." *Vreeland v. Tiona*, 2021 WL 222410, at *2 (D. Colo. Jan. 22, 2021) (quotations omitted). *See also, e.g.*, *WildEarth Guardians v. IRG Bayaud, LLC*, 2014 WL 4748296, at *6 (D. Colo. Sept. 24, 2014); *Wason Ranch Corp. v. Hecla Mining Co.*, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007). Indeed, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Vreeland*, 2021 WL 222410, at *2 (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

In analyzing a motion to stay, the Court considers the following five factors: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "The party who seeks a stay of discovery has the burden of demonstrating good cause, and cannot sustain that burden by offering simply conclusory statements." *JTS Choice Enterprises, Inc. v. E.I. Dupont De Nemours & Co.*, No. 11-CV-03143-WJM-KMT, 2012 WL 13211845, at *1 (D. Colo. Feb. 29, 2012) (internal quotation marks omitted). "Accordingly, the party moving for a protective order must make a particular and specific demonstration of fact in support of its request." *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011) (internal quotations omitted). Defendant has failed to meet its burden.

Defendant has provided no affidavits or factual evidence whatsoever to support its request to stay. Its bare bones motion consists only of conclusory statements devoid of the "particular and

specific demonstration of fact" that the Court requires in support of a request for a stay. *See Wells v. Smit*, 2014 WL 6886719, at *2 (D. Colo. Dec. 8, 2014). The Court should deny Defendant's motion on this basis alone. Further, an analysis of the *String Cheese Incident* factors further confirms that discovery should not be stayed.

Plaintiffs commenced these consolidated actions more than a year ago to recover money Defendant misappropriated in the throes of a pandemic. They should not be required to await relief indefinitely -- justice delayed is justice denied. Accordingly, Plaintiffs respectfully request that the Court deny Defendant's Motion to Stay.

**I.      Defendant's Pending Motion to Dismiss Does Not Warrant a Stay**

Stays are not justified by run-of-the-mill motions to dismiss, nor are they warranted merely because of the possibility that a motion may be case dispositive. *Stinnett*, v. *Regional Transp. Dist.*, 2020 WL 9258440, at *2-3 (D. Colo. July 13, 2020). Rather, stays are "generally reserved for cases in which threshold issues such as jurisdiction or immunity are asserted[,]" none of which are at issue here. *Id*. at *3; *Collins v. Ace Mortg. Funding, LLC*, No. CIV.A08CV01709REBKLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008).[1]

Frontier's motion is nothing more than a routine motion to dismiss pursuant to Rule 12(b)(6), which motions are neither "unique nor do they raise similar concerns that the defendants are unnecessarily subject to litigation." *Collins*, 2008 WL 4457850, at *1 (denying motion to stay given that defendants' pending motion to dismiss, though it may have disposed of plaintiff's case, was not based on grounds typically warranting the imposition of a stay, e.g. issues relating to

---

[1] To be sure, Frontier's motion to dismiss does challenge Plaintiff's standing to seek injunctive relief (ECF No. 63 at 13-14), which is an issue of jurisdiction. But that issue only goes to which remedies Plaintiffs' may seek rather than the Court's power to hear Plaintiffs' claims entirely.

3

jurisdiction or immunity); *Baldwin v. U.S.*, 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011) (same). Defendant's pending motion to dismiss does not support a stay of discovery here. The Court should reject Defendant's broad and uncorroborated arguments, all of which rely on inapposite case law (including many cases in which the parties agreed to a stay).[2]

## II. The *String Cheese Incident* Factors Counsel in Favor of Denying the Motion to Stay

Because *none* of the *String Cheese Incident* factors support Defendant's stay request, the Court should deny its motion.

### a. A Stay Would Prejudice Plaintiffs.

Plaintiffs have a strong interest in moving this case forward now: they filed the first complaint in this matter over a year ago and already have completed extensive and hard-fought briefing on Defendant's motion to dismiss. Defendant's claim that Plaintiffs have yet to communicate to the Court their need for discovery or the prejudice they would suffer were a stay entered, (Motion at 3), is of no moment, misstates the relevant *String Cheese Incident* factor, and,

---

[2] Each and every decision Defendant cites is either irrelevant or distinguishable. *See Round v. United States Department of Agriculture*, 2021 WL 698676, at *2 (D. Colo. Feb. 23, 2021) (stay granted given that "there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, the motion to stay is filed jointly by all parties."); *Morales v. RoxBox Containers, LLC*, 2020 WL 6828106, at *2 (D. Colo. Nov. 3, 2020) (granting motion to stay where "the parties assert no potential prejudice from a stay, and, indeed, all parties are in agreement as to the efficacy of a stay"); *Safeco Insurance Company of America v. Von Grabow*, No. CIV. A19CV01825LTBKLM, 2020 WL 5517013, at *2 (D. Colo. Mar. 16, 2020) (granting motion to stay filed at direction of court after motion for summary judgment fully briefed and where defendant sought limited discovery for unsupported reasons given procedural posture of case); *i4 Group Consulting, LLC v. Scaled Agile, Inc.*, 2020 WL 6565229, at *4 (D. Colo. Nov. 9, 2020) (granting motion to stay but in the context of mandatory arbitration provision and in light of plaintiff's yearlong delay in converting arbitration demand into lawsuit); *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 612 (D. Colo. 2006) (denying motion for sanctions based on finding that defendant's failed motion to stay was not frivolous or prompted by any illegitimate or improper motive).

4

ignores the fact that, until now, Plaintiffs have had no need to describe the prejudice they would suffer were this case stayed or to preemptively predict and rebut Defendant's future request for a stay. Rather, Defendant bears the burden of justifying its stay request and it has clearly failed to do so here. In any event, Plaintiffs oppose the stay and should be permitted to proceed with the litigation and begin discovery. *See Merrill v. Pathway Leasing LLC*, 2017 WL 11546219, at *1 (D. Colo. Mar. 8, 2017) (denying motion to stay and noting in *String Cheese Incident* analysis that plaintiffs "oppose a stay and express an interest in proceeding expeditiously with discovery"); *Blue Sky Condominiums Homeowners' Associations, Inc. v. Lexington Insurance Company*, 2014 WL 12742163, at *1 (D. Colo. Jan. 29, 2014)("delay may diminish Plaintiff's ability to proceed and may impact her ability to obtain a speedy resolution of her claims"); *Baldwin*, 2011 WL 5177698, at *2.

Plaintiffs intend to aggressively pursue their claims for monetary relief arising from Defendant's ongoing refusal to honor the terms of its Contract of Carriage by withholding refunds for cancelled flights. And, under the circumstances, Frontier should be required to issue those refunds without undue delay. Additionally, Plaintiffs do not seek *only* monetary relief; they also seek assurances (in the form of injunctive relief) that, moving forward, Frontier will not violate its Contract of Carriage should Plaintiffs have no choice but to fly Frontier in the future due to cost or scheduling considerations. *See* Dkt. No. 162 (CCAC) at ¶¶ 70, 130. Defendant's reliance on *Wells*, 2014 WL 6886719, at *3-4 (shareholder derivative action seeking damages only and unspecified corporate governance reforms) therefore is misplaced. A stay of discovery here threatens to indefinitely delay not only Plaintiffs efforts to recover dollar damages, but also to secure the injunctive relief needed to permanently end Defendant's unlawful policies and practices.

### b. Discovery Will Not Unduly Burden Defendant

Defendant makes no effort to substantiate its claims of burden. Instead, it argues only that proceeding with discovery would be "[c]learly…wasteful and burdensome to Frontier if this Court grant's Frontier's motion to dismiss." Motion at 3. Beyond failing to provide the requisite "particular and specific demonstration of fact" (*see Wells*, 2014 WL 6886719, at *2), Defendant essentially repackages its prior argument that the mere pendency of a motion to dismiss warrants a stay. Again, such a garden variety Rule 12(b)(6) motion to dismiss that does not implicate issues of immunity or jurisdiction does not, standing alone, support a stay of discovery. Further, the "ordinary burdens associated with litigating a case do not constitute undue burden." *Collins*, 2008 WL 4457850, at *1. Defendant has not asserted that it would suffer any burdens beyond the ordinary obligations associated with litigating this case. This factor supports denying the requested stay.

### c. The Convenience to the Court

Though Plaintiffs do not presume to know whether a stay in this instance would be convenient for the Court, courts faced with similar motions have acknowledged being "inconvenienced by an ill-advised stay" which makes the "Court's docket less predictable and, hence, less manageable." *Collins,* 2008 WL 4457850, at *1. The court in *Collins* noted that this is "particularly true where there is a pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for which ultimate success is not guaranteed." *Id; Baldwin*, 2011 WL 5177698, at *2; *see also WildEarth*, 2014 WL 4748296, at *7 (the Court has an interest in managing its docket by having the cases on its docket proceed expeditiously); *Bituminous Cas. Corp. v. Hartford Cas. Ins. Co.*, No., 2013 WL 5291404, at *4 (D. Colo. Sept. 19, 2013) (court's interest in controlling docket and

the fair and speedy administration of justice weighs against entry of a stay). Defendant's bald assertion that a stay would be "certainly more convenient for this Court" is presumptuous and ignores that a fair and expeditious prosecution of this matter likely better serves the Court's interest in effectively managing its docket (not to mention the interests of Plaintiffs and the Class, who are eager for a swift and just resolution).

### d. The Interests of Non-Parties Weigh Against a Stay

A stay also would inconvenience thousands of non-parties: the members of the proposed Class. This case involves losses of hundreds, if not thousands, of dollars suffered by hundreds of thousands of people. The refunds to which they are contractually entitled could make a significant difference in in each of their lives, particularly in the midst of the pandemic that has yet to fully abate. As detailed in Plaintiffs' response to Defendant's motion to dismiss, given the small, but significant damages at stake, individual lawsuits are not viable and class members are relying on this case to vindicate their rights and recover their refunds in the near term. Class members also will benefit from prompt injunctive relief that makes certain Frontier cannot repeat its unlawful conduct. These non-parties undoubtedly have an interest in the just and speedy resolution of this litigation. *See Vreeland*, 2021 WL 222410, at *3 (third parties who bear burdens associated with continued litigation have interest in speedy resolution, weighing against a stay).

### e. The Public Interest Counsels Against a Stay

The public has a "strong interest" regarding "the prompt and efficient handling of all litigation." *Collins*, 2008 WL 4457850, at *1; *Stinnett*, 2020 WL 9258440, at *3 ("the public interest underlying all lawsuits is that they be resolved as fairly and quickly as possible.") (internal quotations omitted); *Blue Sky Condominiums Homeowners' Associations, Inc.*, 2014 WL

7

12742163, at *2.  This is particularly true where, as here, the public is subject to the same limited carrier options as Plaintiffs and class members, which may require many members of the public to fly Frontier in the near future.  Accordingly, as prospective air travel customers, the public has an interest in this litigation yielding prompt injunctive relief that prevents Frontier from continuing to violate its Contract of Carriage and harm the public. *See WildEarth Guardians*, 2014 WL 4748296, at *8 (noting that public interest in prompt resolution of cases weighs against a stay).

### III.    Conclusion

For the reasons detailed above, Defendant's Motion to Stay Pending Resolution of Motion to Dismiss should be denied.

Dated: May 14, 2021                                          Respectfully submitted,


*s/ Jamie Hubbard*
Jamie Hubbard
Kathryn J. Stimson
STIMSON STANCIL LABRANCHE HUBBARD
1652 Downing Street
Denver, CO 80218
Tel: (720) 689-8909
Email: hubbard@sslhlaw.com
           stimson@sslhlaw.com

*Interim Liaison Counsel*

Daniel O. Herrera
Christopher P.T. Tourek
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
150 S. Wacker, Suite 3000
Chicago, IL 60606
Tel: (312) 782-4880
Email: dherrera@caffertyclobes.com
           ctourek@caffertyclobes.com

8

Bryan L. Clobes
CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP
205 N. Monroe St.
Media, PA 19063
Tel: (215) 864-2800
Email: bclobes@caffertyclobes.com

Shanon J. Carson
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
Email: scarson@bm.net

John G. Albanese
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5997
Email: jalbanese@bm.net

*Interim Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May 2021, a true and correct copy of the foregoing **Plaintiffs' Opposition to Motion to Stay Pending Resolution of Motion to Dismiss** was filed with the Clerk of Court via the CM/ECF filing system, which will send notification of such filing to all CM/ECF registrant(s) who have entered an appearance in this case.

*s/ Brenda Rodriguez*
Brenda Rodriguez