IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

**REPLY IN SUPPORT OF MOTION TO STAY PENDING RESOLUTION OF MOTION TO DISMISS**

In its opening brief, Frontier Airlines, Inc. ("Frontier") demonstrated that a discovery stay is appropriate until the Court decides Frontier's motion to dismiss. Plaintiffs bring a putative nationwide class action alleging that Frontier breached its Contract of Carriage ("Contract") as to flights cancelled in connection with COVID-19. Frontier established in its motion to dismiss that Plaintiffs cannot bring this case as a class action because the Contract contains a class action bar. If Frontier prevails in its motion to dismiss, the Court will dismiss this entire case. A stay can avoid the potential for nationwide class action discovery while this decision is pending.

**I. Frontier's motion presents a straightforward and meritorious basis for a stay.**

Plaintiffs note the general principle that there is no automatic stay upon the filing of a motion to dismiss and stays are exceptions rather than the rule. Opp. at 1-2. But they overlook that District of Colorado courts repeatedly endorse that "a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Round v. USDA*, 2021 U.S. Dist. LEXIS 32941, *5 (D. Colo. Feb. 23, 2021). They do not dispute that District of Colorado courts have recited this dispositive motion stay principle in hundreds of cases. *See, e.g., Wells v. Smith*, 2014 U.S. Dist. LEXIS 170086, *7 (D. Colo. Dec. 8, 2014) ("Precedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending.");

1

Plaintiffs contend that Frontier's motion to stay is conclusory and contains no particular and specific demonstration of fact. Plaintiffs overlook that, as Frontier raised, this case is a putative nationwide class action based on an alleged breach of a contract that expressly bars bringing this case as a class action. Frontier's motion to dismiss challenges prosecuting this case as a class action, and, if granted, would result in the Court determining it has no jurisdiction and ending this case, rendering any nationwide class action discovery unnecessary and wasteful. Plaintiffs do not challenge that the Contract has a class action bar, or dispute that they allege this Court has jurisdiction pursuant to the Class Action Fairness Act. Plaintiffs even attach the Contract, with the class action bar provision, to their Consolidated Class Action Complaint. They also do not challenge that if the Contract's class action bar is enforced, this case is over.

Further, there are no pending discovery requests in this case, so Frontier could not raise that "particular and specific" requests implicate burden or other discovery issues that support a stay. Yet the fact is that any discovery could be unnecessary, and any class discovery will inherently be burdensome. These are not conclusory statements, but the unique circumstances of this case. The "decision to stay a case invokes the discretion of the Court under the circumstances at issue." *Wells*, 2014 U.S. Dist. LEXIS 170086, at *7. A "court may decide that in a particular case it would be wise to stay discovery on the merits until certain challenges have been resolved." *Warad West LLC v. Sorin CRM USA Inc.*, 2015 U.S. Dist. LEXIS 44683 *3 (D. Colo. Apr. 3, 2015).

**II. Frontier's motion to dismiss supports a stay until it is decided.**

Plaintiffs argue that Frontier's motion to dismiss is a "routine" motion that does not raise "jurisdiction" implications or "unique" or "similar concerns." Opp. at 3-4. Plaintiffs do not cite any case describing a dispositive motion that challenges the ability of plaintiffs to pursue a

nationwide class action as routine. Plaintiffs omit any discussion in their opposition of the class action bar argument that Frontier raised in the motion to dismiss, or the jurisdictional implications of the Court granting dismissal. Opp. at 3-4. Such a decision means this case is entirely over, as no further amendment of the complaint could cure such a threshold defect.

### III. The *String Cheese* factors support a stay until Frontier's motion to dismiss is decided.

#### A. Plaintiffs do not demonstrate any burden that weighs against a temporary stay.

Plaintiffs argue they want this case to proceed because the first of the consolidated cases were filed a year ago. Opp. at 4. Plaintiffs fail to note that they filed their Consolidated Class Action Complaint, which they represented to the Court superseded all prior complaints, on January 29, 2021. ECF No. 62. The operative allegations in this case are only a few months old.

Plaintiffs do not refute Frontier's arguments that Plaintiffs have never represented to the Court that they needed any discovery for Frontier's motion to dismiss, or that any prejudice would occur other than the passage of time if discovery is stayed until the Court decides Frontier's motion to dismiss. *See Stone v. Vail Resorts Dev. Co.*, 2010 U.S. Dist. LEXIS 8765, *7 (D. Colo. Jan. 7, 2010) (noting that "Plaintiffs did not deny the existence of the arbitration agreement or argue that they need discovery in order to oppose" the motion to enforce the agreement). Instead, Plaintiffs argue that they "intend to aggressively pursue their claims for monetary relief." Opp. at 5. But a "delay in the recovery of monetary damages, without more, is not prejudice." *Wells*, 2014 U.S. Dist. LEXIS 170086, *11.

Plaintiffs attempt to avoid the reality they demonstrate no prejudice by arguing that they also seek injunctive relief in the event that they "have no choice but to fly Frontier in the future." Opp. at 5. That speculation is not a legitimate assertion for injunctive relief. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (to seek injunctive relief, "plaintiffs must allege an

3

injury that is actual and imminent, not conjectural or hypothetical"). They also ignore that their case is about flights canceled due to the COVID-19 pandemic, as they make clear from the beginning of their Consolidated Class Action Complaint. ECF No. 62, at ¶ 1. Plaintiffs do not argue that flights are still being canceled due to the pandemic. Plaintiffs also fail to note that Frontier includes a Constitutional standing argument in its motion to dismiss against Plaintiffs' right to seek injunctive relief. *See* ECF Nos. 63 and 69. Plaintiffs' lone cause of action is for breach of contract, and they seek monetary refunds for that breach. Plaintiffs' only actual argument of burden if a stay is issued is solely based on a "delay in the recovery of monetary damages," which, "without more, is not prejudice." *Wells*, 2014 U.S. Dist. LEXIS 170086, *11.

Plaintiffs' final assertion, that a stay will "indefinitely delay" their recovery efforts, Opp. at 5, is unsupported. Frontier seeks a stay only until the Court decides its motion to dismiss, fully briefed and pending a decision as of March 30, 2021. Such a temporary stay is reasonable given the threshold issue presented whether Plaintiffs can maintain this case as a class action. *See Wells*, 2014 U.S. Dist. LEXIS 170086, *11 ("while Plaintiffs have a generalized interest in proceeding expeditiously with this case, they have not sufficiently demonstrated that they will be prejudiced by a stay").

### B. Frontier would be unduly burdened if a stay is not entered.

Plaintiffs concede that Frontier argued that proceeding with discovery would be burdensome and wasteful. Opp. at 6. Plaintiffs again accuse Frontier of making no effort to substantiate a claim of burden with a particular and specific demonstration of fact. *Id.* Plaintiffs omit that Frontier has not been served with any discovery requests in this action, so Frontier could not identify which "particular and specific" requests pose a burden. Plaintiffs have made clear that they intend to seek class-wide discovery. Such discovery, if allowed to proceed, would

4

inherently pose a burden on a defendant, not to mention a defendant that has a dispositive motion pending asserting that plaintiffs could not pursue class claims.

Accordingly, this case does not implicate the "ordinary burdens" associated with a typical case as Plaintiffs argue. Opp. at 6. Courts across the nation recognize that class discovery imposes burdens. *See, e.g., Edwards v. Zenimax Media, Inc.*, 2012 U.S. Dist. LEXIS 68816, *8 (May 17, 2012) (recognizing that "Plaintiff seeks discovery regarding his class action claims," and "discovery as to those claims is likely to be significant"); *Grosvenor v. Qwest Communs. Int'l, Inc.*, 2010 U.S. Dist. LEXIS 43492, *4, (D. Colo. Apr. 1. 2010) (noting that "while the ordinary burdens associated with litigating a case do not constitute an undue burden, the breadth of class action discovery implicated in this case if a stay were not granted would be a significantly elevated burden on Defendants").[1] Further, this case involves a putative class action alleging breach of a contract where a pending motion to dismiss raises the issue that the contract contains a class action bar that prohibits class actions. *See Stone*, 2010 U.S. Dist. LEXIS 8765, *4 (recognizing that discovery regarding class action claims "is likely to be significant. And, because the arbitration agreement apparently prohibits class actions, substantial portions of such

---

[1] Other courts are in accord. *See, e.g., In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 972 (S.D. Cal. 2014) (finding that "the Court will not allow expensive, potentially burdensome class action discovery to ensue in the absence of a viable cause of action"); *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 624 (N.D. Cal. 2013) (noting that "class action discovery can be an expensive and burdensome process"); *Wilson v. McDonald's Corp.*, 2015 U.S. Dist. LEXIS 192884, *11 (E.D. Mich. Apr. 28, 2015) (finding that "the burden on defendants in having to engage in class discovery while dispositive motions are pending on the class claims outweighs the potential prejudice to plaintiffs in delaying such discovery"); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2014 U.S. Dist. LEXIS 13523, *12-13 (D.N.J. Feb. 4, 2014) (noting the "substantial costs and burdens associated with whole scale class action discovery" and that "it is generally recognized that class actions involve the potential 'for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims'"); *Am. Int'l Group, Inc. v. Ace Ina Holdings, Inc.*, 2012 U.S. Dist. LEXIS 25265, *41 (N.D. Ill. Feb. 28, 2012) (noting that "the burden of responding to class plaintiffs' discovery demands gives defendants an incentive to agree to early settlement") (citation omitted); *Brown v. Charles Schwab & Co.*, 2010 U.S. Dist. LEXIS 8212, *3-4 (D.S.C. Feb. 1, 2010) (observing that the "difference between this case as a class action and this case as a direct action is significant, especially in terms of the burdensome and costly class-wide discovery that will take place if this case proceeds as a class action").

discovery may ultimately be useless and a waste of the parties' time and resources.").

Plaintiffs' final argument, to again refer to Frontier's motion to dismiss as a "garden variety" motion, is facially disprovable. The threshold argument in Frontier's motion to dismiss is whether the very contract that Plaintiffs base their entire case on, which contains a class action bar provision, precludes Plaintiffs from bringing this case as a putative class action. Granting Frontier's motion to dismiss due to the class action bar would not result in a further opportunity for Plaintiffs to seek to amend that defect through further pleading amendment, because the class action bar would preclude any ability for Plaintiffs to proceed with this case in the Court. They could no longer plead that the Court has jurisdiction under the Class Action Fairness Act, their lone cause of action does not arise under federal law, and their claims total a few hundred dollars, far less than the amount in controversy to plead federal diversity jurisdiction. *See Warad West LLC v. Sorin CRM USA Inc.*, 2015 U.S. Dist. LEXIS 146886, *2 (D. Colo. Oct. 29, 2015) (recognizing that "proceeding with discovery would be wasteful should the Motions to Dismiss be granted, especially as they may dispose of the entire case. Thus, this factor weighs in favor of imposing a stay.").

### C. The convenience of the court factor favors a stay.

Plaintiffs assert that they do not know whether a stay would be convenient for the Court, but argue that courts "faced with similar motions" have found inconvenience through an ill-advised stay. Opp. at 6. None of the four cases that Plaintiffs cite involved a proposed class action, much less a putative nationwide class action, where a pending motion to dismiss challenged whether the case could proceed as a class action. Opp. at 6.

Plaintiffs' further argument is that "a fair and expeditious prosecution of this matter likely better serves the Court's interest in effectively managing its docket." Opp. at 7. Plaintiffs

6

do not argue a stay would raise concerns about the availability of witnesses or evidence, as their allegations involve flight transactions that took place in 2020. Frontier's motion to dismiss is fully briefed and pending the Court's decision as of March 30, 2021, removing any need for an elongated stay to encompass time for the parties to complete their briefing.

Plaintiffs offer no response to courts recognizing that a "stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources," and that it is "more convenient" for courts "to stay discovery until it is clear that the case will proceed." *Morales v. Roxbox Containers, LLC*, 2020 U.S. Dist. LEXIS 220860, *2-4 (D. Colo. Nov. 3, 2020). *See also Edwards*, 2012 U.S. Dist. LEXIS 68816, *11-12 (finding that "it is clear that should the pending motions be granted, this Court will have expended resources managing a complex class action suit unnecessarily in the absence of a stay"); *Stone*, 2010 U.S. Dist. LEXIS 8765, *8-9 ("It is clear, however, that should the Motion to Compel Arbitration be granted and all claims stayed, this Court will have expended resources managing a complex class-action suit unnecessarily. As this result is not unlikely and would be a significant waste of judicial resources, the Court's interest in judicial economy weighs in favor of granting the stay.").

"Staying discovery pending decision on a dispositive motion that would fully resolve the case 'furthers the ends of economy and efficiency, since if the motion is granted, there will be no need for further proceedings.'" *Wells*, 2014 U.S. Dist. LEXIS 170086, *14 (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1 (D.D.C. 2005)). *See also Cunningham Lindsey U.S. Inc. v. Crawford & Co.*, 2018 U.S. Dist. LEXIS 241142, *5 (D. Colo. Dec. 11, 2018) (finding that "as to the third factor, it is certainly more convenient for the Court to stay discovery on the claims pending against Defendant Crawford until it is clear that those

7

claims will proceed in this court"). This factor supports a stay.

### D. The interest of nonparties factor supports a stay.

Plaintiffs do not refute Frontier's assertion that this case does not involve nonparties who have significant, particularized interests that are different that those that Plaintiffs have. Opp. at 7. Plaintiffs argue that proposed class members, like themselves, would suffer "inconvenience" by any delay in obtaining refunds from Frontier. *Id.* To support their assertion, Plaintiffs cite one case, *Vreeland v. Tiona*, 2021 U.S. Dist. LEXIS 11972 (D. Colo. Jan. 22, 2021), Opp. at 7. *Vreeland* involved an individual prisoner's lawsuit against a medical professional. That court noted that the Colorado Department of Corrections "and its employees have an interest in a speedy resolution because they are third parties to the litigation who bear the principal obligation to collect documents and materials to refute plaintiff's allegations." *Id.* at *7. That court then stated that it "agrees that these non-parties have an interest in a speedy resolution of plaintiff's claims and finds this factor weighs against a stay." *Id.*

Here, Plaintiffs do not assert that proposed class members have any such burden that is particularized. Plaintiffs argue proposed class members would suffer from the same time delay as Plaintiffs. *See Cunningham Lindsey U.S. Inc.*, 2018 U.S. Dist. LEXIS 241142, *5-6 (in a case where the court granted a stay, finding that "as to the fourth factor, there are no nonparties with significant particularized interests in this case."). In *Edwards*, the court noted that plaintiff asserted that "the putative class action members who are not yet parties to this lawsuit maintain an interest in 'Plaintiff expeditiously pursuing his claims,' and Defendants countered that "potential class members' 'marginal' interests are identical to those of Plaintiff." 2012 U.S. Dist. LEXIS 68816, *12. That court found that "as the interests of Plaintiff in pursuing the prosecution of his case are outweighed by the burden articulated by Defendants, likewise does the same

8

burden outweigh any interest asserted by potential class action members," and thus "this factor favors staying discovery." *Id.* That is precisely the situation here as to Frontier's motion to stay.

### E. The public interest factor supports a stay.

Plaintiffs do not counter Frontier's contention there is no separate public interest in this case, aside from a generalized desire for an efficient and just resolution. Plaintiffs repeat their contention that they and proposed class members have an interest in prompt relief, speculatively asserting, without any authority or basis, that all of them, and the public, have "limited carrier options" and may be required to fly Frontier in the future. Opp. at 7-8.

Plaintiffs' sole genuine argument is that "the public's only interest in this case is a general interest in its efficient and just resolution." *Cunningham Lindsey U.S. Inc.*, 2018 U.S. Dist. LEXIS 241142, *6. "Avoiding wasteful efforts by the Court on claims that may ultimately be dismissed clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay." *Id.* At a minimum, this factor does not support a stay. *See Edwards*, 2012 U.S. Dist. LEXIS 68816, *12-13 (noting that plaintiff "avers that the public interest favors prompt resolution of lawsuits" and defendants "contend that the conservation of resources by the Court and the parties is preferable," and given "both statements are true, the Court finds that this factor weighs neither for nor against the entry of a stay in this matter").

### F. Consideration of the five *String Cheese* factors support a stay here.

The *String Cheese* factors support issuance of a stay until Frontier's motion to dismiss is decided. "Balancing the five factors here considered," the Court should conclude "that a stay of discovery is appropriate" as the "burden on Defendants of proceeding in discovery in this putative class action lawsuit" while a "potentially fully dispositive motion" is "pending outweighs" Plaintiffs' "interest in proceeding expeditiously" with this case. *Edwards*, 2012 U.S.

9

Dist. LEXIS 68816, *13. *See also Thornton v. DaVita Healthcare Partners, Inc.*, 2013 U.S. Dist. LEXIS 145458, *11 (Oct. 8, 2013) (finding that "weighing these factors, the Court concludes that a determination of the legal issues raised in Defendant's Motion to Dismiss should precede the significant burden of discovery attendant with a putative class action"); *Schmaltz v. Smithkline Beecham Corp.*, 2008 U.S. Dist. LEXIS 116985, *3 (D. Colo. Aug. 15, 2008) (finding that the "burden on Defendant of proceeding in discovery in this putative class action lawsuit while a potentially fully dispositive motion is pending outweighs Plaintiffs' interest in proceeding expeditiously with their case").

## CONCLUSION

The Court should stay discovery (including any disclosures) in this putative nationwide class action because Frontier has a motion to dismiss pending that raises the threshold issue that Plaintiffs cannot bring this case as a class action. Frontier accordingly requests that the Court issue a stay until the Court decides Frontier's motion to dismiss.

Respectfully submitted,                                     WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By: /s/ Jason D. Melichar

| William J. Katt, Esq. | Patrick J. Kearns, Esq. | David M. Ross, Esq. | Jason D. Melichar, Esq. |
|---|---|---|---|
| 740 N. Plankinton Avenue | 401 West A Street | 1500 K Street, NW | 1225 17th Street |
| Suite 600 | Suite 1900 | Suite 330 | Suite 2750 |
| Milwaukee, WI 53203 | San Diego, CA 92101 | Washington, DC 20005 | Denver, CO 80202 |
| (414) 276-8816 | (619) 321-6200 | (202) 626-7660 | (303) 572-5300 |
| (414) 276-8819 (fax) | (619) 321-6201 (fax) | (202) 626-3606 (fax) | (303) 573-5301 (fax) |
| KattW@wilsonelser.com | KearnsP@wilsonelser.com | RossD@wilsonelser.com | MelicharJ@wilsonelser.com |

*Attorneys for Defendant Frontier Airlines, Inc.*

254158364v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendant's Reply in Support of Motion to Stay Pending Resolution of Motion to Dismiss was served on all counsel of record via ECF this 17th of May 2021.

/s/ *Jason D. Melichar, Esq.*
Jason D. Melichar, Esq.

254158364v.1