**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 20-cv-01153-PAB-KLM

(Consolidated with Civil Actions Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference was held on June 1, at 11:00 a.m.

Appearing For Plaintiffs:

Jamie Hubbard
STIMSON STANCIL LABRANCHE HUBBARD
1652 Downing Street
Denver, CO 80218
Telephone: 720-689-8909
Email: hubbard@sslhlaw.com

Bryan L. Clobes
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
205 N. Monroe St.
Media, PA 19063
Telephone: (215) 864-2800
Email: bclobes@caffertyclobes.com

Shanon Carson
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000

1

Fax: (215) 875-4604
Email: scarson@bm.net

Appearing for Defendant:

WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP

William J. Katt
740 N. Plankinton Avenue, Suite 600
Milwaukee, WI 53203
Telephone: 414-276-8816
Email: william.katt@wilsonelser.com

Kathryn A. Grace
8444 Westpark Drive, Suite 510
McLean, VA 22102
Telephone: 703.852.7869
Email: kathryn.grace@wilsonelser.com

David Ross
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Telephone: 202-626-7687
Email: david.ross@wilsonelser.com

## 2. STATEMENT OF JURISDICTION

Plaintiffs plead, establish and reiterate here that the Court has subject matter jurisdiction under

the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Defendant Frontier Airlines, Inc.

("Defendant" or "Frontier") notes that its pending motion to dismiss challenges Plaintiffs' ability

to bring this case as a putative class action due to the class action bar that is in Frontier's

Contract of Carriage. If the Court agrees, the Court will undoubtedly conclude that it does not

have jurisdiction, and that Plaintiffs could not plead alternative grounds for jurisdiction if given

an opportunity to amend.

2

3.      **STATEMENT OF CLAIMS AND DEFENSES**

    a.  Plaintiffs:

In this class action, Plaintiffs allege that Frontier violated its Contract of Carriage by refusing to provide refunds for cancelled flights. Instead of complying with its contract of carriage, Frontier engaged in a number of schemes to avoid its obligations, including rebooking passengers on non-comparable flights and inducing passengers to cancel reservations on flights that Frontier was planning to cancel by sending misleading emails offering 90-day travel credits and vouchers.  A 90-day travel credit was near worthless during the pandemic.  During this time, Frontier's customer service has been almost non-existent with calls frequently disconnected, hold times commonly exceeding one hour, and representatives  providing conflicting or confusing information.

Plaintiffs and the Class are entitled to refunds. Alternatively, because the pandemic was unforeseeable at the time of booking and made travel impossible for so many, Plaintiffs and the Class are entitled to rescission and restitution.

    b.  Defendant:

The contract between the parties, Frontier's Contract of Carriage, contains a class action bar that prohibits Plaintiffs from pursuing class action claims, requiring dismissal of this action. Even if the Contract of Carriage did not contain a class action bar, Plaintiffs fail to bring a viable breach of contract claim, their lone cause of action in this case. Frontier acted properly and in compliance with the provisions of the Contract of Carriage with regard to each of the

3

transactions at issue and communications relating to these transactions, including as to emails sent to passengers and customer service calls, rebookings, cancelations, refunds, and travel credits. To the extent that Plaintiffs seek to rely on anything outside of the Contract of Carriage, their claim is preempted.

Plaintiffs were not entitled to refunds under the terms of the Contract of Carriage. Rescission and restitution are improper remedies. The Contract of Carriage addresses flight cancellations, and flight cancellations do not frustrate the Contract of Carriage's underlying purpose or render performance under the contract impossible. That Contract of Carriage also limited Plaintiffs to seeking just compensatory damages, and Plaintiffs cannot pursue injunctive relief because they do not allege that they plan future purchases of Frontier flights.

c.   Other Parties:

None

## 4. UNDISPUTED FACTS

The following facts are undisputed:

None at this time

## 5. COMPUTATION OF DAMAGES

On behalf of themselves and the putative class, Plaintiffs and the Class are entitled to all amounts paid to Frontier in connection with the cancelled flights.  Plaintiffs and the Class also seek punitive damages.  Plaintiffs are not yet in possession of sufficient information from Defendant to calculate class-wide damages.  At present, Plaintiffs estimate that they paid the following amounts to Frontier:

4

Nelcy Alexa Rivera-De Leon: $483.00

Stephanie Muters: $849.60

Shirley Johnson: $797.83

Jeffrey Bone: $1,352.72

Danielle Porreca: $604.20 plus a $25 voucher

ChaCha Powell: $575.40

David Dickstein: $227.20

Kelli Capra: $5,132.75

Defendant notes that Plaintiffs are not entitled to any damages because Frontier acted in compliance with the Contract of Carriage. The Contract of Carriage and Colorado law preclude the pursuit of any damages other than compensatory damages, including punitive damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of Rule 26(f) meeting.

May 11, 2021

b.   Names of each participant and party he/she represented.

For Plaintiffs: Bryan Clobes, Cafferty Clobes Meriwether & Sprengel LLP

John Albanese, Berger Montague PC

For Defendant: David Ross, Wilson Elser LLP

c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiffs made their initial disclosures on May 25, 2021.

Pursuant to Rule 26(a), Defendant has asserted objections that initial disclosures are not appropriate in this action given the case dispositive reasons, in particular the class action bar in Frontier's Contract of Carriage, which would result in the dismissal of this entire case, in Frontier's motion to dismiss. Frontier has also filed a motion to stay all discovery, including disclosures, pending resolution of its motion to dismiss.

      d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

Plaintiffs do not propose any changes.  Defendant has filed a motion to stay all discovery (including disclosures), which Plaintiffs have opposed.

      e.   Statement concerning any agreements to conduct informal discovery:

None at this time.  Defendant's position is that all discovery should be stayed pending resolution of its motion to dismiss. Plaintiffs have opposed Defendant's dismissal and stay motions.

      f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

None at this time

      g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiffs anticipate that their claims will involve a substantial volume of electronically stored information from Defendant's databases including booking details, flight schedules, customer

6

service and relationship information, and emails detailing or discussing Defendant's policies and procedures for cancelling flights and/or providing refunds and the reasons that these policies were implemented.

Defendant notes that the claims or defenses that will be at issue in this case are unknown until Frontier's motion to dismiss is decided, including whether this case will even proceed. Defendant anticipates that if this case proceeds, certain electronic flight transaction information will be relevant, and anticipates that "emails detailing or discussing Defendant's policies and procedures for cancelling flights and/or providing refunds and the reasons that these policies were implemented" will not be relevant or proportional. Frontier anticipates that its defenses will involve Plaintiffs' electronically stored information regarding their allegations and Frontier's defenses.

      h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties have discussed settlement. Plaintiff are open to discussing possible classwide resolution once Defendant provides certain confirmatory discovery required to inform and formulate a settlement demand.  Defendant does not believe that discussions regarding class-wide resolution would be productive until after its motion to dismiss is decided.

## 7. CONSENT

All parties    ☐ [have]    ■   [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

      a.      Modifications which any party proposes to the presumptive numbers

            of depositions or interrogatories contained in the Federal Rules.

None at this time

      b.      Limitations which any party proposes on the length of depositions.

None at this time

      c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

None at this time

      d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Plaintiffs' Position: March 1, 2022

Defendant's Position: Any deadline should be set after the Court rules on the motion to dismiss, consistent with Defendant's motion to stay.

      d.   Other Planning or Discovery Orders

The Parties anticipate that they will submit a protective order regarding confidential discovery material and an ESI protocol for the Court's approval.

## 9. CASE PLAN AND SCHEDULE

      a.      Deadline for Joinder of Parties and Amendment of Pleadings:

Plaintiffs' Position:  November 1, 2021

Defendant's Position: Any deadline should be set after the Court rules on the motion to dismiss, consistent with Defendant's motion to stay.

254333741v.1

      b.     Discovery Cut-off:

Plaintiffs' Position:  March 31, 2022.

Defendant's Position: Any deadline should be set after the Court rules on the motion to dismiss, consistent with Defendant's motion to stay.

      c.     Dispositive Motion Deadline:

Plaintiffs' Motion for Class Certification: April 15, 2022

Any dispositive motions: June 1, 2022

Defendant's Position: Any deadline should be set after the Court rules on the motion to dismiss, consistent with Defendant's motion to stay.

      d.     Expert Witness Disclosure

      1.     The parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs anticipate using an expert  witness to calcule classwide damages.  Plaintiffs may call an expert on liability issues depending on what is revealed in discovery and Defendant's defenses.

Defendant notes that the claims or defenses that will be at issue in this case, thereby including any anticipated fields of expert testimony, are unknown until Frontier's motion to dismiss is decided. Frontier anticipates that if this case proceeds, liability and damages experts may be called, depending on the scope of the claims and defenses asserted and what discovery reveals.

      2.     Limitations which the parties propose on the use or number

of expert witnesses.

None at this time

3.    Plaintiffs' position is that the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 15, 2022 .

Defendant's Position: Any deadline should be set after the Court rules on the motion to dismiss, consistent with Defendant's motion to stay.

4.    Plaintiffs' position is that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 15, 2022./

Defendant's Position: Any deadline should be set after the Court rules on the motion to dismiss, consistent with Defendant's motion to stay.

e.    Identification of Persons to Be Deposed:

Plaintiffs anticipate deposing a corporate representative of Defendant along with at least the witnesses on Defendant's initial disclosures, and any other witnesses identified in discovery for whom Plaintiffs believe a deposition is necessary.

Defendant's Position: Defendant notes that persons to be deposed are unknown until Frontier's motion to dismiss is decided. Frontier anticipates that if this case proceeds, Plaintiffs' depositions will be taken, potentially witnesses that are listed on Plaintiffs' initial disclosures,

254333741v.1

and other witnesses identified during discovery for whom Frontier believes a deposition is appropriate.

## 10. DATES FOR FURTHER CONFERENCES

   a.  Status conferences will be held in this case at the following dates and times:

                         _____.

   b.  A final pretrial conference will be held in this case on _____at o'clock _____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

   a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

Plaintiffs maintain that that discovery should start immediately.

Defendant has moved this Court to temporarily stay all discovery until the Court rules on its potentially case dispositive motion to dismiss, which has been fully briefed and pending a decision as of March 30, 2021.

   b.  Anticipated length of trial and whether trial is to the court or jury.

Plaintiffs have demanded a trial by jury and expect that a trial will last between 7-10 days.

Defendant's Position: Defendant anticipates that if this case survives Frontier's motion to dismiss, a trial could last between 7-10 days, depending on the contours of the case, in particular

11

254333741v.1

class certification, and what is revealed during discovery.

   c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None at this time

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ____day of _____, 20___.

12

BY THE COURT:

_____
  Kristen L. Mix
  United States Magistrate Judge

APPROVED:

/s/ Jamie Hubbard                        
  Jamie Hubbard
  Kathryn J. Stimson
  STIMSON STANCIL LABRANCHE
  HUBBARD
  1652 Downing Street
  Denver, CO 80218
  Telephone: (720) 689-8909
  Email: hubbard@sslhlaw.com;
          stimson@sslhlaw.com

*Interim Liaison Counsel*
  Bryan L. Clobes
  CAFFERTY CLOBES
  MERIWETHER & SPRENGEL LLP
  205 N. Monroe St.
  Media, PA 19063
  Telephone: (215) 864-2800
  Email: bclobes@caffertyclobes.com

  Shanon J. Carson
  BERGER MONTAGUE PC
  1818 Market Street, Suite 3600
  Philadelphia, PA 19103
  Tel: (215) 875-3000
  Fax: (215) 875-4604
  Email: scarson@bm.net

*Interim Co-Lead Counsel*
  Attorneys for Plaintiff

/s/ Jason D. Melichar                        
  Jason D. Melichar
  WILSON ELSER MOSKOWITZ
  EDELMAN & DICKER
  1225 17th Street, Suite 2750
  Denver, CO 80202
  Telephone: (303) 572-5300
  Email: jason.melichar@wilsonelser.com

  William J. Katt
  740 N. Plankinton Avenue, Suite 600
  Milwaukee, WI 53203
  Telephone: (414) 276-8816
  Email: william.katt@wilsonelser.com

  Kathryn A. Grace
  8444 Westpark Drive, Suite 510
  McLean, VA 22102
  Telephone: (703) 852-7869
  Email: kathryn.grace@wilsonelser.com

  Patrick A. Kearns
  401 West A Street, Suite 1900
  San Diego, CA 92101
  Telephone: (619) 321-6200
  Email: patrick.kearns@wilsonelser.com

  David M. Ross
  1500 K St., NW, Suite 330
  Washington, DC 20005
  Telephone: (202) 626-7687
  Email: david.ross@wilsonelser.com
  Attorneys for Defendant

13

254333741v.1