## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM

(Consolidated with Civil Actions Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

---

### PLAINTIFFS' MOTION TO REOPEN CASE TO ALTER JUDGMENT AND ALLOW PLAINTIFFS LEAVE TO FILE AN AMENDED CONSOLIDATED COMPLAINT

---

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs submit this Motion to Reopen the above-captioned litigation for the purposes of seeking leave to amend the Complaint that was dismissed by the Court's September 13, 2021 Order (the "Order", Dkt. No. 94). Plaintiffs believe there exists good cause to reopen the case, and respectfully request the Court reconsider that portion of its decision dismissing Plaintiffs' claim for breach of contract with prejudice and allow Plaintiffs leave to file the proposed Amended Consolidated Complaint, a copy of which is formatted pursuant to L. Civ. R. 15.1(b) and attached to this Motion as Exhibit A, with a clean version attached as Exhibit B.

**I.     Compliance with L. Civ. R. 7.1(A)**

Plaintiffs certify that they have made reasonable, good faith efforts to confer with counsel for Defendant Frontier Airlines, Inc. ("Frontier") before filing the present motion. Counsel for Plaintiffs contacted counsel for Frontier on October 8, 2021, and communicated Plaintiffs' intent to move to reopen this matter and seek leave to file an amended complaint.  On the same date, counsel for Frontier advised that their client intended to oppose Plaintiffs' motion.

## II.     Relevant Factual and Procedural Background

The parties and the Court are well-versed in the factual and procedural background here. Plaintiffs filed their Consolidated Class Action Complaint (the "Complaint") on January 29, 2021, asserting breach of contract against Defendant Frontier in connection with Frontier's refusal to issue monetary refunds to passengers. Dkt. No. 62.  Plaintiffs brought this action individually and on behalf of similarly situated Frontier passengers.[1] On February 22, 2021, Frontier moved to dismiss the Complaint (Dkt. No. 63) and, thereafter, the parties briefed that motion.

On September 13, 2021, this Court issued an Order granting Frontier's motion to dismiss and dismissing with prejudice Plaintiff's' breach of contract claim. Dkt. No. 94 at 24. In its Order, the Court found, *inter alia*, that: (1) Frontier was not bound by certain United States Department of Transportation notices and federal regulations as Plaintiffs alleged (*id*. at 13-14); (2) Plaintiffs' claim was not preempted by the Airline Deregulation Act (*id*. at 16); (3) Plaintiffs failed to plausibly allege breach of contract concerning Frontier's conduct with respect to tickets cancelled by customers (*id*. at 19-20); and (4) Plaintiffs failed to plausibly allege breach of contract concerning Frontier's conduct with respect to plaintiffs flights cancelled by Frontier (*id*. at 21-24).

Notably, in its analysis of the allegations pertaining to certain Plaintiffs whose flights were cancelled by Frontier (Bone and Dickstein), the Court observed:

---

[1] *See* Complaint at ¶96, defining the proposed class as "All persons in the United States who meet the following criteria: i. Purchased tickets to fly on Frontier Airlines, to, from or within the United States; and ii. Frontier cancelled the flight(s) or the consumer cancelled the flight(s), on or after February 29, 2020; and iii. To whom Frontier has failed to provide a refund; and iv. Who has not used any travel credits provided by Frontier to fly on a Frontier flight when the reservation was cancelled."

With respect to Plaintiff Bone:

"As to Bone's re-booking, he does not allege that he refused the schedule change and did not take the new flight. Moreover, the Contract required Frontier to provide alternative transportation or, if it could not, a refund… Plaintiffs do not allege that Frontier could not provide alternative transportation such that it was obligated to refund Bone's ticket upon request. Nor do plaintiffs allege that the new flight was a "significant" change, permitting Frontier to exercise its discretion to refund the ticket. The Court thus finds that plaintiffs have failed to plausibly allege that Frontier breached the Contract in its treatment of Bone." *Id.* at 21.

With respect to Plaintiff Dickstein:

"However, the Court finds that Dickstein's allegations are not sufficient to allege he was entitled to a refund from Frontier, as the Contract provides Frontier discretion in this process… Although the Contract is unclear what it leaves to Frontier's discretion – discretion as to whether a schedule modification is "significant" or discretion whether to provide a refund… – this lack of clarity has no bearing on the success of Dickstein's claim because plaintiffs provide no allegations concerning Frontier's exercise of its discretion or whether it did so improperly under the Contract. Plaintiffs contend that no reasonable interpretation of the Contract would "allow Frontier the discretion to regard a 12-hour delay as insignificant." …However, there are no allegations regarding this issue in the complaint, and a motion to dismiss tests the sufficiency of allegations in a complaint." *Id*. at 23.

Though the Court dismissed Plaintiffs' breach of contract claim with prejudice, it did not indicate that amendment of Plaintiffs' pleading would be futile or that Plaintiffs' claim could not be sustained under any set of factual allegations.

The present motion follows.

### III. Argument

#### a. The Court Should Reopen this Matter and Alter its Judgment to Reflect a Dismissal Without Prejudice

Fed. R. Civ. P. 59(e) allows parties to file a motion to alter or amend a judgment no later than 28 days after entry of the Court's judgment. Such a motion is proper where there is "(1) an intervening change in controlling law, (2) new evidence previously unavailable, or (3) the need

3

to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005).

Plaintiffs' motion is timely filed within the 28-day time period prescribed by Rule 59(e) and is necessary to prevent the manifest injustice that would result if the Court's Order dismissing Plaintiffs' claim with prejudice were to stand. Indeed, a motion to reopen pursuant to Rule 59 should be granted where, as here, plaintiffs seek to reopen a matter to amend a court order from a dismissal *with prejudice* to a dismissal *without prejudice* so that plaintiffs may amend their Complaint. *Stender v. Cardwell*, No. 07-cv-02503REBMJW, 2009 WL 3158134, at *2 (D. Colo., Sept. 28, 2009) (finding good cause exists to reopen case to provide for dismissal of plaintiffs' non-arbitrable claims without prejudice so that they may amend their complaint in an attempt to state viable claims.); *see also Spitzer v. IBM Credit, LLC*, No. 18-cv-02055MSKNYW, 2019 WL 427691, at *5 (D. Colo., Feb. 4, 2019) (directing plaintiffs to file an appropriate motion to reopen case and seek leave to amend if they believe they can adequately plead facts in an amended complaint); *Decker v. 'Murica, LLC*, No. 19-cv-00104MSKSKC, 2020 WL 491188, at *4 (D. Colo., Jan. 30, 2020) (same).

Plaintiffs seek such a result here in light of the reparable pleading defects identified in the Court's Order. *Stender*, 2009 WL 3158134, at *4 ("Accordingly, dismissal was based on a potentially reparable pleading defect, and because I cannot definitively find that the pleading defects cannot be rectified, the claim should have been ordered dismissed without prejudice."). As set forth in the attached proposed Amended Consolidated Complaint, Plaintiffs now include additional allegations that directly address the pleading deficiencies identified in the Court's Order, including with respect to Plaintiffs Bone, Dickstein, Johnson, and Porreca.  This includes allegations asserting that Plaintiff Bone did not knowingly accept a schedule change or full travel

4

credit and that Frontier was unable to provide him with comparable alternative transportation to his brother's wedding in Cancun and, thus, owed him a refund. *See* Ex. A. at *e.g.* ¶¶20-22. With respect to Plaintiff Dickstein, Plaintiffs' proposed amendment provides additional allegations making clear that Frontier's 12-hour schedule modification was "significant" and that no reasonable interpretation of the contract would permit Frontier the discretion to determine such a modification was insignificant. *Id.* at ¶28. Further, Plaintiff Dickstein's cancellation of the reservation Frontier rebooked him on constituted a rejection of the alternative travel method offered by Frontier and triggered the company's obligation to provide Plaintiff Dickstein with a refund. *Id.* at ¶30, 65.

Plaintiffs have also amended their allegations with respect to Plaintiffs Johnson and Porreca to allege that Frontier's conduct in inducing them to cancel their flights constituted a breach of contract. *Id.* at ¶¶15-17, 23-25, 77-83. Specifically, Plaintiffs allege that Frontier's communications to customers, including Plaintiffs Johnson and Porreca, were intended to entice customers to cancel their flights in exchange for no fees for canceling and rebooking and in some instances travel credits or vouchers valued in excess of the original booking price. *Id.* at ¶¶77-79. Critically, Frontier's offer failed to include any statement that the travel credits would expire, and so consumers reasonably expected that the credits would not expire in 90 days. *Id.* at ¶79. When customers accepted Frontier's offer by cancelling their flights in response to Frontier's communication a new contract was created, one that was breached when Frontier thereafter imposed an undisclosed 90-day time limit on the credits. *Id.* at ¶¶80-83.

Under these circumstances, the Court's dismissal with prejudice is not appropriate and Plaintiffs should be afforded the opportunity to file their proposed Amended Consolidated Complaint. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)

5

(dismissal with prejudice is appropriate only where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile).

Accordingly, Plaintiffs respectfully request that the Court reopen this matter and alter its Order to reflect that the dismissal of Plaintiffs' breach of contract claim is without prejudice and that Plaintiffs may amend their pleading.

> **b. Upon Reopening the Case and Altering its Judgment, the Court Should Grant Plaintiffs Leave to Amend the Complaint**

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15 is intended to provide litigants with "the maximum opportunity for each claim to be decided on its merits." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). The Court should grant leave to amend unless "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

In its Order, the Court did not indicate that amendment of the Complaint would be futile, nor did it find that the dismissed breach of contract claim could not be sustained under any set of facts. Rather, the Court's dismissal was premised on Plaintiffs' failure to include allegations sufficient to assert a cause of action for breach of contract. *See e.g.* Order at 21-23. These are pleading deficiencies that Plaintiffs should have the opportunity to cure through an amended pleading.  A plaintiff typically "will not be precluded from amending a defective pleading." *Qdoba Restaurant Corp. v. Taylors, LLC*, No. 08-cv-01179-MSK-KLM, 2008 WL 4426009, at *3 (D. Colo. Sept. 25, 2008) (citing 6 Charles Alan Wright et al., Federal Practice and Procedure §1487, at 629 (2d ed. 1990)).  In fact, the mere possibility that a party can correct the defects in their complaint justifies granting leave to amend. *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1131 (10th Cir. 1994) (leave to amend proper "if it is at all possible that the party against whom

6

the dismissal is directed can correct the defect in the pleading or state a claim for relief."); *L.J. through Johnson v. Parker Personal Care Homes, Inc.*, No. 13-cv-3319WJMBNB, 2014 WL 5812339, at *4 (D. Colo., Nov. 10, 2014) (granting plaintiff leave to amend because "it is possible that he could adequately re-plead his claims.").

Plaintiffs assert that the proposed Amended Consolidated Complaint (attached hereto as Exhibits A and B) has cured all of the deficiencies noted by the Court in its Order and Plaintiffs should be afforded the opportunity to litigate their breach of contract claim as amended. Thus, upon reopening this matter and altering the Order, the Court should grant Plaintiffs leave to amend the Complaint.

## IV. Conclusion

WHEREFORE, the Court should grant Plaintiffs' motion to reopen the above-captioned matter for the purposes of altering the Court's September 13 Judgment and allowing Plaintiffs leave to amend the Consolidated Class Action Complaint.

Dated: October 11, 2021                                  Respectfully submitted,

| */s/ Jamie Hubbard* | */s/ Bryan L. Clobes* | */s/ Shanon J. Carson* |
|---|---|---|
| Kathryn J. Stimson | Bryan L. Clobes | Shanon J. Carson |
| Jamie Hubbard | CAFFERTY CLOBES | BERGER MONTAGUE PC |
| STIMSON STANCIL | MERIWETHER & | 1818 Market Street |
| LABRANCHE HUBBARD, LLC | SPRENGEL LLP | Suite 3600 |
| 1652 Downing Street | 205 N. Monroe St. | Philadelphia, PA 19103 |
| Denver, CO 80218 | Media, PA 19063 | Tel: 215-875-3000 |
| Tel: 720-689-8909 | Tel: 215-864-2800 | scarson@bm.net |
| stimson@sslhlaw.com | bclobes@caffertyclobes.com | ***Interim Co-Lead Counsel*** |
| hubbard@sslhlaw.com | ***Interim Co-Lead Counsel*** | |
| ***Interim Liaison Counsel*** | | |

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of October 2021, a true and correct copy of the foregoing *Plaintiffs' Motion to Reopen Case to Alter Judgment and Allow Plaintiffs Leave to File an Amended Consolidated Complaint* was filed with the Clerk of Court via the CM/ECF filing system, which will send notification of such filing to all CM/ECF registrant(s) who have entered an appearance in this case.

/s/ Brenda Rodriguez