**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:  20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re:  FRONTIER AIRLINES LITIGATION

---

**FRONTIER AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN CASE TO ALTER JUDGMENT AND MOTION FOR LEAVE TO FILE AN AMENDED CONSOLIDATED COMPLAINT**

---

Defendant Frontier Airlines, Inc. ("Frontier") submits this opposition to Plaintiffs' Motion to Reopen Case to Alter Judgment and Allow Plaintiffs Leave to File an Amended Consolidated Complaint, ECF No. 96.

**INTRODUCTION**

In a carefully analyzed 24-page decision issued on September 13, 2021, the Court found that Plaintiffs failed to plead a viable breach of contract cause of action and dismissed Plaintiffs' Consolidated Class Action Complaint ("CAC") with prejudice. Twenty-eight days later, Plaintiffs filed a motion for reconsideration, which they label as a Motion to Reopen Case to Alter Judgment and Allow Plaintiffs Leave to File an Amended Consolidated Complaint ("Motion to Reconsider"). Plaintiffs' only challenge to the Court's decision is the dismissal with prejudice, which they argue constitutes manifest injustice.

The Motion to Reconsider should be denied because Plaintiffs solely seek to add claims that they possessed and could have asserted from the time they filed the CAC. Well-established case law holds that this is a meritless basis for reconsideration. Even if Plaintiffs had somehow just learned the alleged facts for the claims they seek leave to include, reconsideration would still be unwarranted because their proposed further amendment of their CAC would be futile.

1

**BACKGROUND**

After a months-long process to select lead plaintiffs' counsel, Plaintiffs filed the CAC on January 29, 2021. ECF No. 62. Frontier filed its motion to dismiss on February 22, 2021. ECF No. 63. After receiving a consented-to extension of time, Plaintiffs filed their opposition to the motion to dismiss on March 19, 2021. ECF No. 68. In their opposition, Plaintiffs did not seek leave to amend to add any of the allegations or causes of action they now seek approval to file through their Motion to Reconsider. In their opposition, Plaintiffs only requested, albeit in a footnote, leave to amend to add a lone allegation that they "will likely need to fly" Frontier "again in the future," to support their injunctive relief request. Opposition to Motion to Dismiss, ECF No. 68, at p. 14, n. 78.

From the time that Frontier filed its motion to dismiss on February 22, 2021, ECF No. 63, and the Court granted the motion on September 13, 2021, ECF No. 94, 203 days elapsed and 31 docket entries were entered. At no point during that time did Plaintiffs seek leave to amend their CAC, which was already an amended complaint that superseded and replaced every complaint filed in the six consolidated cases.

**ARGUMENT**

**I.      Plaintiffs Fail to Meet the Applicable Standard of Review for Reconsideration.**

Plaintiffs label their Motion to Reconsider as a Motion to Reopen Case to Alter Judgment and Allow Plaintiffs Leave to File an Amended Consolidated Complaint. Their motion, brought under Rule 59(e), is a motion to reconsider. "The substance of the motion, not its form or label, controls its disposition." *United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016). As the Court has repeatedly recognized:

> A motion to reconsider a court's judgment filed within twenty-eight days of the
> entry of judgment is treated as a motion to alter or amend judgment pursuant to

> Federal Rule of Civil Procedure 59. Fed. R. Civ. P. 59(e). Relief under Rule 59 is warranted where a party can show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). New evidence can support a Rule 59 motion where the evidence is (1) newly discovered or (2) counsel made a diligent but unsuccessful attempt to discover the evidence before the court issued the challenged ruling. *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (citation omitted). A decision or action by the Court constitutes "clear error" if it "appears to a reviewing court to have been unquestionably erroneous." Black's Law Dictionary 582 (8th ed. 2004). A Rule 59 motion may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. The rule does not, however, afford a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not. *Id.*

*Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.,* No. 09-cv-00970-PAB-KMT, 2014 U.S. Dist. LEXIS 113621, *1-3 (D. Colo. Aug. 14, 2014); *Sherman v. Klenke*, No. 11-cv-03091-PAB-CBS, 2015 U.S. Dist. LEXIS 122106, *1-2 (D. Colo. Sept. 14, 2015 (same); *Taylor v. Colo. Dep't of Health Care Policy & Financing*, No. 12-cv-00300-PAB-KMT, 2014 U.S. Dist. LEXIS 41028, *1-3 (D. Colo. Mar. 27, 2014) (same).

Plaintiffs' sole argument in the Motion to Reconsider is that the Court's decision presents manifest injustice because it included a dismissal with prejudice instead of without prejudice. Motion at 4. Plaintiffs contend that reconsideration is warranted because they can repackage an amended complaint with allegations that they already had at their disposal from the moment they filed the CAC but neither chose to include nor chose to seek to file.

## II.	The Court Should Not Reopen this Matter nor Alter its Judgment to Reflect a Dismissal Without Prejudice.

The Court should deny Plaintiffs' attempt to reopen this matter and alter the judgment because the relief sought by Plaintiffs is unwarranted under Fed. R. Civ. P. 59(e). Grounds warranting a motion to reconsider include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

3

261421861v.1

injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Plaintiffs do not contend that the first two bases apply, instead focusing their attention on the third basis.

In support of that argument, Plaintiffs rely entirely on new allegations contained in their proposed amended complaint, suggesting that those amendments correct the pleading defects the Court identified in Plaintiffs' CAC. However, none of the "new" arguments and allegations Plaintiffs refer to in the Motion to Reconsider are actually new. Plaintiffs do not and cannot contest that the "new" allegations contained in the proposed amended complaint consist of alleged facts, information or arguments that Plaintiffs possessed from the time they filed their CAC through the motion to dismiss briefing. "A proper motion to reconsider does not simply state facts previously available or make arguments previously made." *Amado*, 841 F.3d at 871 (citing *Servants of the Paraclete*, 204 F.3d at 1012).

A Rule 59(e) motion is not appropriate to advance arguments that could have been raised in prior briefing. *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Because all of their "new" allegations could have been included in the CAC or attempted to be raised during the motion to dismiss briefing, Plaintiffs sustain no manifest injustice with regard to the Court's ruling as they already have had a full opportunity to make these allegations. Plaintiffs' attempt to use these allegations and associated arguments in support of their Motion to Reconsider is improper and their motion should be denied on that ground alone.

In *Mason v. Miro Jewelers, Inc.*, No. 19-cv-02459-LTB-KLM, 2020 U.S. Dist. LEXIS 220161, *1 (D. Colo. June 17, 2020), the court granted defendants' motion and dismissed the case with prejudice finding plaintiff failed to plausibly state a claim in her complaint. *Id*. Plaintiff then

4

filed a combined Rule 59(e) motion and a motion for leave to amend her complaint. *Id*. In support

of her Rule 59(e) motion, plaintiff argued that dismissal with prejudice, without the opportunity to

amend her complaint, resulted in manifest injustice. *Id*. at \*3. The court denied plaintiff's Rule

59(e) motion and motion to amend. *Id*. at \*5. The court, citing *Hall v. Bellmon*, 935 F. 2d 1106,

1109-10 (10th Cir. 1991), found that the filing of a motion to dismiss gave plaintiff notice that her

complaint is potentially deficient and the opportunity to amend her complaint to cure the alleged

deficiencies. *Mason*, 2020 U.S. Dist. LEXIS 220161, at \*4. The court also found that if plaintiff

had any grounds to amend, she could have done so after defendants' motion to dismiss was filed

as a matter of right without leave of court. *Id*. Finally, the court concluded that plaintiff's decision

to "stand on the meager allegations of her Complaint, rather than amend her complaint, is not a

sufficient justification to amend [the court's original order of dismissal with prejudice]." *Id*.

Mason parallels the circumstances of the instant lawsuit and is, therefore, instructive.

Plaintiffs here knew, when Frontier first filed its motion to dismiss, that dismissal was a possibility

and that the CAC was potentially deficient. Nonetheless, rather than seeking to amend the CAC at

that time, Plaintiffs opposed Frontier's motion to dismiss and relied upon the allegations of the

CAC. Only after the CAC was dismissed with prejudice did they seek to amend. Further, as noted

above, none of the allegations in their proposed amended CAC reflect any newly-discovered

information. Instead, the new allegations contained in the proposed amended complaint are facts

Plaintiffs could have used to seek to amend the CAC back at the time that Frontier first filed its

motion to dismiss. Plaintiffs elected not to do so and instead opted to rely on the allegations

contained in the CAC.

Consistent with *Mason*, Plaintiffs are not entitled to relief here. As the Court recognized in

*Taylor*, "Plaintiffs rely on evidence that they did not previously submit and do not state that they

261421861v.1

diligently sought this evidence previously, but were unable to obtain it," and "[p]reviously available evidence is not a valid basis for granting relief under Rule 59." *Taylor*, 2014 U.S. Dist. LEXIS 41028, at \*5 (citing *Monge*, 701 F.3d at 611, and *Servants of the Paraclete*, 204 F.3d at 1012). "The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge*, 701 F.3d at 611. Under Rule 59(e), "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020).

Plaintiffs' Motion to Reconsider is "an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Robertson v. Rep Processing, LLC*, No. 19-cv-02910-PAB-NYW, 2021 U.S. Dist. LEXIS 175180, \*3 (D. Colo. Sept. 15, 2021) (quoting *Servants of the Paraclete*, 204 F.3d at 1012). *See also Bartlett v. Palma*, No. 16-cv-00697-PAB-STV, 2018 U.S. Dist. LEXIS 30426, \*4 (D. Colo. Feb. 26, 2018) ("The relief plaintiff seeks is particularly disfavored because the 'amendment is not based on new evidence' and would, instead, simply be the presentation of allegations that were 'readily available' prior to the entry of judgment.") (citing *Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1205-06 (10th Cir. 2004)). A "motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (quoting *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018)). *See also Tso v. Murray*, No. 17-cv-02523-PAB-STV, 2019 U.S. Dist. LEXIS 134963, \*6 (D. Colo. Aug. 9, 2019) (same)). "Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Id.* at \*3, 14 (rejecting reconsideration request "to correct clear error in the orders or to prevent manifest injustice" as the Court "finds no clear error because it is not left with the definite

6

and firm conviction that it has made a mistake").

In addition to the impropriety of reopening the lawsuit, there is no basis to alter the Court's judgment. Plaintiffs argue that the lawsuit should be reopened to allow the Court to alter the dismissal with prejudice to a dismissal without prejudice, as the dismissal with prejudice was improper and caused them manifest injustice. However, the Court's entry of a dismissal with prejudice was proper.

As a threshold matter, a federal court's decision to dismiss a lawsuit with prejudice or without prejudice is soundly within court's discretion. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). Indisputably, the Court did not abuse its discretion in deciding to dismiss the CAC with prejudice in light of the facts before it, and Plaintiffs make no argument to the contrary. A court may dismiss a complaint with prejudice where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)). The futility of Plaintiff's proposed amendments is discussed below. As Plaintiffs' proposed amendments highlight, Plaintiffs cannot truthfully allege additional allegations to make their complaint viable. The Court correctly dismissed the CAC with prejudice.

Plaintiffs cite *Stender v. Cardwell*, No. 07-cv-02503-REB-MJW, 2009 WL 3158134, *2 (D. Colo., Sept. 28, 2009), but that case does not hold that a court should uniformly grant Rule 59(e) motions to change a dismissal from "with prejudice" to "without prejudice" as Plaintiffs suggest. Instead, the *Stender* court determined, looking only at plaintiffs' initial complaint rather than a proposed amendment, that it was conceivable for plaintiffs to state a viable claim. *Id.* at *12. That is not the case here, as the Court made clear in its decision. Further, as discussed more fully below, there are no plausible means by which Plaintiffs can cure the pleading defects in the CAC.

Consequently, *Stender* is distinguishable.

Plaintiffs also cite *Spitzer v. IBM Credit, LLC*, No. 18-cv-02055-MSK-NYW, 2019 WL 427691, \*5 (D. Colo., Feb. 4, 2019) and *Decker v. 'Murica, LLC*, No. 19-cv-00104-MSK-SKC, 2020 WL 491188, \*4 (D. Colo., Jan. 30, 2020) for the proposition that a party can file a Rule 59(e) motion if it believes it can adequately plead facts in an amended complaint. However, unlike the instant lawsuit, neither of those cases involved a dismissal *with* prejudice, rendering them inapplicable here.

As Plaintiffs have merely raised allegations that they could have previously pled and because the Court did not abuse its discretion in dismissing Plaintiffs' claims with prejudice, Plaintiffs' Motion to Reconsider is properly denied.

### III.   The Court Should Not Grant Plaintiffs' Motion to Reconsider and Provide Leave to Amend the CAC.

Allowing Plaintiffs to amend the CAC would not serve the interests of justice.  Although a court may allow amendment of the pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), the grant or denial of an opportunity to amend is within the discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Denying leave to amend is justified upon a showing of: (1) undue delay; (2) undue prejudice to the opposing party; (3) bad faith or dilatory motive; (4) failure to cure deficiencies by amendments previously allowed; or (5) futility of amendment.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Here, Plaintiffs plead little by way of new substantive factual allegations, all of which they could have previously asserted, and instead simply plead arguments and legal conclusions asserted, for the first time, in their Motion to Reconsider. Further, Plaintiffs' proposed amended CAC, which was already an amended complaint that superseded the complaints and amended complaints filed in the six consolidated cases, demonstrates a futility of amendment. Thus, even if Plaintiffs had met their significant

burden to demonstrate the Court should grant reconsideration, their requested leave to amend need not be granted in this instance.

The Court had already made it clear that amendment would be futile when it dismissed the CAC with prejudice. Thus, Plaintiffs' attempt to now amend the CAC is futile because the new allegations in the proposed amended CAC are still insufficient to state a claim for relief. Where a proposed pleading, "as amended, would be subject to dismissal, leave to amend need not be granted." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (quotation omitted). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim" pursuant to Rule 12(b)(6). *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). The new allegations contained within the proposed amended CAC fail to state a claim for breach of contract or any other cause of action.

Plaintiffs add no new substantive factual allegations regarding either Plaintiffs Johnson or Porreca.[1] *See* Proposed Am. CAC, ECF No. 96-1, ¶¶ 15-17, 23-25. Rather, Plaintiffs reformulate their arguments regarding novation into new allegations in the proposed amended CAC.[2] *Id.* ¶¶ 77-83. However, this ignores the fact that Frontier's Contract of Carriage, which governs the parties' relationship and is publicly available for all consumers, states the time period for use of travel credits. CAC Ex. 1, 2 § 9.A.1 ("If a passenger cancels a ticket before the scheduled flight departure

---

[1] Plaintiffs do not seek to revive the claims of Plaintiffs Rivera-De Leon, Muters, Powell or Capra.

[2] Apparently, Plaintiffs have taken this Court's decision to not address a novation claim that was raised for the first time in their opposition to Frontier's motion to dismiss as an invitation to amend the CAC. Of course, this is belied by the fact that the Court dismissed the CAC with prejudice. *See In re HomeAdvisor, Inc. Litig.*, 491 F. Supp. 3d 879, 903 (D. Colo. 2020) ("Dismissal with prejudice would, effectively, deny the plaintiffs any further opportunity to amend their complaint as to the claims dismissed with prejudice.").

9

time, the value of the ticket less a service fee will be retained for 90 days from the date of cancellation of the ticket in the form of an electronic credit."). The alleged email included in the proposed amended CAC contains a link that takes a customer to a Frontier website that provides in pertinent part: "All changes and cancellations are subject to the Ticket Terms and Conditions and Contract of Carriage." Proposed Am. CAC, ECF No. 96-1, ¶ 69 ("For more about this offer, click here.") (link directs customer to https://www.flyfrontier.com/travel/travel-info/change-policy/ (last visited Oct. 20, 2021)). And this website itself contains a link to the Contract of Carriage. *Id.* Plaintiffs do not cite any court that has endorsed the proposition that an email from an airline advising consumers of their rights to cancel a flight had to include every aspect of the travel credit when the airline's contract of carriage already did, much less that such an email warrants a court judicially crafting a new contract that replaces the airline's contract of carriage that expressly addresses travel credit. Thus, any amendment of the proposed CAC is futile because Plaintiffs' proposed new cause of action for novation is facially insufficient.

Allowing Plaintiffs to amend the CAC based on the additional allegations related to Plaintiff Bone would be futile because Plaintiffs still fail to sufficiently plead a breach of contract. Plaintiffs merely allege that Plaintiff Bone "did not ***knowingly*** accept either a 'schedule change' or a 'full travel credit'" and that "[t]o ***Plaintiff Bone's knowledge***, Frontier never rebooked him on alternate flights." Proposed Am. CAC, ECF No. 96-1, ¶¶ 20, 21 (emphasis added). The only reasonable interpretation of Plaintiffs' curiously worded allegations is that Plaintiff Bone still may have accepted a schedule change or full travel credit or Frontier may have rebooked him on alternate flights, but for some reason he no longer recalls and does not know if this happened and cannot plead with any certainty that he did not accept a change or that Frontier did not rebook him

on an alternate flight. Stated otherwise, Plaintiffs are speculating as to whether the contract was breached. Such conjecture does not warrant amendment.

Further, Plaintiff Dickstein still fails to adequately allege a breach of contract.  In the proposed amended CAC, he alleges that Frontier cancelled his flight, rebooked him on a different flight, and that he subsequently cancelled that rebooked flight. Proposed Am. CAC, ECF No. 96-1, ¶¶ 26, 27. And while Plaintiffs allege that "[n]o reasonable interpretation of the Contract would permit Frontier the discretion to determine that a 12-hour modification was insignificant," *id*, at ¶ 28, Plaintiffs do not contest that the plain language of § 18.C of the Contract of Carriage allowed Frontier to rebook him in lieu of a refund, or that Frontier actually determined that the schedule change was significant. CAC Ex. 1, 2 § 18.C. Without such allegations, he does not plead facts sufficient to allege a breach of contract.

Because Plaintiffs have failed to demonstrate that their proposed amendments state a claim upon which relief can be granted, their requested amendment is futile, and this Court should exercise its discretion to deny Plaintiffs' Motion to Reconsider.

## CONLUSION

The relief sought by Plaintiffs is unwarranted and their Motion to Reconsider should be denied in its entirety. Plaintiffs' attempt to utilize a Rule 59(e) motion to reopen this case and alter the judgment properly entered by the Court fails because Plaintiffs do not meet their burden to show reconsideration is appropriate. Motions to reconsider may *not* rely on pre-existing alleged facts and arguments and Plaintiffs cite to no new facts and arguments that they did not possess at the time they filed the CAC or during the motion to dismiss briefing. Moreover, Plaintiffs have failed to demonstrate that any "manifest injustice" will occur should the Court's dismissal with prejudice remain in place, a dismissal that was validly made within the Court's discretion. Finally,

261421861v.1

Plaintiffs have failed to present a justifiable basis for their request for leave to file an amended CAC as Plaintiffs' proposed amendments are futile in that they fail to remedy the specific pleading deficiencies the Court identified in dismissing this action with prejudice.

Accordingly, and for the foregoing reasons, Frontier respectfully requests that the Court deny Plaintiffs' Motion to Reconsider and decline to reopen the case, to alter the judgment, or to grant leave to amend the CAC.

Dated: October 27, 2021                                    Wilson Elser Moskowitz Edelman & Dicker, LLP

By:  /s/ David M. Ross

| William J. Katt, Esq. | Patrick J. Kearns, Esq. | David M. Ross, Esq. | Jason D. Melichar, Esq. |
|---|---|---|---|
| 740 N. Plankinton Avenue | 401 West A Street | 1500 K Street, NW | 1225 17th Street |
| Suite 600 | Suite 1900 | Suite 330 | Suite 2750 |
| Milwaukee, WI 53203 | San Diego, CA 92101 | Washington, DC 20005 | Denver, CO 80202 |
| (414) 276-8816 | (619) 321-6200 | (202) 626-7660 | (303) 572-5300 |
| (414) 276-8819 (fax) | (619) 321-6201 (fax) | (202) 626-3606 (fax) | (303) 573-5301 (fax) |
| KattW@wilsonelser.com | KearnsP@wilsonelser.com | RossD@wilsonelser.com | MelicharJ@wilsonelser.com |

*Attorneys for Defendant Frontier Airlines, Inc.*

12

261421861v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendant Frontier Airlines, Inc.'s Opposition to Plaintiffs' Motion to Reopen Case to Alter Judgment and Allow Plaintiffs Leave to File an Amended Complaint was served on all counsel of record via ECF this 27th of October 2021.

/s/ *David M. Ross, Esq.*
David M. Ross, Esq.

261421861v.1