UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01153-PAB-KLM

(Consolidated with Civil Actions Nos. 20-cv-01340-RM-RNR; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC)

In re: FRONTIER AIRLINES LITIGATION

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REOPEN CASE TO ALTER JUDGMENT AND ALLOW PLAINTIFFS LEAVE TO FILE AN AMENDED CONSOLIDATED COMPLAINT**

In its Opposition ("Opp." Dkt. 97), Defendant makes little substantive challenge to Plaintiffs' Motion to Reopen ("Mot.," Dkt. 96). Instead, Defendant attempts to recast Plaintiffs' Motion as an effort to have the Court reconsider all issues it decided in its Order dismissing Plaintiffs' claims (Dkt. 94). Plaintiffs' Motion, however, is not focused on repackaging their existing allegations in hopes that the Court will revisit its analysis of the entire Consolidated Class Action Complaint ("CAC" Dkt. 62). Instead, Plaintiffs seek the specific, limited relief of altering the dismissal of Plaintiffs' claims to be without prejudice to allow Plaintiffs to file their proposed amended complaint. The proposed amended complaint directly addresses the correctable deficiencies that the Court identified in its Order. Such relief is necessary to prevent manifest injustice, namely that Plaintiffs' claim against Defendant will be terminated before receiving all due consideration required under the law. The Court should grant the Motion, reopen this matter, and grant Plaintiffs leave to file the proposed amended complaint.

**I.  Manifest Injustice Will Result if the Court Does Not Reopen This Matter and Alter Its Judgment**

The parties agree that the alternative bases for granting a motion to reopen and alter judgment are (1) an intervening change in the controlling law, (2) new evidence previously

unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See* Opp. at 3-4. Defendant acknowledges that Plaintiffs' Motion rests on the third ground for reopening: relief is necessary to prevent manifest injustice. Opp. at 3-4. Despite that, Defendant argues that Plaintiffs' purported failure to offer new evidence that was previously unavailable somehow disqualifies them from obtaining relief to prevent manifest injustice. Defendant's position is meritless, as Plaintiffs seek relief under the third grounds, not the second.

Manifest injustice is frequently defined as an error that is direct, obvious, and observable, *see e.g.*, *Petrie v. GoSmith, Inc.,* 18-cv-01528-CMA-MEH, 2019 WL 3215983, at *4 (D. Colo. July 17, 2019); *Nichols v. Federal Bureau of Prisons,* 09-cv-00558-CMA-CBS 2010 WL 4932670, at *2 (D. Colo. Nov. 30, 2010), and which results in substantial prejudice to an aggrieved party. *See Hicks v. Johnson*, 755 F.3d 738, 743 (1st Cir. 2014) (manifest injustice results from lower court order that "resulted in substantial prejudice to the aggrieved party"). Such prejudice includes when a party is denied proper consideration of their claims. *Etemadi v. Garland*, 12 F.4th 1013, 1020 (9th Cir. 2021) (petitioner "will suffer a manifest injustice because no adjudicator has given his claim the consideration required by law.").

Here, the error is direct, clear and observable: dismissal of Plaintiffs' claims with prejudice. Indeed, Defendant does not contest that fact.

Further, Plaintiffs stand to suffer manifest injustice to the extent that their claim will not be given due consideration if their entire case is extinguished without an opportunity to amend. This point is underscored by a case that Defendant relies on: *Mason v. Miro Jewelers, Inc*., 19-cv-02459-LTB-KLM, 2020 WL 6828014 (D. Colo. June 17, 2020). Opp. at 4-5. In *Mason,* the court observed that the plaintiff had alternate avenues for relief, stating, "[i]t should be noted that [p]laintiff is not denied all relief by dismissal with prejudice of the claims against Mr. Miro. She

2

may still pursue claims against Defendant Miro Jewelers, Inc." *Mason,* 2020 WL 6828014, at *2. In essence, the *Mason* Court found that, because the plaintiff still had an opportunity to pursue her claims against one of the defendants, she could not demonstrate manifest injustice. In contrast, here, Plaintiffs enjoy no such luxury as there is only one Defendant (Frontier Airlines, Inc.) against which Plaintiffs' contract claims can be brought. If the Court's Order of dismissal with prejudice is not corrected, Plaintiffs will no longer be able to pursue their claims and will not be given an opportunity to correct deficiencies that the Court identified. Accordingly, contrary to Defendant's contention, *Mason* supports Plaintiffs' assertion that manifest injustice will result if the Court does not reopen the judgment to alter the Order.

Moreover, Defendant offers no support for its blanket assertion that "[b]ecause all of their [Plaintiffs'] 'new' allegations could have been included in the CAC or attempted to be raised during the motion to dismiss briefing, Plaintiffs sustain no manifest injustice." Opp. at 4. This proposition is not only unmoored from the facts of this case, but also conflates two of the grounds for granting a Rule 59(e) motion. The Court may grant the relief sought here to prevent manifest injustice **_or_** if there is new evidence that was previously unavailable. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-CV-00970-PAB-KMT, 2014 WL 4057118, at *1 (D. Colo. Aug. 14, 2014) ("Relief under Rule 59 is warranted where a party can show '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice.'") (quoting *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000)) (modifications in original).

Defendant's cases do not even address the manifest injustice grounds, or are inapposite to the posture of Plaintiffs' claims. *See, e.g.*, *United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016) (sentencing appeal case that did not address Rule 59 or manifest injustice); *Servants of*

3

*Paraclete*, 204 F.3d at 1012 (addressing the standard for a motion to reconsider without addressing clear error or manifest injustice); *Taylor v. Colorado Department of Health Care Policy and Financing*, 12-cv-00300-PAB-KMT, 2014 WL 1287214, at *2 (D.Colo. Mar. 27, 2014) (denying the motion asserting the court "misapprehended" the allegations because plaintiffs relied on new evidence but failed to state that they diligently sought this evidence previously, but were unable to obtain it); *Monge v. RG Petro-Machinery (Group) Co. Ltd.,* 701 F.3d 598, 612 (10th Cir. 2012) (district court did not abuse its discretion in finding that testimony was not newly discovered evidence); *Bartlett v. Palma*, 16-cv-00697-PAB-STV, 2018 WL 1046788, at *2 (D. Colo. Feb. 26, 2018) (Plaintiff sought "third bite at the apple" but provides "no indication of what factual allegations she could use to state a federal claim" and "neither provides a proposed second amended complaint nor refers to any facts that she could have alleged but did not"); *Banister v. Davis,* 140 S.Ct. 1698, 1705 (2020) (addressing whether Rule 59(e) motion to alter or amend a habeas court's judgment counts as a second or successive habeas application); *Robertson v. REP Processing, LLC*, 19-cv-02910-PAB-NYW, 2021 WL 4197442, at *5 (D. Colo. Sept. 15, 2021) (rejecting plaintiffs' attempts to have the court reconsider its prior analysis of facts and law implicated in motion to compel arbitration and motion to strike).

None of these cases provide an appropriate analog to this matter, where Plaintiffs seek for the Court to alter the Order to be without prejudice to allow Plaintiffs to file their proposed amended complaint to address the pleading deficiencies that the Court identified.

## II.     Under the Circumstances Leave to Amend Should be Granted

Defendant is wrong when it asserts that the Court has "already made it clear that amendment would be futile" or that there are "no plausible means by which Plaintiffs can cure the pleading defects in the [CAC]." Opp. at 7. To the contrary, in neither the Order nor the Final

4

Judgment did the Court affirmatively state that amendment would be futile or that Plaintiffs' claims could not be plausibly plead regardless of the factual allegations. Indeed, in dismissing Plaintiffs' breach of contract claim, the Court identified correctable pleading deficiencies with respect to Plaintiffs Bone and Dickstein, which Plaintiffs highlighted in their Motion and which they explicitly addressed in its proposed amended complaint. *See* Mot. at 3; proposed amended complaint, Dkt. 96-1, at ¶¶ 20-22, 28, 30, 65.

Further, Plaintiffs' amendment properly includes additional allegations concerning the novation theory. *See* Dkt. 96-1, at ¶¶ 15-17, 23-25, 77-83. Despite the Defendant's assertions to the contrary, Plaintiffs' novation argument is not a "new cause of action" and was not "raised for the first time in their opposition to Frontier's motion to dismiss." Opp. at 9 nn.2, 10. In the CAC, Plaintiffs alleged in the alternative "that by inducing customers to cancel their reservations with the offer of a travel credit and a voucher, Frontier entered into a new agreement with its customers and the unilateral imposition of a 90-day expiration date on the travel credits offered was not a term of Frontier's offer and formed no part of any agreement made." CAC at ¶ 125. Yet Defendant never addressed this allegation in its motion to dismiss, and the Court declined to consider the argument in the Order. Order at 19 n.8. Thus, the Court did not dismiss with prejudice Plaintiffs' breach of contract claim under the novation theory, contrary to Defendant's assertion. Opp. at 9, n.2 (citing *In re HomeAdvisor, Inc. Litig.*, 491 F. Supp. 3d 879, 903 (D. Colo. 2020)). Accordingly, to the extent Plaintiffs' novation argument was raised in the Complaint but left unaddressed in Defendant's motion to dismiss and the Court's Order, Plaintiffs' should be entitled to include these allegations in their proposed amendment to pursue this theory.

The allegations in Plaintiffs' proposed amended complaint are proper because they are directly responsive to the deficiencies the Court identified and are otherwise proper in light of the

scope of the Court's Order.  Defendant cannot contest that, but, instead, tries to cast doubt on the sufficiency of the pleading and attempts to impose its own inferences on these allegations.  For instance, Defendant foists its own "interpretation" of what it called Plaintiffs' "curiously worded allegations" with respect to Plaintiff Bone. Opp. at 10-11. Separately, Defendant argues that the novation claim is insufficient because the email cited in the proposed amended complaint includes a link to Frontier's website, which contains a copy of the Contract of Carriage. *Id.* at 10.  Notably, Defendant does not, and cannot, claim that the Contract of Carriage *itself* is mentioned or linked in the email.

Defendant's counter-inferences are improper.  In evaluating Plaintiffs' claims, the Court must accept as true all well-pled factual allegations, view those allegations in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor.  *Pensford Financial Group, LLC v. 303 Software, Inc*., 1:18-cv-03286-RM-SKC, 2020 WL 376496, at *1 (D.Colo. Jan. 23, 2020); The allegations in the proposed amended complaint plausibly allege that Defendant violated its contract.

Permitting amendment here comports with the common judicial practice to grant leave to amend at least once after a dismissal for failure to state a claim. Wright, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.) (internal footnotes omitted).  Such a practice calls for "at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief." *Id.*; *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) ("[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision

on the merits") (internal citations and quotations omitted); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 523 (7th Cir. 2015) ("[a] plaintiff who receives a Rule 12(b)(6) motion and who has good reason to think the complaint is sufficient may also choose to stand on the complaint and insist on a decision without losing the benefit of the well-established liberal standard for amendment with leave of court under Rule 15(a)(2).").

Upon granting Plaintiffs' Motion to Reopen, the Court should grant Plaintiffs leave to amend to permit them to file the proposed amended complaint.

### III. Conclusion

WHEREFORE, the Court should grant Plaintiffs' Motion to Reopen to alter the Court's September 13, 2021 Judgment to dismiss Plaintiffs' claims without prejudice, and grant Plaintiffs leave to amend to file their proposed amended complaint.

Dated: November 10, 2021                                             Respectfully submitted,

| */s/ Jamie Hubbard* | */s/ Bryan L. Clobes* | */s/ Shanon J. Carson* |
|---|---|---|
| Kathryn J. Stimson | Bryan L. Clobes | Shanon J. Carson |
| Jamie Hubbard | CAFFERTY CLOBES | BERGER MONTAGUE PC |
| STIMSON STANCIL LABRANCHE HUBBARD, LLC | MERIWETHER & SPRENGEL LLP | 1818 Market Street Suite 3600 |
| 1652 Downing Street | 205 N. Monroe St. | Philadelphia, PA 19103 |
| Denver, CO 80218 | Media, PA 19063 | Tel: 215-875-3000 |
| Tel: 720-689-8909 | Tel: 215-864-2800 | scarson@bm.net |
| stimson@sslhlaw.com | bclobes@caffertyclobes.com | *Interim Co-Lead Counsel* |
| hubbard@sslhlaw.com | *Interim Co-Lead Counsel* | |
| *Interim Liaison Counsel* | | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November 2021, a true and correct copy of the foregoing *Plaintiffs' Reply in Support of Motion to Reopen Case to Alter Judgment and Allow Plaintiffs Leave to File an Amended Consolidated Complaint* was filed with the Clerk of Court via the CM/ECF filing system, which will send notification of such filing to all CM/ECF registrant(s) who have entered an appearance in this case.

/s/ Brenda Rodriguez