IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-PAB-KLM; 20-cv-01518-PAB-KLM; 20-cv-01689-PAB-KLM; 20-cv-01751-PAB-KLM; and 20-cv-01837-PAB-KLM)

In re FRONTIER AIRLINES LITIGATION

# ORDER

This matter is before the Court on Plaintiffs' Motion to Reopen Case to Alter Judgment and Allow Plaintiffs Leave to File an Amended Consolidated Complaint [Docket No. 96]. Defendant Frontier Airlines, Inc. ("Frontier") responded. Docket No. 97. Plaintiffs replied. Docket No. 98.

## I. BACKGROUND

The background facts and procedural history are set forth in the Court's September 13, 2021 order granting Frontier's Motion to Dismiss Consolidated Class Action Complaint [Docket No. 63], Docket No. 94, and will not be repeated here except as necessary to resolve plaintiffs' motion.

This case deals with passengers who booked airline tickets with Frontier and whose flights were cancelled. Plaintiffs alleged that Frontier did not fulfill its obligations to provide refunds, but instead provided travel vouchers that expired after 90 days and that were worthless during the COVID-19 pandemic due to travel restrictions and limited routes. Docket No. 62 at 3, ¶¶ 8–9. Frontier also allegedly encouraged passengers to cancel their own flights preemptively in exchange for travel credit and an additional voucher, but Frontier failed to disclose that, if the passengers simply waited for Frontier

to cancel the flights, Frontier would have been obligated to provide a full monetary refund.  *Id.* at 4, ¶ 11.  Moreover, when customers chose to preemptively cancel their flights, Frontier did not refund them, through a travel credit or otherwise.  *Id.* at 21, ¶ 91.

The Court previously considered two groups of plaintiffs, those who cancelled their own flights – Nelcy Rivera-De Leon, Stephanie Muters, Danielle Porreca, and Kelli Capra – and those whose flights Frontier cancelled – Jeffrey Bone, ChaCha Powell, and Daniel Dickstein.  *See* Docket No. 94 at 16–24.  As to the first group of plaintiffs, the Court found that Frontier's Contract of Carriage ("Contract") did not require those who cancel their own flights prior to departure to be issued a monetary refund.  *Id.* at 17.  Rather, the Court noted that the Contract states, "[i]f a passenger cancels a ticket before the scheduled flight departure time, the value of the ticket less a service fee will be retained for 90 days from the date of cancellation of the ticket in the form of an electronic credit."  *Id.* at 17–18 (quoting Docket No. 62-1 at 12, § 9(A)(1)).  Therefore, the Court found no breach.  The Court also found no "prevention or hindrance" in Frontier's sending emails allegedly intending to dissuade plaintiffs from securing a refund because plaintiffs failed to explain what term of the Contract they were supposedly impeded from performing.  *Id.* at 18.  The Court did not find that plaintiffs were prevented from requesting a refund because some of the plaintiffs did request a refund and others did not allege that they were unable to.  *Id.*  Plaintiffs also failed to establish what expectations they believe Frontier interfered with.  *Id.* at 19.

As to the second group of plaintiffs, the Court noted two relevant provisions of the Contract.  *Id.* at 20.  First, Section 18(C), which states, in part, "if a passenger's

flight is canceled," Frontier will, "to the extent possible," provide alternative transportation or, if Frontier cannot do so, it will, if requested, provide a refund for the unused portion of the passenger's ticket.  Docket No. 62-1 at 21, § 18(C).  Second, Section 18(E), which states that, if a flight schedule change is significant, Frontier may, at its discretion, refund the cost of the unused portion of the ticket.  *Id.* at 22, § 18(E).

In response to Frontier's motion, plaintiffs argued that Frontier breached the Contract when it cancelled plaintiff Bone's flight and refused to request a refund.  Docket No. 68 at 9–10.  The Court found, however, that Bone did not allege that he refused the scheduled change and did not take a new flight, that Frontier could not provide alternative transportation such that it was obligated to refund Bone's ticket, or that the new flight was a "significant" change, permitting Frontier to exercise its discretion to refund the ticket.  Docket No. 94 at 21.

The Court also found that the allegations regarding plaintiff Powell failed to plausibly establish that Frontier beached the Contract.  *Id.* at 22.  The allegations were that Frontier sent emails encouraging Powell to cancel her reservations, cancelled "at least one" of her flights, and refused to provide a refund after claiming that she had already accepted the travel credit.  Docket No. 62 at 9, ¶ 37.  The Court found these allegations insufficient because plaintiffs did not allege which flight Frontier cancelled, whether Frontier was able to provide alternative transportation, or, if so, whether the route change was so significant that Frontier may have exercised its discretion to refund her ticket.  Docket No. 94 at 22.

Finally, as to plaintiff Dickstein, the Court found that he had plausibly alleged that a schedule modification was "significant"; however, the Court found Dickstein's

3

allegations insufficient to plausibly establish that Frontier had breached the contract because plaintiffs provided no allegations regarding Frontier's discretion in providing a refund, even assuming a significant schedule change. *Id.* at 23–24.

## II. LEGAL STANDARD

Plaintiffs bring this motion pursuant to Federal Rule of Civil Procedure 59(e). Docket No. 96 at 1. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 92, 92 (10th Cir. 1962). In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1–2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *Cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("[A] motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."). Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## III. ANALYSIS

Plaintiffs invoke Rule 59(e) to ask the Court to reconsider the portion of the Court's order dismissing their breach-of-contract claim with prejudice so that they may file a new amended complaint. Docket No. 96 at 1, 3. Plaintiffs seek to include additional allegations regarding plaintiffs Bone, Dickstein, Johnson, and Porreca. *Id.* at 4. For instance, plaintiffs propose adding allegations that Bone did not knowingly accept a schedule change and that Frontier was unable to provide him with comparable alternative transportation to his brother's wedding and therefore owed him a refund. *Id.* at 4–5. As to Dickstein, plaintiffs seek to add additional allegations to make clear that Frontier's schedule modification was "significant" and that his cancellation of that reservation "constituted a rejection of the alterative travel method . . . and triggered the company's obligation" to provide a refund. *Id.* at 5. As to plaintiffs Johnson and Porreca, plaintiffs seek to add allegations that Frontier's email communications were intended to entice Johnson and Porreca to cancel their original flights in order to re-book their flights and that these communications created a "new" contract that was eventually breached. *Id.* Plaintiffs argue that, pursuant to Rule 59(e), the Court should reconsider its dismissal with prejudice and that they should be granted leave to add

these new allegations.  *Id.* at 5–6.

Frontier highlights that plaintiffs' consolidated class action complaint superseded an earlier complaint, which itself superseded the individual complaints filed in the six consolidated cases.  Docket No. 97 at 2.  Moreover, plaintiffs chose to oppose Frontier's motion to dismiss instead of seeking to amend their complaint.  *Id.*  Frontier argues that plaintiffs should not be given yet another attempt to set forth plausible allegations because the allegations that plaintiffs seek to add were available to plaintiffs when they filed their consolidated class action complaint in January 2021.  *Id.* at 3.

As an initial matter, Frontier is not entirely correct in its description of the pleadings in this case.  Although the operative complaint, Docket No. 62, is the third complaint on the docket, it was the first complaint filed after the Court consolidated six separate cases.  Nevertheless, Frontier's general point is well-taken.  The operative complaint represents the second time – and, in one instance, the third time – plaintiffs have pled allegations about most of the plaintiffs in this case.

As the Court has previously noted, courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  *Cf. Alpenglow Botanicals*, 894 F.3d at 1203.  Here, plaintiffs claim that the Court's order dismissing their claim with prejudice was erroneous because amendment would not be futile; however, they base this argument on purportedly new allegations that they wish to add to a potential amended complaint.  Docket No. 96 at 3–6 (citing Docket No. 96-1).  Plaintiffs also argue that reopening the case is necessary to prevent manifest injustice.  *Id.* at 4.

Plaintiffs' arguments are without merit. The allegations that plaintiffs propose to add in an amended complaint all concern events that occurred in 2020. *See generally* Docket No. 96-1. The facts that underlie these allegations were clearly available to plaintiffs when plaintiffs filed their most recent complaint in January 2021, and plaintiffs provide no explanation for why these allegations were not included in that complaint. *See Bartlett v. Palma*, 16-cv-00697-PAB-STV, 2018 WL 1046788, at *2 (D. Colo. Feb. 26, 2018) ("The relief plaintiff seeks is particularly disfavored because the 'amendment is not based on new evidence' and would, instead, simply be the presentation of allegations that were 'readily available' prior to the entry of judgment." (quoting *Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1206 (10th Cir. 2004)). As such, the Court finds reconsideration is unwarranted on that ground. *See Servants of the Paraclete*, 204 F.3d at 1012 (motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion.").

Moreover, the Court finds no error in its order dismissing plaintiffs' claim with prejudice. First, plaintiffs had the opportunity to amend their complaint, without leave of Court, following to Frontier's motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). In other words, Frontier's motion gave "plaintiff[] notice that [their] complaint [wa]s potentially deficient and the opportunity to amend [their] complaint to cure the alleged deficiencies." *Ostler v. Buhler*, 30 F. 3d 142, 1994 WL 408124, at *2 (10th Cir. Aug. 3, 1994) (unpublished). Plaintiffs chose instead to stand on their allegations. "As such, the question of amendment (and, thus, futility) was not an issue." *Mason v. Miro*

*Jewelers, Inc.*, 19-cv-02459-LTB-KLM, 2020 WL 6828014, at *1 (D. Colo. June 17, 2020).

Second, a dismissal under Federal Rule of Civil Procedure 12(b)(6) is generally a dismissal with prejudice. *See Higgins v. City of Tulsa*, 103 F. App'x. 648, 651 (10th Cir. 2004) (unpublished); *Ostler*, 1994 WL 408124, at *2 ("A dismissal for failure to state a claim is a resolution on the merits and, therefore, is with prejudice."). Although "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile," *Brereton v. Bountiful City Corp.*, 434 F. 3d 1213, 1219 (10th Cir. 2006), it does not follow that the Court must find, "absent a motion or request to amend[,] that any amendment to the complaint would be futile before dismissing a case with prejudice pursuant to Rule 12(b)(6)." *Mason*, 2020 WL 6828014, at *2. The Court, therefore, does not find reconsideration of the September 13, 2021 order to be warranted and will deny plaintiffs' motion.

The Court's analysis is not changed by the two main cases that plaintiffs rely upon. In *Stender v. Cardwell*, No. 07-cv-02503-REB-MJW, 2009 WL 3158134, at *2 (D. Colo. Sept. 28, 2009), Judge Edward W. Nottingham ordered the parties to arbitrate a portion of the breach-of-contract claim, stayed the remainder of the case, and ordered that any final judgment would dismiss plaintiffs' non-arbitrable breach-of-contract claims with prejudice. On reconsideration, Judge Robert E. Blackburn found that the dismissal should have been without prejudice because "plaintiffs may [have been] able to correct the referenced pleading defects." *Id.* at *4. However, in *Stender*, Judge Nottingham dismissed the claims before plaintiffs had a chance to amend their complaint to correct

pleading deficiencies. *Id.* at *5. By contrast, plaintiffs in this case have had multiple chances to provide plausible allegations, both before and after consolidation.

Plaintiffs also rely on *Spitzer v. IBM Credit, LLC*, 18-cv-02055-MSK-NYW, 2019 WL 427691, at *5 (D. Colo. Feb. 4, 2019). However, in that case, the court "exercise[d] its discretion to not reflexively grant leave to the Spitzers to file an Amended Complaint," even though the defects in the plaintiffs' complaint "could, arguably, be cured by a sufficiently-pled Amended Complaint." *Id. Spitzer*, therefore, is not helpful to plaintiffs.

In reply, plaintiffs stress that reopening the case is necessary to prevent manifest injustice. *See generally* Docket No. 98. In their motion, however, plaintiffs mention manifest injustice only in passing. *See* Docket No. 96 at 4. The Court is not inclined to consider plaintiffs' injustice argument for that reason. *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived."); *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (quoting *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994)). Moreover, the Court does not consider issues raised for the first time in reply. *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("[A] party waives issues and arguments raised for the first time in a reply brief." (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)). Nor does the Court find plaintiffs' injustice argument convincing. Plaintiffs claim that they will suffer manifest injustice because their case is "extinguished without an opportunity

to amend." Docket No. 98 at 2. However, the finality that comes with a dismissal with prejudice is standard in a dismissal on the merits  *Ostler*, 1994 WL 408124, at *2 ("A dismissal for failure to state a claim is a resolution on the merits and, therefore, is with prejudice.").

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Motion to Reopen Case to Alter Judgment and Allow Plaintiffs Leave to File an Amended Consolidated Complaint [Docket No. 96] is **DENIED**.

DATED March 1, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge